## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| MADISYN STAUFFER, on behalf of herself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) No. 3:20-cv-00046 |
| vs. | ) ) ) |
| INNOVATIVE HEIGHTS FAIRVIEW HEIGHTS, LLC | ) ) ) |
| and | ) ) |
| PATHFINDER SOFTWARE, LLC d/b/a CENTEREDGE SOFTWARE, LLC, | ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332(d), 1441, 1446, and 1453(b), Defendant Pathfinder Software, LLC d/b/a CenterEdge Software, LLC ("Pathfinder") hereby removes this action from the Circuit Court of St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois, East St. Louis Division. As explained below, this putative class action is subject to the Court's jurisdiction under §1332(d)(2) because minimal diversity exists and the amount placed in controversy by the putative class members' claims exceeds $5,000,000 exclusive of interest and costs.

## BACKGROUND AND TIMELINESS

1. On April 29, 2019, Plaintiff Madisyn Stauffer ("Plaintiff"), individually and on behalf of all others similarly situated (the "putative class members"), initiated this civil lawsuit against Defendant Innovative Heights Fairview Heights, LLC ("Innovative Heights") in the

Circuit Court of St. Clair County, Illinois. *Stauffer v. Innovative Heights Fairview Heights, LLC,* No. 19-L-0311 (Ill. Cir. Ct. Apr. 29, 2019) (the "State Court Action").

2. On November 19, 2019, Plaintiff filed a Motion for Leave to Amend her Complaint, noting that discovery had revealed that she had a cause of action against a previously unnamed party, namely, Pathfinder. *See* Exhibit A, Motion for Leave to Amend Complaint.[1]

3. On November 25, 2019, the Circuit Court of St. Clair County, Illinois granted leave to amend the complaint. *See* Exhibit A, Order of November 25, 2019.

4. On November 27, 2019, Plaintiff filed the First Amended Class Action Complaint ("First Amended Complaint"), which named Innovative Heights and – for the first time – Pathfinder as Defendants. *See* Exhibit A, First Amended Class Action Complaint.

5. Pathfinder's registered agent received a copy of the First Amended Complaint by U.S. mail on December 11, 2019. *See* Exhibit B, Declaration of Grey Burnett at ¶3.

6. This Notice of Removal is timely filed because it is filed within thirty (30) days of the date that Pathfinder received notice of the initial pleading, in compliance with 28 U.S.C. §1446(b)(1) and Fed. R. Civ. P. 6(a).

7. Pursuant to 28 U.S.C. § 1446(a), the relevant pleadings from the State Court Action are attached hereto as Exhibit A.

## CLAIMS ASSERTED AND RELIEF SOUGHT

8. Plaintiff alleges that Innovative Heights and Pathfinder have violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), by scanning her fingerprints for timekeeping and other purposes. *See* Exhibit A, First Amended Complaint at ¶1.

---

[1] The relevant pleadings and Orders from the state court file are attached as Exhibit A. *See* 28 U.S.C. §1446(a).

9. Specifically, Plaintiff alleges that Innovative Heights and Pathfinder violated BIPA because they did not: (i) provide a publicly available retention schedule and guidelines for the destruction of Plaintiff's and the putative class members' biometric data; First Amended Complaint at ¶43, ¶50; (ii) properly notify Plaintiff and the putative class that their biometric information was being collected and stored, First Amended Complaint at ¶44, ¶51; (iii) properly inform Plaintiff and the putative class in writing about the purpose for which their fingerprints were being collected, stored, or used, and inform Plaintiff and the putative class about the length of time that their alleged biometric data would be collected, stored, or used, First Amended Complaint at ¶45, ¶52; and (iv) obtain a written release from Plaintiff and the putative class members before collecting their fingerprints, First Amended Complaint at ¶46, ¶53.

10. Plaintiff purports to bring her claims against both Innovative Heights and Pathfinder as a class action on behalf of those similarly situated. *See* Exhibit A, First Amended Complaint at ¶¶2, 55-63.

11. Plaintiff seeks to bring her BIPA claims on behalf of two classes: (1) the "Innovative Heights Class" and the (2) the "CenterEdge Class." Exhibit A, First Amended Complaint at ¶57. Plaintiff has defined the Innovative Heights Class to include:

> All Illinois citizens from whom Innovative Heights collected, captured, received, or otherwise obtained biometric identifiers or biometric information, including fingerprints, during the applicable statutory period prior to: (1) receiving a written release; and/or (2) providing written information that their biometric identifier or biometric information was being collected or stored and the purpose and length thereof. Excluded from the Innovative Heights Class is any person who has or had a controlling interest in Innovative Heights.

