**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS - EAST ST. LOUIS DIVISION**

MADISYN STAUFFER,
on behalf of herself and all others similarly
situated,

              Plaintiff,

       v.

INNOVATIVE HEIGHTS FAIRVIEW
HEIGHTS, LLC

and

PATHFINDER SOFTWARE, LLC, d/b/a
CENTEREDGE SOFTWARE,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:20-CV-00046

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

**EXTRAORDINARY CIRCUMSTANCES**

Pathfinder submits this reply brief in support of its Motion to Dismiss because there exist extraordinary circumstances to which the Court could benefit from further briefing on the critical issues as to whether BIPA is constitutional, and, if it is, whether a company such as Pathfinder could be deemed a financial institution under BIPA. There are currently no binding decisions in Illinois undersigned counsel could find addressing the constitutionality issue.[1] Further, there are no decisions in Illinois we could find on the financial institution issue. This reply brief will address these novel issues to assist the Court in its decision.

**I.**     **BIPA Is Unconstitutional Special Legislation**

---

[1] *See Bruhn v. New Albertson's Inc.,* 2018-CH-01737, Circuit Court of Cook County, which held that the law is constitutional.  Defendant has requested review by an Illinois appellate court. See Exhibit A.

1

In its Motion to Dismiss, Pathfinder explains how BIPA is special legislation offensive to the Illinois Constitution. *See* Ill. Const. at Art. IV § 13; *Best v. Taylor Mach. Works*, 179 Ill. 2d 367, 391 (1997). BIPA arbitrarily excludes (i) the broadly-defined financial sector and (ii) contractors, subcontractors, or agents of a state agency or local unit of government when working for a state agency or local unit of government and shields them from liability, despite the General Assembly's lack of power to confer such benefits. *Id.*

Plaintiff contends that Pathfinder has not met its burden under Illinois' two-part test to determine whether BIPA constitutes impermissible special legislation. *See Allen v. Woodfield Chevrolet*, 208 Ill. 2d 12, 22 (2003). Plaintiff argues that BIPA's exclusion of financial institutions subject to Title V of the federal Gramm-Leach-Bliley Act of 1999 ("GLBA") is not arbitrary because these entities are already subjected to federal data protection standards. Plaintiff speculates that the General Assembly did not want to risk federal preemption by imposing additional state standards.

The General Assembly's legislative intent for passing BIPA, in part, was to protect hesitant consumers from biometrics linked to their finances, *i.e.*, biometric identifier-facilitated transactions: "[a]n overwhelming majority of members of the public are weary of the use of biometrics when such information is tied to *finances* and other personal information." 740 ILCS 14/5(d),(e). Plaintiff's examples simply recap relevant events leading to BIPA's ratification, and are insufficient to show why the financial sector should be excluded. *See* 740 ILCS 14/5(b). Additionally, the GLBA permits greater state law protections to the extent that state laws are not inconsistent with the GLBA. *See* 15 U.S.C. § 6807(b)[2]. Subjecting financial institutions to both

---

[2] "For purposes of this section, a State statute, regulation, order, or interpretation is not inconsistent with the provisions of this subchapter if the protection such statute, regulation, order, or interpretation affords any person is greater than the protection provided under this subchapter and the amendments made by this subchapter…" 15 U.S.C. § 6807(b).

state and federal data protection standards does not facially amount to federal preemption, unless the state standards are inconsistent with superseding federal standards. *Id*. Indeed, BIPA has requirements that are not articulated in, but are not inconsistent with, the GLBA's data protection standards. *See, e.g.*, 740 ILCS 14/10; 740 ILCS 14/15(a).

Thus, BIPA's exclusion of nearly the entire financial sector is irrational because the General Assembly stated consumer protection related to financial, biometric transactions motivated their own legislative intent and findings. Furthermore, if federal preemption was considered during BIPA's construction, the General Assembly could not have rationally concluded that federal preemption would be an issue because the GLBA expressly authorizes greater state law protections, which BIPA offers. In other words, financial institutions could have been required to follow the GLBA as a baseline, and subsequently BIPA, as long as BIPA's provisions were not inconsistent with the GLBA. Instead, the General Assembly permitted financial institutions to enjoy exemption from more expansive BIPA requirements, which is unconstitutional.

Plaintiff also claims that BIPA's exclusion of government contractors is rationally related to BIPA's purposes, partially pointing to concerns about how biometric information is protected in the private sector. BIPA's exclusion of government contractors cannot be rationally related to a state interest because a contractor's exposure to BIPA liability is entirely dependent on which customer the contractor serves. For instance, an electrical contracting company hired by a private business and an Illinois state agency – occupying the same building on the same day to perform identical tasks – may be liable and not liable under BIPA at the same point in time.

