UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MADISYN STAUFFER, | ) | |
| on behalf of herself and all others similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 3:20-cv-00046 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INNOVATIVE HEIGHTS FAIRVIEW | ) | |
| HEIGHTS, LLC | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PATHFINDER SOFTWARE, LLC, d/b/a | ) | |
| CENTEREDGE SOFTWARE, LLC | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SKY ZONE FRANCHISE GROUP, LLC | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**SECOND AMENDED CLASS ACTION COMPLAINT**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

PARTIES ........................................................................................................... 6

JURISDICTION AND VENUE ......................................................................... 8

JURY DEMAND ............................................................................................... 9

THE ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT .................. 9

FACTUAL ALLEGATIONS REGARDING DEFENDANTS' LIABILITY ............ 10

    Plaintiff's Experience............................................................................... 10

    Innovative Heights' Actions Violated IBIPA ........................................ 11

    CenterEdge's Actions Violated IBIPA .................................................. 12

    Sky Zone Franchise Group's Actions Violated IBIPA ......................... 13

CLASS ACTION ALLEGATIONS ................................................................. 17

COUNT I: INNOVATIVE HEIGHTS' VIOLATION OF 740 ILCS 14/1, *et seq.* ..................... 21

COUNT II: CENTEREDGE'S VIOLATION OF 740 ILCS 14/1, *et seq.* .................... 22

COUNT III: SKY ZONE FRANCHISE GROUP'S VIOLATION OF 740 ILCS 14/1, *et. seq.* . 24

PRAYER FOR RELIEF .................................................................................. 25

COMES NOW Plaintiff Madisyn Stauffer, and for her Second Amended Class Action Complaint ("Second Amended Complaint") against Defendants Innovative Heights Fairview Heights, LLC ("Innovative Heights"), Pathfinder Software, LLC, d/b/a CenterEdge Software, LLC ("CenterEdge"), and Sky Zone Franchise Group, LLC ("Sky Zone Franchise Group") alleges upon personal knowledge as to her own acts, and upon information and belief (based on the investigation of counsel) as follows[1]:

## INTRODUCTION

1.      Plaintiff brings this action individually and on behalf of a Class of similarly situated individuals who were employed by Innovative Heights and worked at its Sky Zone facility ("the Innovative Heights Class") located at 10850 Lincoln Trail, Fairview Heights, IL 62208 ("Sky Zone Fairview Heights"), and gave their fingerprints and/or information used to identify such class members based on their fingerprints to Innovative Heights at the commencement of their employment and scanned their fingerprints for timekeeping and other purposes as specified below, in violation of the Illinois Biometric Information Privacy Act ("IBIPA"), 740 ILCS 14/1, *et seq.*

2.      Plaintiff also brings this action individually and on behalf of a separate Class of similarly situated individuals who had their fingerprints and/or information used to identify such class members based on their fingerprints collected, captured, purchased, received through trade, or otherwise obtained by CenterEdge in violation of IBIPA (the "CenterEdge Class").

3.      Additionally, Plaintiff brings this action individually and on behalf of a separate Class of similarly situated individuals who had their fingerprints and/or information used to identify such class members based on their fingerprints collected, captured, purchased, received

---

[1] Pursuant to Fed. R. Civ. P. 15(a)(2), Innovative Heights and CenterEdge have consented in writing to the filing of this Second Amended Complaint.

1

through trade, or obtained by Sky Zone Franchise Group in violation of IBIPA (the "Sky Zone Franchise Group Class").

4.     Sky Zone Fairview Heights is owned by Innovative Heights. Innovative Heights was the employer of Plaintiff and members of the Innovative Heights Class during all times that they worked at Sky Zone Fairview Heights.

5.     Sky Zone Fairview Heights is a recreational facility that markets, advertises, and offers certain attractions and programs to the public, including attractions it describes as Freestyle Jump, SkySlam, Ultimate Dodgeball, SkyHoops, SkyJoust, SkyLadder, Warped Wall, FreeClimb, Foam Zone, Ninja Warrior Course, Laser Tag, and Drop Zone.[2]

6.     Sky Zone Fairview Heights holds itself out as a place where members of the public can hold parties and events in Fairview Heights, Illinois.[3]

7.     At or near the beginning of their employment, at least until the filing of this lawsuit, Plaintiff and other employees at Innovative Heights' Sky Zone Fairview Heights facility scanned their private biometric identifiers in the form of their fingerprints into CenterEdge's system and thereafter "clocked in" or "clocked out" of a shift throughout their employment by scanning their fingerprints into the system. Employees also scanned their fingerprints into CenterEdge's system at certain times in connection with their use of the cash registry, in the event it had "timed-out."

8.     CenterEdge's system also included information based on Plaintiff's and the Class Members' fingerprints that was used to identify them individually.

---

[2] https://www.skyzone.com/fairviewheights/attractions-and-programs (accessed 04/08/2019).
[3] https://www.skyzone.com/fairviewheights/parties-and-events (accessed 04/08/2019).

9.    Innovative Heights failed to comply with the requirements set forth in IBIPA before collecting, capturing, and otherwise obtaining such fingerprints and/or information used to identify class members based on their fingerprints.