Plaintiff has defined the CenterEdge class to include:

> All Illinois citizens from whom CenterEdge collected, captured, received, or otherwise obtained biometric identifiers or biometric information, including fingerprints, during the applicable statutory period prior to: (1) receiving a written

3

release; and/or (2) providing written information that their biometric identifier or biometric information was being collected or stored and the purpose and length thereof. Excluded from the CenterEdge Class is any person who has or had a controlling interest in CenterEdge.

*Id.*

12. BIPA provides that a prevailing party may recover, "against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater," 735 ILCS 14/20(1), and "against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater," 735 ILCS 14/20(2). BIPA also provides that a prevailing party may recover attorneys' fees and costs. 735 ILCS 14/20(3).

13. Plaintiff seeks liquidated damages under BIPA or actual damages, whichever is greater, as well as interest and attorneys' fees. Exhibit A, First Amended Complaint at ¶¶70, 77.

14. Pathfinder denies any violation of BIPA, whether negligent or intentional. Pathfinder also denies that this matter is suitable for treatment as a class action.

## THE COURT'S JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

15. The Class Action Fairness Act ("CAFA") grants United States District Courts original jurisdiction over "any civil action:" (a) in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs;" and (b) which is a "class action" in which, among other things, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). These requirements are met in this case.

**This Matter is a Putative "Class Action"**

16. A "class action" under CAFA is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing

an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §1332(d)(1)(B).

17. Plaintiff seeks to bring her BIPA claims on behalf of:

> All Illinois citizens from whom [Pathfinder or Innovative Heights] collected, captured, received, or otherwise obtained biometric identifiers or biometric information, including fingerprints, during the applicable statutory period prior to: (1) receiving a written release; and/or (2) providing written information that their biometric identifier or biometric information was being collected or stored and the purpose and length thereof.

First Amended Complaint at ¶57.

18. This matter is a class action for CAFA purposes.

**Minimal Diversity Exists**

19. Plaintiff is a resident of Madison County, Illinois. Exhibit A, First Amended Complaint at ¶17.

20. Defendant Innovative Heights is an Illinois Limited Liability Company with its principal place of business in Fairview Heights, Illinois. *See* Exhibit A, First Amended Complaint at ¶19.

21. Defendant Pathfinder Software, LLC is not an Illinois citizen. For diversity purposes, the citizenship of a limited liability company is the citizenship of each of its members. *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006). Pathfinder is a North Carolina limited liability company with its principal place of business in Durham, North Carolina. Exhibit B, Declaration of Grey Burnett at ¶4. All members of Pathfinder are either North Carolina residents or trusts whose grantors and beneficiaries are all North Carolina residents. *Id.* at ¶5. Pathfinder is therefore a citizen of North Carolina for purposes of diversity jurisdiction.

22. Because Plaintiff is a citizen of Illinois and Pathfinder is a citizen of North Carolina, a "member of [the class] of plaintiffs is a citizen of a State different from any defendant," and, therefore, the parties are minimally diverse. 28 U.S.C. § 1332(d)(2)(A); *see also Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965-66 (7th Cir. 2016) (minimal diversity exists such that the Court had CAFA jurisdiction where class representatives were citizens of Illinois, while Defendant was a Delaware corporation with its principal place of business in Arizona).

**The Amount In Controversy Aggregated Across All Putative Class Members' Claims Meets the CAFA Threshold**

23. CAFA provides that the District Court shall have original jurisdiction "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs . . . ." 28 U.S.C. §1332(d)(2). For purposes of determining the amount in controversy, CAFA requires that "the claims of the individual class members shall be aggregated . . . ." 28 U.S.C. §1332(d)(6). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

24. Although Plaintiff has not alleged the amount of damages at issue in this case, CAFA's amount in controversy threshold is met here based on Plaintiff's allegations and undisputed facts.

25. BIPA provides statutory damages of $5,000 for an intentional or reckless violation, and $1,000 for a negligent violation, with damages calculated "for each violation." 740 ILCS 14/20. While Plaintiff does not plead what constitutes a "violation" for damages purposes, and courts have not defined "each violation" as used in the statute, Plaintiff plausibly alleges four

violations per putative class member. *See* Notice of Removal at ¶9; *see also Peatry v. Bimbo Bakeries USA, Inc.*, 393 F.Supp.3d 766, 769 (N.D. Ill. 2019).