Moreover, excluding these large classes of individuals from BIPA's protections is nonsensical when compared to the purpose of the statute in the first place. As the Illinois

Supreme Court recognized, the purpose of BIPA was to vest in "individuals and customers the right to control their biometric information by requiring notice before collection and giving them the power to say no by withholding consent." *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶34. The right of the individual to maintain their biometric privacy vanishes into thin air when BIPA is violated, which is the precise harm the Illinois legislature sought to prevent. *Id*. Yet, arbitrarily excluding the government, its contractors and the financial institutions undercuts the individual's rights to maintain their biometric privacy, which was the main purpose of BIPA as articulated both by the legislature and the Illinois Supreme Court. There is no difference between the government or a financial institution taking your biometric data without consent and a private entity doing the same.

Thus, there is no rational basis to treat financial institutions, the government, or government contractors differently under BIPA. These exclusions amount to arbitrary carve-outs that run against the fundamental purposes of BIPA.

## II.     Pathfinder Is An Exempt Financial Institution Under BIPA

Plaintiff claims that Pathfinder is not a financial institution by comparing Pathfinder's point-of-sale ("POS") systems and software (collectively, "Advantage POS") to retailers that accept payments in the form of cash, checks, or credit cards that were not issued by the retailer. Plaintiff states that such retailers are not "financial institution[s]" under the GLBA and BHCA according to the FTC. 16 C.F.R. §§ (k)(2)(i), (k)(4)(ii). Plaintiff further asserts that Pathfinder misconstrued the term "financial institution." Plaintiff's arguments are unpersuasive for the reasons below.

BIPA created an exemption for financial institutions and their affiliates subject to Title V of the GLBA. 740 ILCS 14/25(c). The GLBA *generally* defines the term "financial institution"

to include "any institution the business of which is engaging in financial activities described in section 1843(k) of Title 12," referring to the BHCA. 15 U.S.C. § 6809(3)(A). The BHCA defines financial activities broadly to include: "lending, exchanging, transferring, investing for others, or safeguarding money or securities." 12 U.S.C. § 1843(k)(4)(A). Additionally, the FTC provides examples demonstrating the *breadth* of the term "financial institution" under Title V of the GLBA. *See* 16 C.F.R. §313.3(k)(2).

Plaintiff acknowledges that financial institutions must be "significantly engaged in financial activities" under Title V of the GLBA and the BHCA. 16 C.F.R. §313.3(k)(1-2). However, Plaintiff offers no authority that restricts or defines the scope of "significantly" other than limited examples described in 16 C.F.R. §313.3(k)(3-4), none of which apply to Pathfinder. Pathfinder's reliance on sister federal court decisions illustrates the point – entities akin to hotels and law firms, which are merely engaged in financial activities, will not be considered financial institutions under the GLBA and BHCA.[3] But, Pathfinder does not stand in the same shoes as a hotel or other retailer. Pathfinder's Advantage POS provides the necessary *infrastructure* for processing credit and debit card payments, communicating with banks, transferring money, and for financial transactions, in general. (Doc. #21-1). Indeed, Pathfinder establishes the *means* for its clients to conduct financial transactions through Advantage POS functionalities – analogous to a bank providing a mobile application to its consumers, thereby allowing its customers to conduct financial transactions. Thus, Pathfinder is "significantly engaged in financial activities" and qualifies as an exempt financial institution under the BHCA, the GLBA, and BIPA. 16 C.F.R. §313.3(k)(1-2).

---

[3] *See ABA v. FTC*, 430 F.3d 457, 470 (D.C. Cir. 2005) and *Goldman v. Brannon*, 2013 U.S. LEXIS 132815, at *14 (E.D. N.C. Sep. 17, 2013).

WHEREFORE, Defendant, PATHFINDER SOFTWARE, LLC. doing business as CENTEREDGE SOFTWARE respectfully requests this Honorable Court to dismiss Plaintiff's First Amended Class Action Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and for any other relief deemed just and proper.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH**

By:   **_/s/ Josh M. Kantrow_____**
One of the Defendant's Attorneys

Kendall Canfield, Kendall.Canfield@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
103 W. Vandalia Street, Suite 300
Edwardsville, IL  62025
P: (618) 307-7290
F: (618) 692-6099

Josh M. Kantrow, Josh.Kantrow@lewisbrisbois.com, *Admitted Pro Hac Vice*
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: 312.345.1718
F: 312.345.1778
*Attorneys for Pathfinder Software, LLC*
*doing business as CenterEdge Software, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this **20<u>th</u>** day of March, 2020 a copy of the foregoing has been electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system to all counsel of record.

*/s/   Josh M. Kantrow*_____