10.    Innovative Heights' failure to comply with IBIPA means that its employees do not receive the important protections set forth in the statute, which is designed to allow employees and individuals to make informed decisions in connection with a private entity's collection, use, and retention of their private biometric identifiers, and to ensure that biometric identifiers are not obtained or used without the consent of the individual.

11.    By not informing Plaintiff and Innovative Heights Class Members in writing that their fingerprints were being collected and the purpose therefore or the length of time that they were being held, and by not receiving a written release from Plaintiff and Innovative Heights Class Members, Innovative Heights has violated IBIPA, specifically 740 ILCS 14/15(b)(1)-(3).

12.    Based on Innovative Heights' violations of IBIPA, Plaintiff and Innovative Heights Class Members seek to recover statutory and other damages and relief allowed under IBIPA.

13.    Initial discovery in this lawsuit has revealed that Innovative Heights is not the only entity that has collected, captured, purchased, received through trade, or otherwise obtained Plaintiff's fingerprints and/or information used to identify Plaintiff based on her fingerprints.

14.    Rather, CenterEdge has also collected, captured, purchased, received through trade, or obtained Plaintiff's fingerprints and/or information used to identify Plaintiff based on her fingerprints in connection with an agreement that it entered into with Innovative Heights.

15.    As part of the agreement between Innovative Heights and CenterEdge, CenterEdge provides Innovative Heights with a fingerprint tracking system. It also controls

3

and/or runs the system and/or database in which Innovative Heights' employees' fingerprints are stored and/or receives the fingerprints contained therein. Based on its control of the system and/or database in which the fingerprints are stored and receipt of the fingerprints contained therein, CenterEdge has therefore collected, captured, received through trade, or otherwise obtained Plaintiff's fingerprints and/or information used to identify Plaintiff based on her fingerprints, without complying with the requirements set forth in IBIPA.

16.     Furthermore, upon information and belief, under similar agreements that CenterEdge has with other companies in Illinois, under which CenterEdge controls and/or runs the systems and/or databases in which the fingerprints of such companies' employees are stored, CenterEdge collects, captures, receives through trade, or otherwise obtains the fingerprints and/or information used to identify such persons based on their fingerprints of such employees without complying with the requirements set forth in IBIPA.

17.     By not informing Plaintiff and CenterEdge Class Members in writing that their fingerprints and/or information used to identify such class members based on their fingerprints were being collected and the purpose therefore or the length of time that they were being held, and by not receiving a written release from Plaintiff and CenterEdge Class Members, CenterEdge has violated IBIPA, specifically 740 ILCS 14/15(b)(1)-(3).

18.     As a result of CenterEdge's violations of IBIPA, Plaintiff and CenterEdge Class Members seek to recover statutory and other damages and relief allowed under IBIPA.

19.     Additionally, discovery has shown that Sky Zone Franchise Group required Innovative Heights to use the CenterEdge system, and it retained the unlimited right to access all information contained in the system, including Plaintiff's and the class members' fingerprints and/or information used to identify such class members based on their fingerprints. Sky Zone

4

Franchise Group has therefore collected, captured, received through trade, or otherwise obtained Plaintiff's fingerprints and/or information used to identify Plaintiff based on her fingerprints without complying with the requirements set forth in IBIPA.

20.     Moreover, upon information and belief, Sky Zone Franchise Group required its other Illinois franchisees to use the CenterEdge system, and it retained the unlimited right to access all information contained in the system, including the franchisee's employees' fingerprints and/or information used to identify such employees based on their fingerprints. Sky Zone Franchise Group, thus, collects, captures, receives through trade, or otherwise obtains the fingerprints of the employees of such franchisees and/or information used to identify such employees based on their fingerprints without complying with the requirements set forth in IBIPA.

21.     By collecting, capturing, or otherwise obtaining Plaintiff's and the Sky Zone Franchise Group Class Members' fingerprints and/or information used to identify such class members based on their fingerprints without informing Plaintiff and Sky Zone Franchise Group Class Members in writing that their fingerprints and identifying information were being collected and the purpose therefore or the length of time that they were being held, and by not receiving a written release from Plaintiff and Sky Zone Franchise Group Class Members, Sky Zone Franchise Group has violated IBIPA, specifically 740 ILCS 14/15)(b)(1)-(3).

22.     As a result of Sky Zone Franchise Group's violations of IBIPA, Plaintiff and the Sky Zone Franchise Group Class Members seek to recovery statutory and other damages and relief allowed under IBIPA.

## PARTIES

23.     Plaintiff Madisyn Stauffer is a resident of Madison County, Illinois. She was employed by Innovative Heights and worked at the Sky Zone Fairview Heights facility from January of 2018 through May of 2018.