26. Each alleged violation carries a potential damages amount of up to $5,000 per class member, if intentional or reckless. In other words, Plaintiff's Complaint arguably alleges potential damages of up to $20,000 per class member ($5,000 per violation x 4 violations), not including attorneys' fees, which are also recoverable under BIPA.[2] 740 ILCS 14/20. Under this reading of Plaintiff's Complaint, the $5,000,000 threshold is crossed if there are at least 250 putative class members. Plaintiff alleges that the total number of class members is, "at a minimum, in the hundreds . . . ." Exhibit A, First Amended Complaint at ¶58.[3]

27. Another theory advanced by BIPA plaintiffs is that each instance of being scanned constitutes an independent and separate BIPA violation. Under this theory, an employer with 50 employees who are fingerprinted four times a day (one to clock in, one for lunch-out, one for lunch-in, and one to clock out) counts 200 violations a day and 1,000 violations in a five-day work week. That employer's potential statutory liability could be $50 million over a fifty-week period if each violation is $1,000.[4]

---

[2] Pathfinder does not stipulate or agree, and expressly denies, that this is the proper measure or calculation of damages. Rather, Pathfinder simply asserts that such a result is "plausible" under Plaintiff's Complaint. Further, even assuming, *arguendo*, that Pathfinder violated BIPA, Pathfinder denies that any such purported violation was negligent, intentional, or reckless.

[3] Plaintiff does not specify the applicable statute of limitations period she believes to be applicable under BIPA. To the extent that Plaintiff asserts that the applicable statute of limitations period for Plaintiff's claims is five years under statute of limitations for civil actions not otherwise subject to a limitations period, 735 ILCS 5/13-205, Pathfinder denies that assertion. Rather, the correct statute of limitations period may be one or two years. *See* 735 ILCS 5/13-201 (one-year statute of limitations period for publication of matter violating a right of privacy); 735 ILCS 5/13-202 (two-year statute of limitations period to recover damages for injury to person or for a statutory penalty).

[4] Again, Pathfinder does not stipulate or agree, and expressly denies, that this is a proper measure or calculation of damages. Rather, Pathfinder simply asserts that such a result is "plausible" under Plaintiff's Complaint. Further, even assuming, *arguendo*, that Pathfinder violated BIPA, Pathfinder denies that any such purported violation was negligent, intentional, or reckless.

28. The $5 million threshold is easily met even without attorneys' fees.[5]

29. Pathfinder need only plausibly allege that the requisite amount is in controversy to invoke the Court's jurisdiction.[6] *See Dart*, 574 U.S. at 89; *Peatry*, 393 F.Supp.3d at 770; *see also Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) (For removal purposes under CAFA, defendant need only show that the recovery at the $5,000,000 jurisdictional threshold is "not legally impossible"); *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 275 (7th Cir. 2011) (even if it is improbable that the plaintiffs will recover the entire amount that the defendants assert is in controversy, this does not satisfy the "legally impossible" test). So long as Pathfinder has plausibly alleged that more than $5 million is in controversy, the case belongs in this Court unless it is legally impossible for the plaintiffs to recover that much. *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 984 (8th Cir. 2019).

30. Because this matter satisfies all requirements of 28 U.S.C. § 1332(d), this matter is removable under CAFA.

## VENUE AND NOTICE

31. Venue is proper in the Southern District of Illinois located in East St. Louis, Illinois, because the State Court action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

---

[5] Plaintiff's Complaint is silent as to the total amount in controversy. Pathfinder performs these calculations pursuant to CAFA based on Plaintiff's allegations and BIPA statutory damage provisions, but Pathfinder denies that it has violated BIPA or is liable for negligent, intentional, or reckless conduct, denies that this matter is appropriate for treatment as a class action, and denies that Plaintiff or the putative class members are entitled to recover any damages whatsoever.

[6] Plaintiff cannot be heard to argue that she actually contends that lesser damages are at issue simply to avoid removal. A post-removal attempt to cabin damages to avoid federal court does not deprive the Court of jurisdiction. *Peatry*, 393 F.Supp.3d at 770 (citing *Hunt v. DaVita, Inc.*, 680 F.3d 775, 777-78 (7th Cir. 2012)).

32. Pathfinder will provide written notice of the filing of this Notice of Removal to Plaintiff and the Circuit Court of St. Clair County.

By: <u>*/s/ Charles N. Insler*</u>
Glenn E. Davis #6184597
Charles N. Insler #6291652
HEPLER BROOM LLC
One Metropolitan Square
211 North Broadway Suite 2700
St. Louis, MO 63102
Phone: 314-241-6160
Fax: 314-241-6116
cni@heplerbroom.com
ged@heplerbroom.com

*Counsel for the Defendants Innovative Heights Fairview Heights, LLC and Pathfinder Software, LLC d/b/a CenterEdge Software*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically with the Clerk of Court and served upon the following counsel of record via email on this 10th day of January 2020:

Richard S. Cornfeld
Daniel S. Levy
1010 Market Street, Suite 1645
St. Louis, MO 63101
rcornfeld@cornfeldlegal.com
dlevy@cornfeldlegal.com

Kevin P. Green
Goldenberg Heller & Antognoli, P.C.
2227 South State Route 157
Edwardsville, IL 62025
kevin@ghalaw.com

*Attorneys for Plaintiff Madisyn Stauffer*

                                            */s/ Charles N. Insler*
                                            Charles N. Insler