24.     Plaintiff had her fingerprints and/or information used to identify her based on her fingerprints collected, captured, or otherwise obtained by Innovative Heights at the beginning of her employment with Innovative Heights, and on each occasion that she "clocked in" or "clocked out" throughout her employment. She also had her fingerprints collected, captured, and otherwise obtained by Innovative Heights during certain times that she used the cash registry. Based on CenterEdge's control of the system and/or database in which her fingerprints and/or information used to identify her based on her fingerprints were stored and/or receipt of the fingerprints or identifying information contained therein, CenterEdge also collected, captured, received through trade, or otherwise obtained her fingerprints and/or information used to identify Plaintiff based on her fingerprints. Furthermore, based on Sky Zone Franchise Group's unlimited access to the database in which Plaintiff's fingerprints and identifying information were stored and/or its receipt of the fingerprints and identifying information contained therein, Sky Zone Franchise Group also collected, captured, received through trade, and otherwise obtained her fingerprints and/or information used to identify Plaintiff based on her fingerprints.

25.     Defendant Innovative Heights is an Illinois Limited Liability Company, with its principal office located at 10850 Lincoln Trail, #12A, Fairview Heights, Illinois 62208. Its registered agent in Illinois is Bron Launsby, 10850 Lincoln Trail, #12A, Fairview Heights, Illinois 62208.

26.     Innovative Heights conducts business in St. Clair County, Illinois, and transactions and conduct giving rise to the claims set forth in this Amended Complaint occurred

in St. Clair County, Illinois. Specifically, the location of Sky Zone Fairview Heights where Plaintiff and Innovative Heights Class Members worked is in St. Clair County, Illinois.

27.     Defendant CenterEdge is a North Carolina Limited Liability Company, with its principal office located at 5050 Durham Rd., Roxboro, NC 27574. Its registered agent in North Carolina is Robert E. Levin, 3511 Shannon Rd., Ste 140, Durham, NC 27707.

28.     CenterEdge conducts business in St. Clair County, Illinois, and transactions and conduct giving rise to the claims set forth in this Amended Complaint occurred in St. Clair County, Illinois. Specifically, the location of Sky Zone Fairview Heights, with whom CenterEdge did business at its facility, is in St. Clair County, Illinois.

29.     On its website, CenterEdge describes itself as a "leader in the entertainment software industry," states that in that capacity it "operate[s] as a processor of personal information for our customers, including via the Advantage Access Control App ('the app') and further states: "As a third-party processor, CenterEdge will not collect personal information directly from consumers via the app. Any information collected via the app will be considered as if collected by our customer, and provided to us as a third party processor."[4]

30.     Defendant Sky Zone Franchise Group is a Missouri Limited Liability Company, with its principal office located at 1201 W. 5th Street, T-900, Los Angeles, CA 90017. Its registered agent in Missouri is Cogency Global Inc., 9666 Olive Boulevard, Suite 690, St. Louis, MO 63132.

31.     Sky Zone Franchise Group is a franchisor that enters into agreements with franchisees that operate trampoline parks under the Sky Zone name.[5] Sky Zone Franchise Group

---

[4] *See* "Advantage Access Control," available at https://centeredgesoftware.com/advantage-access-control/ (accessed 10/16/19).
[5] https://www.skyzone.com/resources/skyzone-franchise-flipbook/download/SkyZoneFranchiseFlipbook-WEB.pdf (accessed 8/2/2021).

conducts business in Illinois, and the transactions and conduct giving rise to the claims set forth in this Second Amended Complaint occurred in Illinois. Specifically, the locations of Innovative Heights and its other Illinois franchisees, with whom Sky Zone Franchise Group did business at their facilities, are in Illinois.

32.     On its website, Sky Zone Franchise Group describes itself as the "originator of the global trampoline park movement" with "over 300 global locations in 16 international markets, generating more than $300 million in revenue."[6]

## JURISDICTION AND VENUE

33.     This is a class action under Rule 23 of the Federal Rules of Civil Procedure.

34.     This case was filed in the Circuit Court for St. Clair County, Illinois. Defendant CenterEdge removed this action to this Court pursuant to the Class Action Fairness Act, 18 U.S.C. § 1332(d) ("CAFA").

35.     This Court has personal jurisdiction over Innovative Heights because it is registered to do business in Illinois and because it regularly conducts business in Illinois.

36.     This Court has personal jurisdiction over CenterEdge because it regularly conducts business in Illinois and this action relates to its business conducted in Illinois.

37.     This Court has personal jurisdiction over Sky Zone Franchise Group because it regularly conducts business in Illinois and this action relates to its business conducted in Illinois.

38.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

---

[6] https://www.skyzone.com/resources/skyzone-franchise-flipbook/download/SkyZoneFranchiseFlipbook-WEB.pdf (accessed 8/2/2021).

## JURY DEMAND

39.     For each Count in this Complaint, Plaintiff demands a jury trial to the extent it is

allowed by law.

## THE ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT

40.     The State of Illinois passed IBIPA in 2008 to serve the public welfare, based on

concerns, both known and unknown, associated with the growing collection and use of

biometrics by companies and other entities. 740 ILCS 14/5.

41.     The Illinois General Assembly found that while the use of biometrics has been

growing, "[b]iometrics are unlike other unique identifiers that are used to access finances or

other sensitive information" in that unlike social security numbers or other identifiers that can be

changed when compromised, biometrics are "biologically unique to the individual; therefore,

once compromised, the individual has no recourse…" 740 ILCS 14/5(a)-(c).

42.     Furthermore, the Illinois General Assembly stated that "[t]he full ramifications of

biometric technology are not fully known," and that "[t]he public welfare, security, and safety

will be served by regulating the collection, use, safeguarding, handling, storage, retention, and

destruction of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

43.     Under IBIPA, a "biometric identifier" includes an individual's fingerprints, and

the term "biometric information" "means any information, regardless of how it is captured,

converted, stored, or shared, based on an individual's biometric identifier used to identify an

individual." 740 ILCS 14/10.

44.     IBIPA provides that a private entity may not "collect, capture, purchase, receive

through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric

information" unless it first informs that person in writing that such an identifier or information is

9

being collected or stored; informs that person in writing of the "specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used"; and receives a written release executed by the person who is the subject of the biometric identifier or information. 740 ILCS/14/15(b)(1)-(3).

45.     The statute defines "written release" as "informed written consent or, in the context of employment, a release executed by an employee as a condition of employment." 740 ILCS 14/10. As shown by this definition, IBIPA applies to employers and protects employees working in Illinois.

46.     Thus, while IBIPA does not prohibit an Illinois employer or other entity from using biometric identifiers or biometric information of employees or other individuals for timekeeping or other purposes, it does require that an employer or entity who obtains such biometric identifiers or biometric information must first comply with the safeguards set forth in the statute and obtain the employees' or other individuals' informed consent.

## FACTUAL ALLEGATIONS REGARDING DEFENDANTS' LIABILITY

### Plaintiff's Experience

47.     Plaintiff began her employment with Innovative Heights in January of 2018 and worked for Innovative Heights as a Cashier, Event Host, and Event Planner at its Sky Zone Fairview Heights facility. She continued to work for Innovative Heights at its Sky Zone Fairview Heights facility until May of 2018.

48.     When Plaintiff began her employment with Innovative Heights, her fingerprints, and other information used to identify Plaintiff based on her fingerprints, were taken by Innovative Heights.

49.     Plaintiff's fingerprints and other identifying information based thereon were then used in lieu of a more traditional time clock, in that she scanned her fingerprints into the

10

CenterEdge system used by Innovative Heights each time she "clocked in" or "clocked out" of work throughout her employment.

50.     Plaintiff also scanned her fingerprints at additional times throughout her employment in connection with her use of the cash register. Specifically, if she had not recently been helping a customer and the cash register had timed out and needed to be "woken up," she had to do so by scanning her fingerprints.

51.     Plaintiff or her legally authorized representative was never informed by Innovative Heights, CenterEdge, or Sky Zone Franchise Group in writing of the specific purpose and the period for which her fingerprints and/or information used to identify Plaintiff based on her fingerprints were being collected, stored or used.

**Innovative Heights' Actions Violated IBIPA**

52.     Innovative Heights collected, captured, obtained, and possessed Plaintiff's and Innovative Heights Class Members' fingerprints at the beginning of their employment with Innovative Heights and each time thereafter when Plaintiff and Innovative Heights Class Members scanned their fingerprints to "clock in" or "clock out" or to awaken the cash register.

53.     Innovative Heights also collected, captured, obtained, and possessed information used to identify the Innovative Heights Class Members based on their fingerprints.

54.     Innovative Heights failed to notify Plaintiff and Innovative Heights Class Members in writing that their fingerprints and/or information used to identify such class members based on their fingerprints were being collected, stored, and used, even though their fingerprints or other identifying information were collected and stored by Innovative Heights when they began their employment. Furthermore, Plaintiff and Innovative Heights Class

11

Members scanned their fingerprints many times during every day that they reported to work at Innovative Heights' Sky Zone Fairview Heights facility.

55.     Innovative Heights also collected or captured Plaintiff's and Innovative Heights Class Members' fingerprints and/or information used to identify such class members based on their fingerprints without first informing them in writing of the purpose for which their fingerprints or other identifying information were being collected, stored, or used, or for how long their fingerprints were being collected, stored, or used.

56.     Innovative Heights also failed to obtain a written release from Plaintiff and Innovative Heights Class Members before collecting their fingerprints and/or information used to identify such class members based on their fingerprints.

57.     Innovative Heights' actions have prevented Plaintiff and Innovative Heights Class Members from giving their informed consent and having access to important and legally required information regarding how their sensitive biometric identifiers and/or biometric information are stored and kept.

**CenterEdge's Actions Violated IBIPA**

58.     As initial discovery in this case establishes, CenterEdge not only provides companies (including Innovative Heights) with fingerprint tracking technology for the companies' employees to use, but also runs and/or controls the systems and/or databases in which such employees' fingerprints and/or information used to identify such class members based on their fingerprints are stored and/or receives the fingerprints and/or other identifying information contained therein.

59.     According to Innovative Heights' discovery responses in this case and CenterEdge's representations on its website, CenterEdge collected, captured, received through

12

trade, and/or obtained Plaintiff's and CenterEdge Class Members' fingerprints and/or information used to identify such class members based on their fingerprints each time that Plaintiff and CenterEdge Class Members scanned their fingerprints in connection with their employment.

60.    CenterEdge failed to notify Plaintiff and CenterEdge Class Members in writing that their fingerprints and/or information used to identify such class members based on their fingerprints were being collected, stored, and used, even though it was collecting and storing their fingerprints.

61.    CenterEdge also collected, captured, received through trade, or otherwise obtained Plaintiff's and CenterEdge Class Members' fingerprints and/or information used to identify such class members based on their fingerprints without first informing them in writing the purpose for which their fingerprints or other identifying information were being collected, stored, or used, or for how long their fingerprints or other identifying information were being collected, stored, or used.

62.    CenterEdge also failed to obtain a written release from Plaintiff and CenterEdge Class Members before collecting, capturing, receiving through trade, or otherwise obtaining their fingerprints and/or information used to identify such class members based on their fingerprints.

63.    CenterEdge's actions have prevented Plaintiff and CenterEdge Class Members from giving their informed consent and having access to important information regarding how their sensitive biometric identifiers and/or biometric information are stored and kept.

**Sky Zone Franchise Group's Actions Violated IBIPA**

64.    Innovative Heights is one of several franchisees of Sky Zone Franchise Group that is located in Illinois (collectively the "Illinois Franchisees").

13

65.     To conduct business, the Illinois Franchisees must enter into a Franchise

Agreement with Sky Zone Franchise Group (the "Franchise Agreement").

66.     In the Franchise Agreement, Sky Zone Franchise Group ███████████

████████████████████████████████████████████████████████

███████████████████████████ [IHFH 62 ¶I.A]

67.     ████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████ [IHFH 92 ¶ O]

68.     Sky Zone Franchise Group ████████████████████████

██████████████████.

69.     The Franchise Agreement requires ████████████████████

██████████████████████████████. [IHFH 81 XII ¶ B]

70.     Sky Zone Franchise Group provides each Illinois Franchisee a "Franchise

Disclosure Document" that ██████████████████████████████████

████████████████████████████.

71.     The Franchise Disclosure Documents states that ██████████████

████████████████████████████████████████████

██████████████████████████:

████████████████████████████████

████████████████████████████████

████████████████████.

[IHFH 39, Franchise Disclosure Document p. 20]

72.     Sky Zone Franchise Group also █████████████████████████

███████████████████████████████:



[IHFH 39, Franchise Disclosure Document p. 20]

73.     The CenterEdge POS System that Sky Zone Franchise Group required Illinois

Franchisees to use is the system used to collect employee fingerprints and information used to

identify such employees based on their fingerprints.

74.     Sky Zone Franchise Group also provided its franchises ██████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████." [IHFH 281]

75.     In addition to requiring that all Illinois Franchisees use the CenterEdge system,

Sky Zone Franchise Group ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████:

.

[IHFH 40, Franchise Disclosure Document p. 21]

76.     Furthermore, upon termination of the Franchise Agreement, the Illinois Franchisees ████████████████████████████████████████████████████████.

[IHFH 78, Franchise Disclosure Document p. 17]

77.     Plaintiff's fingerprints, and information used to identify Plaintiff based on her fingerprints, were stored in the CenterEdge POS System used by Innovative Heights.

78.     The Sky Zone Franchise Group Class Members' fingerprints, and information used to identify such class members based on their fingerprints, were stored in the CenterEdge POS Systems used by the Illinois Franchisees.

79.     Based on Sky Zone Franchise Group's unlimited right to access the system in which Plaintiff's fingerprints and other identifying information based thereon were stored, and the systems containing the fingerprints of employees of its other Illinois Franchisees, Sky Zone Franchise Group collected, captured, received through trade, and/or otherwise obtained Plaintiff's and Sky Zone Franchise Group Class Members' fingerprints and/or information used to identify such class members based on their fingerprints.

80.     Sky Zone Franchise Group failed to notify Plaintiff and Sky Zone Franchise Group Class Members in writing that their fingerprints and/or information used to identify such class members based on their fingerprints were being collected, stored, and used, even though it was collecting and storing their fingerprints.

16

81.     Sky Zone Franchise Group also collected, captured, received through trade, and/or obtained Plaintiff's and Sky Zone Franchise Group Class Members' fingerprints and/or information used to identify such class members based on their fingerprints without first informing them in writing the purpose for which their fingerprints were being collected, stored, or used, or for how long their fingerprints were being collected, stored, or used.

82.     Sky Zone Franchise Group also failed to obtain a written release from Plaintiff and Sky Zone Franchise Group Class Members before collecting, capturing, receiving through trade, and/or obtaining their fingerprints and/or information used to identify such class members based on their fingerprints.

83.     Sky Zone Franchise Group's actions have prevented Plaintiff and Sky Zone Franchise Group Class Members from giving their informed consent and having access to important information regarding how their sensitive biometric identifiers and/or biometric information are stored and kept.

## CLASS ACTION ALLEGATIONS

84.     Plaintiff brings this action on behalf of a class of similarly situated employees of Innovative Heights who worked at its Sky Zone Fairview Heights facility and whose biometric identifiers and/or biometric information was improperly obtained by Innovative Heights.

85.     Plaintiff also brings this action on behalf of a class of similarly situated individuals whose biometric identifiers and/or biometric information was improperly obtained by CenterEdge.

86.     Additionally, Plaintiff brings this action on behalf of a class of similarly situated individuals whose biometric identifiers and/or biometric information was improperly obtained by Sky Zone Franchise Group.

87.     Specifically, Plaintiff seeks certification of the following Classes, defined as

follows:

> **"Innovative Heights Class"**
>
> All Illinois citizens from whom Innovative Heights collected, captured, received, or otherwise obtained biometric identifiers or biometric information, including fingerprints, during the applicable statutory period prior to: (1) receiving a written release; and/or (2) providing written information that their biometric identifier or biometric information was being collected or stored and the purpose and length thereof. Excluded from the Innovative Heights Class is any person who has or had a controlling interest in Innovative Heights.
>
> **"CenterEdge Class"**
>
> All Illinois citizens from whom CenterEdge collected, captured, received, or otherwise obtained biometric identifiers or biometric information, including fingerprints, during the applicable statutory period prior to: (1) receiving a written release; and/or (2) providing written information that their biometric identifier or biometric information was being collected or stored and the purpose and length thereof. Excluded from the CenterEdge Class is any person who has or had a controlling interest in CenterEdge.
>
> **"Sky Zone Franchise Group Class"**
>
> All Illinois citizens from whom Sky Zone Franchise Group collected, captured, received, or otherwise obtained biometric identifiers or biometric information, including fingerprints, during the applicable statutory period prior to: (1) receiving a written release; and/or (2) providing written information that their biometric identifier or biometric information was being collected or stored and the purpose and length thereof. Excluded from the Sky Zone Franchise Group Class is any person who has or had a controlling interest in Sky Zone Franchise Group.
>
> Plaintiff may modify these class definitions based on discovery yet to be taken.

88.     Numerosity. The exact size of the Classes are currently unknown to Plaintiff, but

on information and belief the total number of members in the Classes is, at a minimum, in the

hundreds, and the Classes are so numerous that joinder of all Class Members would be

impracticable.

89.     Commonality. There is a well-defined community of interest in the questions of

law and fact affecting the members of the Classes, and questions of law and fact common to the

Classes predominate over any questions affecting only individual members. Among the

numerous questions of law or fact common to the Innovative Heights Class are the following:

    a.   Whether Innovative Heights collected, captured, received through trade, or otherwise obtained Plaintiff's and Innovative Heights Class Members' biometric identifiers or biometric information;

    b.   Whether Innovative Heights informed Plaintiff and Innovative Heights Class Members in writing that it was collecting their biometric identifier or biometric information;

    c.   Whether Innovative Heights informed Plaintiff and Innovative Heights Class Members in writing of the specific purpose and length of term for which it was collecting their biometric identifier or biometric information;

    d.   Whether Innovative Heights received written releases from Plaintiff and Innovative Heights Class Members before capturing, collecting, receiving through trade, or otherwise obtaining their biometric identifiers or biometric information;

    e.   Whether Innovative Heights used Plaintiff's and Innovative Heights Class Members' biometric identifiers or biometric information to identify them; and

    f.   Whether any violations of IBIPA by Innovative Heights were negligent, or rather were reckless or intentional.

    90.    Among the numerous questions of law or fact common to the CenterEdge Class

are the following:

    a.   Whether CenterEdge collected, captured, received through trade, or otherwise obtained Plaintiff's and CenterEdge Class Members' biometric identifiers or biometric information;

    b.   Whether CenterEdge informed Plaintiff and CenterEdge Class Members in writing that it was collecting their biometric identifier or biometric information;

    c.   Whether CenterEdge informed Plaintiff and CenterEdge Class Members in writing of the specific purpose and length of term for which it was collecting their biometric identifier or biometric information;

    d.   Whether CenterEdge received written releases from Plaintiff and CenterEdge Class Members before capturing, collecting, receiving through trade, or otherwise obtaining their biometric identifiers or biometric information; and

    e.   Whether any violations of IBIPA by CenterEdge were negligent, or rather were

19

reckless or intentional.

91.     Among the numerous questions of law or fact common to the Sky Zone Franchise Group Class are the following:

    a.  Whether Sky Zone Franchise Group collected, captured, received through trade, or otherwise obtained Plaintiff's and Sky Zone Franchise Group Class Members' biometric identifiers or biometric information;

    b.  Whether Sky Zone Franchise Group informed Plaintiff and Sky Zone Franchise Group Class Members in writing that it was collecting their biometric identifier or biometric information;

    c.  Whether Sky Zone Franchise Group informed Plaintiff and Sky Zone Franchise Group Class Members in writing of the specific purpose and length of term for which it was collecting their biometric identifier or biometric information;

    d.  Whether Sky Zone Franchise Group received written releases from Plaintiff and Sky Zone Franchise Group Class Members before capturing, collecting, receiving through trade, or otherwise obtaining their biometric identifiers or biometric information; and

    e.  Whether any violations of IBIPA by Sky Zone Franchise Group were negligent, or rather were reckless or intentional.

92.     Typicality. The claims of Plaintiff are typical of the claims of the members of the Classes. Plaintiff and all members of the CenterEdge Class have had their rights under IBIPA violated based on CenterEdge's failure to comply with the provisions of IBIPA, and Plaintiff and all members of the Innovative Heights Class have had their rights under IBIPA further violated based on Innovative Heights' failure to comply with the provisions of IBIPA. Additionally, Plaintiff and all members of the Sky Zone Franchise Group Class have had their rights under IBIPA violated based on Sky Zone Franchise Group's failure to comply with the provisions of IBIPA.

93.     Adequacy of Representation. Plaintiff is an adequate representative of the Classes and has no conflict of interest with other members of the Classes. Plaintiff's attorneys are

experienced in this type of litigation and will prosecute the action vigorously on behalf of the Classes.

94.     Superiority. A class action is an appropriate method to adjudicate this controversy and is superior to any other available methods for the fair and efficient adjudication of this controversy. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Furthermore, the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent and varying adjudications concerning the subject of this action. A class action would conserve the resources of the courts and litigants and further efficient adjudication of the claims of the members of the Classes.

## COUNT I: INNOVATIVE HEIGHTS' VIOLATION OF 740 ILCS 14/1, *et seq.*
## (Plaintiff and the Innovative Heights Class)

95.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this Second Amended Complaint as though fully set forth herein.

96.     Innovative Heights violated Plaintiff's and Innovative Heights Class Members' rights under IBIPA by collecting, capturing, or otherwise obtaining their fingerprints and/or information used to identify such class members based on their fingerprints, and not first:

    a.     informing Plaintiff and Innovative Heights Class Members in writing that their fingerprints or other identifying information based thereon were being collected or stored;

    b.     informing Plaintiff and Innovative Heights Class Members in writing of the specific purpose and length of term for which their fingerprints or other identifying information based thereon were being collected, stored, and used;

    c.     receiving a written release executed by Plaintiff and Innovative Heights Class Members.

740 ILCS 14/15(b)(1)-(3).

21

97.     The fingerprints of Plaintiff and the Innovative Heights Class Members constitute "biometric identifiers" pursuant to 740 ILCS 14/10.

98.     All other information based on Plaintiff's and the Innovative Heights Class Members' fingerprints used to identify such class member constitutes "biometric information" pursuant to 740 ILCS 14/10.

99.     Plaintiff's and Innovative Heights Class Members' rights under IBIPA were violated by Innovative Height's failure to comply with IBIPA as set forth above, and in so violating IBIPA, Innovative Heights acted negligently, recklessly and/or intentionally.

100.     Plaintiff and Innovative Heights Class Members are "aggrieved" under IBIPA based on Innovative Heights' violation of their rights under IBIPA, and accordingly are entitled to seek damages and relief provided for under the statute. See *Rosenbach v. Six Flags Entm't Corp.,* 2019 IL 123186, ¶ 40.

101.     Plaintiff and Innovative Heights Class Members are therefore entitled to damages available under IBIPA, including liquidated damages of $1,000 for each and every negligent violation, or alternatively, $5,000 for each and every intentional or reckless violation, or actual damages, whichever is greater, injunctive relief, and further damages and relief as set forth in the PRAYER FOR RELIEF below. 740 ILCS 14/20(1)-(4).

## COUNT II: CENTEREDGE'S VIOLATION OF 740 ILCS 14/1, *et seq.* (Plaintiff and the CenterEdge Class)

102.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this Second Amended Complaint as though fully set forth herein.

103.     CenterEdge violated Plaintiff's and CenterEdge Class Members' rights under IBIPA by collecting, capturing, receiving through trade, or otherwise obtaining their fingerprints and/or information used to identify such class members based on their fingerprints, and not first:

     a.     informing Plaintiff and CenterEdge Class Members in writing that their fingerprints or other identifying information based thereon were being collected or stored;

     b.     informing Plaintiff and CenterEdge Class Members in writing of the specific purpose and length of term for which their fingerprints or other identifying information based thereon were being collected, stored, and used;

     c.     receiving a written release executed by Plaintiff and CenterEdge Class Members.

740 ILCS 14/15(b)(1)-(3).

104.    The fingerprints of Plaintiff and the CenterEdge Class Members constitute "biometric identifiers" pursuant to 740 ILCS 14/10.

105.    All other information based on Plaintiff's and the CenterEdge Class Members' fingerprints used to identify such class member constitutes "biometric information" pursuant to 740 ILCS 14/10.

106.    Plaintiff's and CenterEdge Class Members' rights under IBIPA were violated by CenterEdge's failure to comply with IBIPA as set forth above, and in so violating IBIPA, CenterEdge acted negligently, recklessly and/or intentionally.

107.    Plaintiff and CenterEdge Class Members are "aggrieved" under IBIPA based on CenterEdge's violation of their rights under IBIPA, and accordingly are entitled to seek damages and relief provided for under the statute. *See Rosenbach v. Six Flags Entm't Corp*., 2019 IL 123186, ¶ 40.

108.    Plaintiff and CenterEdge Class Members are therefore entitled to damages available under IBIPA, including liquidated damages of $1,000 for each and every negligent violation, or alternatively, $5,000 for each and every intentional or reckless violation, or actual damages, whichever is greater, injunctive relief, and further damages and relief as set forth in the PRAYER FOR RELIEF below.  740 ILCS 14/20(1)-(4).

23

## COUNT III: SKY ZONE FRANCHISE GROUP'S VIOLATION OF 740 ILCS 14/1, *et. seq.*
## (Plaintiff and the Sky Zone Franchise Group Class)

109.    Plaintiff realleges and incorporates by reference all preceding paragraphs of this Second Amended Complaint as though fully set forth herein.

110.    Sky Zone Franchise Group violated Plaintiff's and Sky Zone Franchise Group Class Members' rights under IBIPA by collecting, capturing, receiving through trade, or otherwise obtaining their fingerprints and/or information used to identify such class members based on their fingerprints, and not first:

      a.     informing Plaintiff and Sky Zone Franchise Group Class Members in writing that their fingerprints or other identifying information based thereon were being collected or stored;

      b.     informing Plaintiff and Sky Zone Franchise Group Class Members in writing of the specific purpose and length of term for which their fingerprints or other identifying information based thereon were being collected, stored, and used;

      c.     receiving a written release executed by Plaintiff and Sky Zone Franchise Group Class Members.

740 ILCS 14/15(b)(1)-(3).

111.    The fingerprints of Plaintiff and the Sky Zone Franchise Group Class Members constitute "biometric identifiers" pursuant to 740 ILCS 14/10.

112.    All other information based on Plaintiff's and the Sky Zone Franchise Group Class Members' fingerprints used to identify such class member constitutes "biometric information" pursuant to 740 ILCS 14/10.

113.    Plaintiff's and Sky Zone Franchise Group Class Members' rights under IBIPA were violated by Sky Zone Franchise Group's failure to comply with IBIPA as set forth above, and in so violating IBIPA, Sky Zone Franchise Group acted negligently, recklessly and/or intentionally.

24

114.    Plaintiff and Sky Zone Franchise Group Class Members are "aggrieved" under IBIPA based on Sky Zone Franchise Group's violation of their rights under IBIPA, and accordingly are entitled to seek damages and relief provided for under the statute. *See Rosenbach v. Six Flags Entm't Corp*., 2019 IL 123186, ¶ 40.

115.    Plaintiff and Sky Zone Franchise Group Class Members are therefore entitled to damages available under IBIPA, including liquidated damages of $1,000 for each and every negligent violation, or alternatively, $5,000 for each and every intentional or reckless violation, or actual damages, whichever is greater, injunctive relief, and further damages and relief as set forth in the PRAYER FOR RELIEF below.  740 ILCS 14/20(1)-(4).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Classes, pray for judgment against Innovative Heights, CenterEdge, and Sky Zone Franchise Group as follows:

A.    Certifying the Innovative Heights Class, CenterEdge Class, and Sky Zone Franchise Group Class as requested herein;

B.    Entering an order appointing Law Office of Richard S. Cornfeld, LLC and Goldenberg Heller & Antognoli, P.C. as lead counsel for the Classes;

C.    Awarding statutory damages of $5,000 for each and every violation if the Court finds that Innovative Heights' and/or CenterEdge's and/or Sky Zone Franchise Group's violations were intentional or reckless, or, alternatively, statutory damages of $1,000 for each and every negligent violation of IBIPA;

D.    Awarding actual damages to Plaintiff and the members of the Classes if greater than liquidated damages, as provided for under IBIPA;

E.    Declaring that Innovative Heights', CenterEdge's, and Sky Zone Franchise Group's actions, as set forth above, violate IBIPA;

25

F.      Awarding injunctive or other equitable relief as required to protect the interests of Plaintiff and Members of the Classes, including an order requiring Innovative Heights, CenterEdge, and Sky Zone Franchise Group to collect, store, use, and destroy biometric identifiers and biometric information in a manner that complies with the requirements set forth in IBIPA;

G.      Awarding pre-judgment and post-judgment interest;

H.      Awarding reasonable attorneys' fees and costs herein;

I.      Awarding such other and further relief as the court deems fit and proper.


Dated: September 17, 2021                 Respectfully submitted,

                                          **GOLDENBERG HELLER**
                                          **& ANTOGNOLI, P.C.**

                                          By:  */s/ Kevin P. Green*
                                               Kevin P. Green, #6299905
                                               2227 South State Route 157
                                               Edwardsville, ILL 62025
                                               Telephone: (618) 656-5150
                                               kevin@ghalaw.com

                                               Richard S. Cornfeld, #0519391
                                               Daniel S. Levy, #6315524
                                               LAW OFFICE OF RICHARD S. CORNFELD, LLC
                                               1010 Market Street, Suite 1645
                                               St. Louis, MO 63101
                                               P. 314-241-5799
                                               F. 314-241-5788
                                               rcornfeld@cornfeldlegal.com
                                               dlevy@cornfeldlegal.com


                                          ***Attorneys for Plaintiff***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on September 17, 2021, the foregoing document was filed electronically with the Clerk of Court and served upon all counsel of record via the Court's electronic notification system.

<i>/s/ Kevin P. Green</i>