# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into between plaintiff Madisyn Stauffer, (the "Class Representative" or "Plaintiff"), on behalf of herself and all members of the Settlement Class, as defined herein, and defendant Pathfinder Software, LLC, d/b/a CenterEdge Software ("CenterEdge"). Each party to this Agreement shall be referred to as a "Party" and collectively as the "Parties."

As provided herein, the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Settlement Agreement, and subject to approval of the Court, all claims only against Pathfinder Software, LLC in the action entitled *Stauffer v. Innovative Heights Fairview Heights, LLC,, et al.*, No. 3:20-cv-00046-MAB (S.D. Ill.) (the "Action") shall be settled and compromised upon the terms and conditions contained herein.

## RECITALS

1.      Plaintiff filed the Action on April 29, 2019.

2.      CenterEdge is a technology company that provides hardware and software to companies throughout Illinois that includes fingerprint matching and identification.

3.      With respect to CenterEdge, the Action asserts that CenterEdge violated various provisions of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq. ("BIPA"), in connection with the scanning of fingerprints to, *inter alia*, clock in and out of work.

4.      On January 23, 2023, the Parties commenced in-person mediation in Chicago, Illinois with the Honorable James R. Epstein (Ret.), a former justice of the Illinois Appellate Court and former judge in the Chancery Division of the Circuit Court of Cook County, who has experience mediating numerous cases, including cases brought under BIPA.

1

5.     At the mediation, the Parties reached agreement on the material terms for a settlement, which were reduced to a Term Sheet signed by the Parties.  This Agreement embodies, finalizes, and supersedes the Term Sheet.

6.     At all times, the negotiations leading to this Agreement have been adversarial, non-collusive, and at arm's length.

7.     CenterEdge denies any wrongdoing; does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged against them in the Action; and denies that they have any liability whatsoever, but have agreed to this settlement because of the substantial risk and expense of litigation and the disruption to their business operations.

8.     Counsel for Plaintiff and the Settlement Class have conducted a thorough study and investigation of the law and facts relating to the claims that were asserted and that could have been asserted, as well as a thorough study and investigation of the scope and identity of the Settlement Class, and have concluded, taking into account the benefits of this settlement, as defined below, and the risks and delays of further litigation, that this settlement is fair and reasonable and in the best interests of the Settlement Class.

9.     The Parties wish to settle the Action, effect a compromise, and terminate the Action against CenterEdge.

In light of the above recitals, which are incorporated into this Agreement, the Parties understand and agree that the claims described herein shall be settled, compromised, and released, upon and subject to the following terms and conditions:

## AGREEMENT

**A.    DEFINITIONS**

In addition to the terms defined at various points within this Agreement, the following terms set forth in this Section have the following meanings throughout this Settlement Agreement:

**1.** "**Action**" or "**Litigation**" means *Stauffer v. Innovative Heights Fairview Heights, LLC,, et al.*, No. 3:20-cv-00046-MAB, currently pending in the United State District Court for the Southern District of Illinois.

**2.** "**Agreement**" or "**Settlement Agreement**" means this Settlement Agreement and all its attachments and exhibits.

**3.** "**Award**" means the per-person portion of the Net Settlement Fund distributed to each of the Award Recipients, to be determined as set forth herein.

**4.** "**Award Recipients**" means each person in the No-Claim Class who does not timely and properly opt out of this Agreement pursuant to the procedures set forth herein and each Claims-Made Class Participant.

**5.** "**CenterEdge**" or "**Defendant**" means Pathfinder Software, LLC d/b/a CenterEdge Software, a North Carolina limited liability company.

**6.** "**CenterEdge Class**" means all persons in the No-Claim Class and the Claims-Made Class.

**7.** "**Claim Form**" means the form in substantially the same form as shown in Exhibit 12 hereto, which members of the Claims-Made Class must complete and submit to the Settlement Administrator during the Claims Period to receive the Award.  The "Claim Form" includes an online version of the Claim Form that may be completed on the Settlement Website and electronically signed and submitted.

8.     "**Claims-Made Class**" means all persons who are on the Claims-Made Class List and who, at any time from April 29, 2014, through the Preliminary Approval Date, scanned one or more fingers into a CenterEdge system at any of the following locations:

- Sky Zone in Aurora, IL
- Sky Zone in Joliet, IL
- Sky Zone in Elmhurst, IL

Excluded from the Claims-Made Class are the Court and staff to whom this case is assigned, and any immediate family members of the Court or its staff.

9.     "**Claims-Made Class Email Notice**" means the first email to be sent to each person on the Claims-Made Class List for whom the Settlement Administrator has an email address pursuant to Section F hereof, as mutually agreed by the parties and approved by the Court in substantially the same form as Exhibit 9.

10.     "**Claims-Made Class Follow-Up Email Notice**" means a second email to be sent to each person on the Claims-Made Class List for whom the Settlement Administrator has an email address pursuant to Section F hereof, as mutually agreed by the parties and approved by the Court in substantially the same form as Exhibit 10.

11.     "**Claims-Made Class Follow-Up Text Notice**" means a second text message to be sent to each person on the Claims-Made Class List for whom the Settlement Administrator has a phone number pursuant to Section F hereof, as mutually agreed by the parties and approved by the Court in substantially the same form as Exhibit 11.

12.     "**Claims-Made Class List**" means the list set forth in Exhibit 4 hereto of all potential members of the Claims-Made Class identified as of the date of this Settlement Agreement, as described in Section F.2, herein.

13.     "**Claims-Made Class Mailed Notice**" means the document to be sent to each person on the Claims-Made Class List for whom the Settlement Administrator has an address pursuant to Section F hereof, as mutually agreed by the parties and approved by the Court in substantially the same form as Exhibit 8.

14.     "**Claims-Made Class Participant**" means each member of the Claims-Made Class who submits a Claim Form during the Claim Period that is determined to be timely and eligible for an Award pursuant to the procedures described in Section G herein.

15.     "**Claims-Made Class Text Notice**" means the first text message to be sent to each person on the Claims-Made Class List for whom the Settlement Administrator has a phone number pursuant to Section F hereof, as mutually agreed by the parties and approved by the Court in substantially the same form as Exhibit 11.

16.     "**Claims Period**" means the period beginning on the Preliminary Approval Date and ending on the business day on or next after that is seventy-five (75) days after the Settlement Notice Date.

17.     "**Claims Process**" means the process established by Section G of this Agreement pursuant to which members of the Claims-Made Class may elect to receive the Award.

18.     "**Class Counsel**" means Kevin P. Green, Richard S. Cornfeld, Daniel S. Levy, and Thomas C. Horscroft of Goldenberg, Heller, & Antognoli, P.C., who represent Plaintiff and the Settlement Class.

19.     "**Class List**" means collectively the No-Claim Class List and the Claims-Made Class List.

20.    "**Class List Contact Information**" means the document(s) and/or data file(s) containing the addresses, and, if available, phone number and email addresses, of the persons on the Class List.

21.    "**Court**" means the U.S. District Court for the Southern District of Illinois.

22.    "**Defendant's Counsel**" means Josh M. Kantrow and Thomas M. Wolf of Lewis Brisbois Bisgaard & Smith LLP, who represent CenterEdge, or any subsequently identified counsel for CenterEdge.

23.    "**Effective Date**" means the date on which the Final Judgment becomes final. "Final" as applicable to the Final Judgment means:

      (a)    If no appeal is taken, at the expiration of the time period allowed for appeal; or

      (b)    If any appeal is taken, on the date on which all appeals, including petitions for rehearing or reargument, petitions for review and petitions for certiorari or any other form of further review, have been finally disposed of in a manner resulting in affirmance of all the material provisions of the Final Order and Judgment.

24.    "**Fee Application**" means Class Counsel's application to the Court for attorneys' fees and Rule 54 and 23 Costs, and the Service Award, which shall be filed within sixty (60) days after the Preliminary Approval Date.

25.    "**Fee Award**" means the Court's award of attorneys' fees, costs, and any service award pursuant to the Fee Application.

26.    "**Final Approval**" means the Court's entry of its Final Judgment granting final approval of this Agreement.

27.     "**Final Approval Hearing**" means the hearing before the Court for Final Approval as required by Federal Rule of Civil Procedure 23(e).

28.     "**Final Judgment**" means the Court's Final Order and Judgment that is substantially consistent with this Agreement in the form attached as Exhibit 2 hereto.  In the event that the Court issues separate orders addressing the matters constituting Final Approval, then Final Judgment includes all such orders.

29.     "**Net Settlement Fund**" means the Settlement Amount less the Fee Award, Service Award, and Settlement Administration Expenses.

30.     "**No-Claim Class**" means the 2,177 persons specifically identified in the No-Claim Class List who have been identified by name and contact information during discovery as having scanned one or more fingers into a CenterEdge system in Illinois at any time from April 29, 2014, through the Preliminary Approval Date.  Excluded from the No-Claim Class are the Court and staff to whom this case is assigned, and any immediate family members of the Court or its staff.

31.     "**No-Claim Class Email Notice**" means the email to be sent to each person on the No-Claim Class List for whom the Settlement Administrator has an email address pursuant to Section F hereof, as mutually agreed by the parties and approved by the Court in substantially the same form as Exhibit 6.

32.     "**No-Claim Class List**" means the list of persons set forth in Exhibit 3 hereto, and as described in Section F.1 herein.

33.     "**No-Claim Class Mailed Notice**" means the document to be sent to each person on the No-Claim Class List for whom the Settlement Administrator has a postal address pursuant to Section F hereof, as mutually agreed by the parties and approved by the Court in substantially the same form as Exhibit 5.

34.     **"No-Claim Class Text Notice"** means the text message to be sent to each person on the No-Claim Class List for whom the Settlement Administrator has a phone number pursuant to Section F hereof, as mutually agreed by the parties and approved by the Court in substantially the same form as Exhibit 7.

35.     **"Objection Deadline"** means the business day on or next after sixty (60) days after the Settlement Notice Date by which any Settlement Class Member must file and serve a written statement objecting to this Agreement, to the Fee Application, or to any proposed Service Award to the Class Representative.  The Objection Deadline shall also be the deadline for a Settlement Class Member to file a written notice of intention to appear and for any counsel intending to represent a Settlement Class Member to file an entry of appearance.

36.     **"Opt-Out Deadline"** means the business day on or next after sixty (60) days after the Settlement Notice Date by which a Request for Exclusion must be postmarked.

37.     **"Opt-Out List"** means the list created by the Settlement Administrator identifying all persons who have opted-out of the Agreement by submitting a timely and proper Request for Exclusion.

38.     **"Plaintiff"** or **"Class Representative"** means Plaintiff Madisyn Stauffer.

39.     **"Preliminary Approval"** means the Order entered by the Court granting Preliminary Approval of this Agreement, in substantially the same form as Exhibit 1 hereto.

40.     **"Preliminary Approval Date"** means the date on which the Court enters its Order granting Preliminary Approval.

41.     **"Released Parties"** means Pathfinder Software, LLC d/b/a CenterEdge Software, a North Carolina limited liability company, and each and all of its predecessors, successors, parents, subsidiaries and related entities, and each and all of its present and former officers,

directors, employees, attorneys, insurers, and each and all of its successors, heirs, and assigns, jointly and severally. Defendants Innovative Heights Fairview Heights, LLC and Sky Zone Franchise Group, LLC are not Released Parties.

42.    "**Request for Exclusion**" means a request to be excluded from the Agreement, submitted in accordance with Section H hereof.

43.    "**Service Award**" means the award to the Class Representative, to be determined by the Court, as a service payment for the time and resources she has put into representing the Settlement Class Members.

44.    "**Settlement Administration Expenses**" means all costs incurred in connection with services provided by the Settlement Administrator, or other parties, in connection with this Agreement, including services required for notice and administration of the settlement, and all other services required to effectuate this Agreement.

45.    "**Settlement Administrator**" means Atticus Administration, LLC.  Class Counsel and CenterEdge may, by agreement, substitute a different organization as Settlement Administrator, subject to approval by the Court if the Court has previously approved the Agreement preliminarily or finally.  Either Class Counsel or CenterEdge may move the Court to substitute a different organization as Settlement Administrator, upon a showing that the responsibilities of Settlement Administrator have not been adequately executed by the Settlement Administrator.

46.    "**Settlement Amount**" means a common fund of One Million One Hundred Seventy-Five Thousand Dollars ($1,175,000.00), which shall be used to pay the: (i) Award Recipients; (ii) Fee Award; (iii) Service Award; and (iv) Settlement Administration Expense.

47.     "**Settlement Class**" means all persons in the CenterEdge Class who do not timely and properly opt out of this Agreement pursuant to the procedures set forth herein.

48.     "**Settlement Escrow**" means an account established by the Settlement Administrator to hold the Settlement Amount paid by CenterEdge under Section C.2 hereof, and from which amounts due pursuant to this Agreement will be paid.

49.     "**Settlement Notice**" means collectively the settlement notices approved by the Court, including the No-Claim Class Mailed Notice, the No-Claim Class Email Notice, the No-Claim Class Text Notice, the Claims-Made Class Mailed Notice, the Claims-Made Class Email Notice, the Claims-Made Class Follow-Up Email Notice, the Claims-Made Class Text Notice, and the Claims-Made Class Follow-Up Text Notice.

50.     "**Settlement Notice Date**" means the date set by the Court by which the Settlement Administrator is to send the Settlement Notice pursuant to Section F.5(b)-(d) hereof.

51.     "**Settlement Website**" means the website created by the Settlement Administrator pursuant to Section F.5(a) hereof.

**B.     THE SETTLEMENT CLASS AND PRELIMINARY APPROVAL**

1.     **Settlement Class Certification.**  For settlement purposes only, the Parties agree that the Court may certify the Settlement Class in this Action pursuant to Federal Rule of Civil Procedure 23(b)(3).  Plaintiff shall seek certification of the Settlement Class in connection with the motion for preliminary approval of this settlement.  CenterEdge agrees not to contest certification of the Settlement Class but reserves its rights to contest any motion to certify a class for trial.

2.     **Preliminary Approval.**  As soon as practicable following the execution of this Agreement, Plaintiff shall move the Court for an order under Rule 23(e) substantially in the form of Exhibit 1 hereto:

(a)    preliminarily approving this Agreement;

(b)    certifying the Settlement Class;

(c)    approving the Parties' selection of the Settlement Administrator;

(d)    approving the Settlement Notice and notice plan described herein;

(e)    approving the Opt-Out Deadline and Objection Deadline;

(f)    approving the Claim Form, Claims Process, and Claim Period; and

(g)    setting a Final Approval Hearing date.

A motion for Final Approval will be filed after the Opt-Out/Objection Deadline and at least fourteen (14) days prior to a Final Approval Hearing, or as otherwise directed by the Court. By the same date, CenterEdge will file a Motion for Good Faith Finding of Settlement. CenterEdge agrees to request that the Court incorporate its ruling on this motion into its Final Judgment.

In the event that Final Approval is not achieved for whatever reason or the Effective Date does not otherwise occur, the Court's orders contemplated by this Section shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity for any purpose in the Action or otherwise. In the event that Final Approval is not achieved, the Parties shall meet and confer within seven (7) days of the Court's Order denying approval to engage in good faith efforts to address concerns raised by the Court. Within fourteen (14) days of this good-faith conference or such time as the Court may direct, the Parties shall file a revised version of this settlement agreement with the Court in an attempt to address the Court's concerns. The Parties agree and acknowledge the Settlement Agreement is contingent on the Court making Good Faith Finding of Settlement. Should that finding not be made by the Court for any reason, this Settlement Agreement shall not be effective or binding on the Parties in any manner.

C.     **THE SETTLEMENT RELIEF**

1.     **Injunctive Relief.**   CenterEdge consents to the Court's entry of a permanent injunction in substantially the same form as described in this paragraph.  To ensure to the best of its ability that no further alleged violations of BIPA occur, CenterEdge will do the following:

   a.     Provide a software upgrade to all of its clients' locations in Illinois which both have an active license agreement with CenterEdge and whose servers are online and accessible to CenterEdge. Such software upgrade will prevent those locations from enrolling any new employees in the finger scanning device on the CenterEdge System.

   b.     Confirm the software upgrade was installed on the server of all of its clients' locations in Illinois which both have an active license agreement with CenterEdge and whose servers are online and accessible to CenterEdge.

   c.     For all of its clients' locations in Illinois which both have an active license agreement and whose servers are online and accessible to CenterEdge, other than the Sky Zone locations to the extent that there are any, once the software upgrade to prevent new fingerprint enrollments is in place as described above, CenterEdge will then overwrite any existing fingerprints in the clients' live database with dummy data. This would eliminate the actual fingerprint data, but would *not* eliminate the *indicator* of who in their database had a fingerprint stored. Overwriting this data would not impact existing database backups that the clients might have. CenterEdge would not be able to delete those backups or any fingerprint data that might exist in such backups. Nor will CenterEdge restrict the clients' ability to delete the actual or dummy (indicator) data in the database.

   d.     CenterEdge shall take no action referenced in subsection (c) above currently for any Sky Zone location as those locations are still potentially impacted by the remaining claims in the Action.

2.     **Monetary Relief.**     CenterEdge agrees to pay the Settlement Amount of $1,175,000.00, which shall be used to pay the: (i) Award Recipients; (ii) Fee Award; (iii) Service Award; and (iv) Settlement Administration Expenses.  Members of the No-Claim Class will not be required to submit a Claim Form to receive an Award.  Members of the Claims-Made Class who do not opt-out must timely return a valid Claim Form to receive an Award.  After the Claims Period and Opt-Out Deadline have expired, the No-Claim Class members who have not opted out and the Claims-Made Class Participants will constitute the Award Recipients, each of whom

receive a *pro rata* amount of the Net Settlement Fund.  Accordingly, there will be no unused

portion of the Net Settlement Fund.  No portion of the Settlement Amount or Net Settlement Fund

will revert to CenterEdge unless this Agreement is terminated under the terms stated herein.

**D.    COURT APPOINTMENT AND RETENTION OF SETTLEMENT ADMINISTRATOR**

The Parties agree to propose that the Court appoint Atticus Administration LLC as the

Settlement Administrator.  The Settlement Administrator will facilitate the notice process by

assisting the Parties and providing professional guidance in the implementation of the notice.  The

Settlement Administrator shall administer: (a) the notice plan described herein and directed by the

Court; (b) the Opt-Out and Objection Process set forth herein; (c) the Claims Process set forth

herein; and (d) the receipt and distribution of all payments required by this Agreement pursuant to

the schedules set forth herein, or as otherwise directed by the Court.

**E.    THE SETTLEMENT FUND**

**1.    Consideration.**  In exchange for the mutual promises and covenants in this

Agreement, including, without limitation, the Releases set forth in Section K, the dismissal of the

claims against CenterEdge in the Action upon Final Approval, and granting of CenterEdge's

Motion for Good Faith Finding of Settlement, CenterEdge agrees to pay the Settlement Amount

into the Settlement Escrow.

**2.    Deposit into Settlement Escrow.** Within ten (10) days after the Preliminary

Approval Date, CenterEdge will deposit the Settlement Amount into the Settlement Escrow

pursuant to the payment instructions of the Settlement Administrator.

**3.    Qualified Settlement Fund.**  The funds in the Settlement Escrow shall be deemed

a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l at all

times since creation of the Settlement Escrow.  All taxes (including any estimated taxes, and any

interest or penalties relating to them) arising with respect to the income earned by the Settlement Escrow or otherwise, including any taxes or tax detriments that may be imposed upon CenterEdge, Defendant's Counsel, Plaintiff and/or Class Counsel with respect to income earned by the Settlement Escrow for any period during which the Settlement Escrow does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), shall be paid out of the Settlement Escrow.  CenterEdge and Defendant's Counsel and Plaintiff and Class Counsel shall have no liability or responsibility for any of the Taxes.  The Settlement Escrow shall indemnify and hold CenterEdge and Defendant's Counsel and Plaintiff and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

4.     **Use of Settlement Amount.**  The Settlement Amount shall be used for the following purposes:

        **(a)**      Payments to the Settlement Class;

        **(b)**      Payment of any Settlement Administration Expense;

        **(c)**      Payment of the Court-ordered Fee Award;

        **(d)**      Payment of all Taxes as set forth in Paragraph E.3; and

        **(e)**      Payment of any other fees, costs and expenses not specifically enumerated in Subparagraphs (a) through (e) of this Paragraph, subject to approval of Class Counsel, Defendant's Counsel, and the Court.

5.     **No Reversion.**  No portion of the Settlement Amount shall revert to CenterEdge, except where the Settlement Agreement is terminated as described herein. In no event shall CenterEdge be required to pay more than the Settlement Amount in connection with this Settlement.

F.     **NOTICE**

**1.**     **Preparation of No-Claim Class List.**  The Parties acknowledge and agree that they have used best efforts to compile the No-Claim Class List and Class List Contact Information in good faith based on documents produced in discovery and in response to subpoenas and other third-party discovery.

**2.**     **Preparation of Claims-Made Class List.**  The Parties acknowledge and agree that they have used best efforts to compile the Claims-Made Class List and Class List Contact Information in good faith based on documents produced in discovery and in response to subpoenas and other third-party discovery.

**3.**     **Production of Class List Contact Information to Settlement Administrators.**  Within five (5) days after Preliminary Approval, Class Counsel will provide the Settlement Administrator with the Class List Contact Information. The Parties and the Settlement Administrator will agree that the Settlement Administrator will maintain the Class List Contact Information in a confidential manner.

**4.**     **Forms of Notice.**  Members of the Claims-Made Class need to file a claim to receive their Award, while members of the No-Claim Class do not. Therefore, the form of the notice for these groups will be substantially the same, except that the Claims-Made Class Notice will include: (1) a Claim Form (and/or link to the Claim Form on the Settlement Website); and (2) a description of the Claim Period and Claim Process, including an explanation that the failure to file a Claim Form will result in no Award. The form of the notices for the No-Claim Class and the Claims-Made Class are attached hereto as Exhibits 5-11, subject to Court modification and approval.

5.      **Methods of Notice.**

(a)      **Settlement Website.**  Within seven (7) days after the Preliminary Approval Date, the Settlement Administrator will create the Settlement Website (www.centeredgesettlement.com), which will include links to the Settlement Notice, the Settlement Agreement, the Claim Form, the Fee Application, Class Counsel's contact information, applicable deadlines, and orders of the Court pertaining to the settlement.  Class Counsel and Defendant's Counsel shall jointly approve any additional content in advance of posting on the Settlement Website.

(b)      **Mailed Notice.** Within twenty-one (21) days after the Preliminary Approval Date, the Settlement Administrator will send via U.S. mail, postage prepaid: (1) the No-Claim Class Mailed Notice to each individual identified on the No-Claim Class List; and (2) the Claims-Made Class Mailed Notice to each individual identified on the Claims-Made Class List.  Prior to sending notice, the Settlement Administrator will process the address of each person identified in the Class List through the U.S. Postal Service's National Change of Address database (the "Address Database").  The notice will be mailed to the last known address reflected in the Class List Contact Information unless a different address is listed in the Address Database, in which case the notice will be mailed to the address listed in the Address Database. For up to thirty-five (35) days after the Settlement Notice Date, the Settlement Administrator will re-mail notice via standard U.S. Mail, postage prepaid, to any updated addresses to the extent that it receives address change notifications from the U.S. Postal Service or pursuant to a request from a person on the Class List.

(c)      **Email Notice.**  Within twenty-one (21) days after the Preliminary Approval Date, the Settlement Administrator will email: (1) the No-Claim Class Email Notice to each person

on the No-Claim Class List whose email address is identified in the Class List Contact Information; and (2) the Claims-Made Class Email Notice to each person on the Claims-Made Class List whose email address is identified in the Class List Contact Information.

      (d)    **Text Message Notice.**  Within twenty-one (21) days after the Preliminary Approval Date, the Settlement Administrator will send: (1) the No-Claim Class Text Notice to each person on the No-Claim Class List whose phone number is identified in the Class List Contact Information; and (2) the Claims-Made Class Text Notice to each person on the Claims-Made Class List whose phone number is identified in the Class List Contact Information.

      (e)    **Follow-Up Notice.**  Forty-Five (45) days after Settlement Notice Date, the Settlement Administrator will: (1) email the Claims-Made Class Follow-Up Email Notice to each person on the Claims-Made Class List who has not yet returned a Claim Form and whose email address is identified in the Class List Contact Information; and (2) send the Claims-Made Class Follow-Up Text Notice to each person on the Claims-Made Class List who has not yet returned a Claim Form and whose phone number is identified in the Class List Contact Information.

## G.    CLAIMS SUBMITTAL AND REVIEW PROCESS

      1.    **Submission of Claim Form.**  Members of the Claims-Made Class who wish to receive the Award must submit to the Settlement Administrator a completed Claim Form on or before the close of the Claims Period. The Claim Form will be mailed to the Class Members and also made available on the Settlement Website for Class Members to print and deliver to the Settlement Administrator by mail or e-mail.  The Settlement Website will also contain a Claim Form that can be completed online, electronically signed, and submitted to the Settlement Administrator online.

      2.    **Timely and Valid Claim Forms.**  A claim for is timely if it is postmarked or electronically submitted on or before the last day of the Claims Period.  The timeliness of the

submission of any Claim Form will be conclusively determined by the Settlement Administrator based on the postmark or other like proof of the date of mailing or transmission, including the time stamp of submission of the online Claim Form. A properly completed Claim Form that is timely submitted is presumptively valid. The Settlement Administrator may contact any person to correct a defect in a submitted Claim Form for up to five (5) days after the Claims Period has ended. The Parties agree to work together in good faith to resolve any disputes regarding the validity or timeliness of a Claim Form.

**3.      List of Award Recipients.**  Within seven (7) days after the end of the Claims Period, the Settlement Administrator shall provide to Class Counsel and Defendant's Counsel a list of all Award Recipients, divided into the No-Claim Class and the Claims-Made Class Participants.

**H.      OPT-OUT RIGHTS**

**1.      Right to Opt Out of Agreement.**  A CenterEdge Class member shall have the right to opt out of this Settlement Agreement on or before the Opt-Out Deadline by following the procedures set forth in this Section. All persons who timely and properly opt out of the Settlement Agreement shall not: (1) be bound by any orders or judgments entered in this Action; (2) be entitled to relief under or be affected by this Settlement Agreement; (3) gain any rights or release any claims by virtue of this Settlement Agreement; or (4) be entitled to object to any aspect of this Settlement Agreement. Except for those persons who have timely and properly opted out, all other CenterEdge Class members will be members of the Settlement Class for all purposes under this Settlement Agreement. Any person who submits a Claim Form shall be deemed to have waived his or her right to opt-out of the Settlement Agreement, regardless of whether the person has also submitted a Request for Exclusion.

2.      **Procedures for Opting Out.**  In order to exercise the opt-out right, the person must execute and submit (by mail or email) a written Request for Exclusion to the Settlement Administrator postmarked or emailed on or before the end of the Opt-Out Deadline.  A Request for Exclusion must include the person's present name, address, telephone number, and email, a clear and unequivocal statement that the person wishes to be excluded from the Settlement Agreement, and the actual or digital signature of the person or, only in the case of a person who is deceased or incapacitated, the signature of the person's legally authorized representative.  A Request for Exclusion shall apply only to the individual who submits the valid Request for Exclusion.  No Request for Exclusion may be made on behalf of a group of persons.  The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with copies of all completed Requests for Exclusion within three (3) business days of receipt.

3.      **Revocation of Request for Exclusion.**  Any person who timely submits a Request for Exclusion may, prior to the Opt-Out Deadline, submit to the Settlement Administrator a written revocation of the Request for Exclusion, such revocation to simply bear the person's name, address, signature, and a statement of the person revoking the prior Request for Exclusion.

4.      **Non-Solicitation of Opt-Outs.**  Neither CenterEdge nor the Class Representative, nor their respective counsel will encourage any person to opt out of the Settlement Agreement.

5.      **List of Class Members Timely Electing to Opt Out.**  Within seven (7) days after the Opt-Out Deadline, the Settlement Administrator shall provide the Opt-Out List to Class Counsel and Defendant's Counsel.

I.      **OBJECTIONS BY SETTLEMENT CLASS MEMBERS**

1.      **Procedure for Objections.**  Only CenterEdge Class Members who do not timely submit a valid Request for Exclusion may object to the Settlement Agreement, Fee Application, or any payment identified herein or related to this Agreement.  Any CenterEdge Class Member

who wishes to object must file a written objection with the Court and serve the objection on Class Counsel and Defendant's Counsel on or before the Objection Deadline.  To be valid, objections must be filed with the Clerk of Court, 750 Missouri Avenue, East St. Louis, IL 62201.  Any objections made by a Settlement Class Member who is represented by counsel must be filed through the Court's CM/ECF system. Any objections by Settlement Class Members representing themselves that are filed in paper form will be placed on the docket by the Clerk of Court.

2.     **Content of Objections.**  Written objections must include: (i) the objector's name, address, telephone number, and email; (ii) a statement of each objection; (iii) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection.  If the objection is made through an attorney, the written objection must also include the identity of the Settlement Class member represented by objector's counsel.  No objection may be made on behalf of a group of Settlement Class members.

3.     **Waiver of Objection.**  Settlement Class members who fail to file and to serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement, Fee Application, or any payment identified herein or awarded by the Court.

4.     **Notice of Appearance.**  Any Class Member who files and serves a written objection satisfying the requirements of this Section may appear at the Final Approval Hearing, either in person or through personal counsel hired at the Settlement Class member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of the Settlement Agreement. Settlement Class members, or their attorneys, intending to make an appearance at the Final

Approval Hearing must deliver to Class Counsel and Defendant's Counsel and have file-marked by the Court, on or before the Objection Deadline, a Notice of Intention to Appear.  The Notice of Intention to Appear must: (i) state how much time the Settlement Class member anticipates needing to present the objection; (ii) identify, by name, address, telephone number all witnesses the Settlement Class member proposes to have testify; (iii) summarize in detail the anticipated testimony of all such witnesses; (iv) identify all exhibits the Settlement Class member intends to offer in support of the objection; and (v) attach complete copies of all such exhibits.

     **5.**    **Non-Solicitation of Objections.**  Neither CenterEdge nor the Class Representative, nor their respective counsel, will encourage any person to file an objection.

**J.**    **ALLOCATION AND DISTRIBUTION OF THE SETTLEMENT AMOUNT**

     **1.**    **Net Settlement Fund.**

       **(a)**    **Amount.**  Each Award Recipient shall receive a distribution in the amount of a *pro rata* share of the Net Settlement Fund.  Within thirty (30) days after the Court enters Final Approval, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel an accounting of the Settlement Escrow, a calculation of the Net Settlement Fund, and a calculation of the Award.

       **(b)**    **Timing.**  Within fourteen (14) days after the Effective Date, the Settlement Administrator will distribute the Net Settlement Fund to the Award Recipients.

       **(c)**    **Mailing of Settlement Awards.**  Payments will be made to Award Recipients by loading the amount of the award onto a prepaid plastic card (issued by Mastercard) that can be used like a debit card.  To access the money on the card, the recipient need only activate the card by dialing a phone number or visiting a website that will be provided on the card.  The prepaid cards will be mailed by the Settlement Administrator with a statement indicating that it is

from a settlement of the Action.  The cards will be sent to the addresses that the Settlement Administrator identifies as valid Award Recipient addresses.

(d)     **Returned Cards.**  If any Award Recipient's payment card is returned by the U.S. Postal Service as undeliverable, neither the Settlement Administrator, CenterEdge, Defendant's Counsel, nor Class Counsel shall have any further obligations to the Award Recipient, except that:

i.     within 75 days after the Effective Date, for any card returned by the U.S. Postal Service bearing a forwarding address, the Settlement Administrator will mail the card to the forwarding address;

ii.     within 75 days after the Effective Date, for any card returned by the U.S. Postal Service without a forwarding address, the Settlement Administrator will use publicly available databases as is practicable to update Award Recipients' addresses and will cause the card to be re-mailed to such Award Recipients as can be located;

iii.     the Parties agree that all Award Recipients waive and abandon any ownership interest in any returned and undeliverable cards or cards that are returned as undeliverable more than 75 days after the Effective Date, and further agree that no obligation has been generated or proven with respect to such returned or undeliverable cards.

(e)     **Tax Treatment.**  For income tax purposes, the Parties agree that, if required by law, settlement awards to the Award Recipients shall be allocated as non-wage income and shall not be subject to required withholdings and deductions. If required by IRS regulations, the Settlement Administrator shall issue to each Award Recipient an IRS Form 1099. Other than the reporting requirements herein, Award Recipients shall be solely responsible for the reporting and

payment of their share of any federal, state and/or local income or other taxes on payments received pursuant to this Settlement Agreement.

(f)     **Distribution of Undeliverable Cards.**  The Parties agree to request Court approval of a *cy pres* recipient of any prepaid cards that are returned and undeliverable (as set forth in J.1.d.i. and ii above) (the "Undeliverable Cards").  The Parties agree to propose Land of Lincoln Legal Assistance Foundation, Inc. 8787 State Street, Suite 201, East St. Louis, Illinois, as the *cy pres* recipient.  On or before 100 days after the Effective Date, but no earlier than 76 days after the Effective Date, the Settlement Administrator will deliver all the Undeliverable Cards to the *cy pres* recipient, with a cover letter indicating that it is a *cy pres* distribution from the settlement of the Action.

2.     **Settlement Administration Expenses.**  The Settlement Amount will be utilized to pay the Settlement Administration Expenses.   The Parties, in consultation with the Settlement Administrator, estimate this amount to be approximately $30,000.00.   The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the Settlement Agreement. The Settlement Administrator will provide Class Counsel and Defendant's Counsel monthly invoices for all services rendered and may distribute from the Settlement Escrow the full amount of each invoice within seven (7) days after submitting such invoice if no objection is raised to the charges listed on the invoice.  Within seven (7) days after the Court enters Final Approval, the Settlement Administrator will provide Class Counsel and Defendant's Counsel its good faith estimate of all outstanding and future Settlement Administration Expenses, which shall be deemed conclusively established if no objection is raised within seven (7) days after receipt.  The estimated amount shall be deducted from the Settlement Amount in calculating the Net Settlement Fund.

The Parties and the Settlement Administrator agree to work in good faith to timely resolve any disputes related to the Settlement Administrator's invoices and/or estimates, and shall seek judicial intervention only as a last resort.

3.      **Attorneys' Fees and Costs.**  Class Counsel will file its Fee Application no later than sixty (60) days after the Preliminary Approval Date.  Class Counsel may request attorneys' fees of one-third of the Settlement Amount, plus their litigation expenses, to be paid from the Settlement Amount.  In the event the Court does not approve the award of attorney fees and litigation expenses requested by Class Counsel, or the Court awards an amount less than that requested by Class Counsel, such decision shall not affect the validity and enforceability of the Settlement Agreement and shall not be a basis for rendering the entire Settlement Agreement null, void, or unenforceable.  The Parties agree that Class Counsel may file a supplement to the Fee Application up to seven days (7) before the Final Approval Hearing to provide the Court updated information and/or to address issues raised in an objection.  The Settlement Administrator will deliver the Court's Fee Award to Class Counsel within fourteen (14) days after the Effective Date.

4.      **Service Award.**  As part of its Fee Application, Class Counsel will seek the Court's approval of a "Service Award" of up to $5,000 for the Class Representative, to be paid from the Settlement Amount, for her time and effort spent conferring with Class Counsel, pursuing the Action in her own name, and recovering compensation on behalf of the Award Recipients.  In the event the Court does not approve the Service Award requested by Class Counsel, or the Court awards an amount less than that requested by Class Counsel, such decision shall not affect the validity and enforceability of the Settlement Agreement and shall not be a basis for rendering the entire Settlement Agreement null, void, or unenforceable.  Any Service Award shall be allocated as non-wage income and shall not be subject to required withholdings and deductions and shall be

reported as non-wage income as required by law.  The Settlement Administrator will deliver the Court's Service Award to Class Counsel within fourteen (14) days after the Effective Date.

5. **Accounting.**  In addition to the accounting described above, the Settlement Administrator will provide to Class Counsel and Defendant's Counsel an accounting of the Settlement Escrow 60, 100, and 120 days after the Effective Date, as well as on the date that the Settlement Administrator's services are concluded.

## K.   RELEASE

For and in consideration of the Settlement Amount and other consideration, and the mutual promises contained in this Settlement Agreement, Plaintiff and all Settlement Class members, and their respective agents, heirs, executors, administrators, successors, assigns, guardians and representatives, fully and finally release, as of the Effective Date, the Released Parties from any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability whether liquidated or unliquidated, whether known or unknown, that were or could have been asserted in the Action, or are based on or in any way related to CenterEdge's conduct as alleged in the Action, or arising in any way from CenterEdge's collection, storage, possession, disclosure, or use of fingerprints or data derived from fingerprints by CenterEdge between April 29, 2014 and the Preliminary Approval Date.  The scope of this release shall not extend to any claims against Innovative Heights Fairview Heights, LLC, Sky Zone Franchise Group, LLC, or any other third-party using a CenterEdge product.

## L.   NO ADMISSION

CenterEdge denies liability for the claims asserted in this Action. Neither the Settlement documents nor any other item pertaining to the Settlement Agreement contemplated herein shall be offered in any other case or proceeding as evidence of any admission by CenterEdge of any liability with respect to any claim for damages or other relief, or of any admission by Plaintiff that

she would not have prevailed on liability on any of her claims. Any stipulation or admission by CenterEdge or Plaintiff contained in any document pertaining to the Settlement Agreement is made for settlement purposes only. In the event this Agreement is not finally approved, nothing contained herein shall be construed as a waiver by CenterEdge that class certification is not appropriate or is contrary to law in this Action or any other case or proceeding, or by Plaintiff that class certification is appropriate. in this case or any other case or proceeding.

## M.   DISMISSAL OF CLAIMS AGAINST CENTEREDGE IN THE ACTION

The Class Representative, on behalf of herself and the Settlement Class consents to the dismissal with prejudice of all claims against CenterEdge asserted in the Action at the time of entry of the Final Judgment as set forth in the next sentence. The Parties hereby stipulate to the entry of the Final Judgment in a form substantially the same as Exhibit 2 following Final Approval of the Settlement Agreement by the Court.

## N.   ADDITIONAL MATTERS

1.   **Notice to Parties or Counsel.**  Any communication, verification, or notice sent by any Party or their counsel in connection with this Settlement Agreement shall be effected by personal delivery, regular first class mail, email, and/or overnight courier as follows:

| To Plaintiff: | To CenterEdge: |
|---|---|
| Madisyn Stauffer | Pathfinder Software, LLC |
| c/o Kevin P. Green | c/o Josh M. Kantrow |
| Richard S. Cornfeld | Thomas M. Wolf |
| Goldenberg Heller & Antognoli, P.C. | Lewis Brisbois Bisgaard & Smith LLP |
| 2227 South State Route 157 | 550 West Adams Street, Suite 300 |
| Edwardsville, IL 62025 | Chicago, IL 60661 |
| kevin@ghalaw.com | Josh.Kantrow@lewisbrisbois.com |
| rick@ghalaw.com | Thomas.Wolf@lewisbrisbois.com |

2.   **CAFA Notice.**  CenterEdge shall comply with all requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, relating to this Settlement Agreement.  No later than thirty (30) days prior to the Final Approval Hearing, CenterEdge shall file with the Court a

certification of date upon which CAFA notice was served on the appropriate federal and state officials.

3.      **Best Efforts.**  The Parties and their respective counsel agree that the terms of the Settlement Agreement are fair and reasonable and reflect a good-faith settlement of disputed claims.  The Parties and their respective counsel shall reasonably cooperate with each other and use their best efforts to perform all of the terms of this Settlement Agreement and to effect its prompt consummation consistent with its terms.

4.      **Termination of Agreement.**  This Settlement Agreement shall be deemed terminated if there is no Effective Date.

5.      **Admissibility.**  The term sheet, this Settlement Agreement, any drafts of the term sheet or Settlement Agreement, or any other documents relating to the implementation of this Settlement Agreement or the term sheet, shall not be admissible or discoverable in this or another case, proceeding, or cause, except as otherwise provided herein to enforce the terms of this Settlement Agreement in this Action, or to effectuate the settlement.

6.      **Entire Agreement.**  This Settlement Agreement sets forth the entire agreement between the Settlement Parties with respect to its subject matter and the Settlement Parties expressly acknowledge that no other agreements or understandings unexpressed in this Settlement Agreement exist between them relating to the subject matter hereof.

7.      **Amendment.**  This Settlement Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives.

**8.** **Time Periods.** The time periods and dates described in this Settlement Agreement with respect to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of Class Counsel and Defendant's Counsel.

**9.** **Binding Effect.** This Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties and their successors and assigns.

**10.** **Construction.** This Settlement Agreement shall be deemed to have been drafted equally by Class Counsel and Defendant's Counsel and no rule of strict construction shall be applied against or in favor of any of the Parties.

**11.** **Governing Law.** This Settlement Agreement shall be governed by and interpreted according to the laws of the State of Illinois.

**12.** **Counterparts.** This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, and all of which shall be deemed a single agreement. The Agreement may be executed by verified electronic signature, including via DocuSign. For purposes of this Settlement Agreement, a facsimile copy shall constitute an original signature and shall have the same binding effect as an original.

**13.**   **Exhibits.**  The exhibits to this Settlement Agreement are:

**Exhibit 1 –** Proposed Preliminary Approval Order

**Exhibit 2 –** Proposed Final Judgment

**Exhibit 3 -** No-Claim Class List

**Exhibit 4 -** Claims-Made Class List

**Exhibit 5 –** No-Claim Class Mailed Notice

**Exhibit 6 –** No-Claim Class Email Notice

**Exhibit 7 –** No-Claim Class Text Notice

**Exhibit 8 –** Claims-Made Class Mailed Notice

**Exhibit 9 –** Claims-Made Class Email Notice

**Exhibit 10 –** Claims-Made Follow-Up Email Notice

**Exhibit 11 –** Claims-Made Class Text Notice and Follow-Up Text Notice

**Exhibit 12** – Claim Form (Paper and Electronic)

**O.**   **EXECUTION**

The undersigned, being duly authorized, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on that date upon which it has been executed by the last of all of the undersigned.

[This portion of the page intentionally left blank]

**MADISYN STAUFFER, Plaintiff/ Class Representative**

Madisyn Stauffer

Date: _6/14/23_

**PATHFINDER SOFTWARE, LLC d/b/a CENTEREDGE SOFTWARE, Defendant**

By: _____

Title: _CFO_

Date: _6/14/23_

**GOLDENBERG HELLER & ANTOGNOLI, P.C., Counsel for Plaintiff and the Settlement Class**

By: _____

Kevin P. Green
Richard S. Cornfeld
Daniel S. Levy
Thomas C. Horscroft

Date: _6/15/23_

**LEWIS BRISBOIS BISGAARD & SMITH, LLP, Counsel for Pathfinder Software, LLC**

By: _____

Josh M. Kantrow
Thomas M. Wolf

Date: _6/14/23_

30

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

MADISYN STAUFFER,                              )
on behalf of herself and all others similarly )
situated,                                      )
                                               )
                    Plaintiff,                 )        Cause No. 3:20-cv-00046-MAB
                                               )
v.                                             )
                                               )
INNOVATIVE HEIGHTS FAIRVIEW                    )
HEIGHTS, LLC, et al.                           )
                                               )
                    Defendants.                )

## [PROPOSED] PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiff Madisyn Stauffer's Unopposed

Motion for Preliminary Approval of Proposed Class Action Settlement between Plaintiff and

Defendant Pathfinder Software, LLC, d/b/a CenterEdge Software ("CenterEdge"), set forth in the

Settlement Agreement between Plaintiff and CenterEdge (the "Settlement Agreement"), and the

Court having duly considered the papers and arguments of counsel, the Court hereby finds and

orders as follows:

1.      Unless defined herein, all capitalized terms in this Order shall have the same

meanings as set forth in the Settlement Agreement.

### Certification of the Settlement Class and Preliminary Approval of the Settlement

2.      The Settlement Agreement includes the Settlement Class, which consists of two

groups, defined as follows:

>       A.      The 2,177 persons specifically identified in the No-Claim Class List
>               who have been identified by name and contact information during
>               discovery as having scanned one or more fingers into a CenterEdge
>               system in Illinois at any time from April 29, 2014, through the
>               Preliminary Approval Date; and

B.      All persons who are on the Claims-Made Class List and who, at any time from April 29, 2014, through the <mark>Preliminary Approval Date</mark>, scanned one or more fingers into a CenterEdge computer system at any of the following locations:

- Sky Zone in Aurora, IL
- Sky Zone in Joliet, IL
- Sky Zone in Elmhurst, IL

Excluded from the Settlement Class are the Court and staff to whom this case is assigned, any immediate family members of the Court or its staff, and any person who timely and properly opts out of the Settlement Agreement pursuant to the procedures set forth therein.[1]

3.      This Court finds that the Court will likely be able to certify the Settlement Class for purposes of judgment on the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e)(1)(B)(ii) because the requirements for certification under Rule 23(a) and 23(b)(3) are satisfied.  Namely:

a.      Rule 23(a)(1) is satisfied, as the Class consists of over two-thousand persons and is therefore so numerous that joinder of all members is impracticable.

b.      Rule 23(a)(2) is satisfied, as there are numerous questions of law and fact arising from the nucleus of operative fact common to those Class members, including, among others: (i) whether CenterEdge was in possession of the Class' biometric identifiers and/or biometric information; (ii) whether CenterEdge collected, captured, purchased, received through trade, or otherwise obtained the Class' biometric identifiers or biometric information; (iii) whether CenterEdge had to, and whether it did, inform the Class in writing that a biometric identifier or biometric information was being collected or stored; (iv) whether CenterEdge had to, and whether it did inform the Class in writing of the specific purpose and length of term for

---

[1] The Settlement Class is sometimes referred to herein as the Class.

2

which a biometric identifier or biometric information was being collected, stored, and used; (v) whether CenterEdge had to, and whether it did, receive written releases from the Class before capturing, collecting, purchasing, receiving through trade, or otherwise obtaining their biometric identifiers or biometric information; (vi) whether CenterEdge had to, and whether and when it did, develop, make available to the public, and comply with a written policy establishing a retention schedule and guidelines for permanently destroying biometric identifiers and/or biometric information; and (vii) whether any violations of BIPA by CenterEdge were negligent, reckless, or intentional.

      c.     Rule 23(a)(3) is satisfied because the claims of the proposed Class Representative typify those of the absent Class members, as each Class member scanned his/her finger into the CenterEdge system and was subject to the same alleged misconduct in the same manner.

      d.     Rule 23(a)(4) is satisfied because the proposed Class Representative will fairly and adequately protect the interests of the Class as a whole, and has done so thus far.  The Class Representative's interests are aligned with, and not antagonistic to, those of the Class members in seeking to vindicate the privacy rights of the Class under BIPA.  Further, the Class Representative has proceeded with counsel who have vigorously pursued this case and have fairly and adequately protected the interests of the Class.

      e.     Rule 23(b)(3) is satisfied because the common questions of law of fact predominate over questions affecting individual members, as the common issues will be resolved through generalized and common proof—such as CenterEdge's policies and practices in light of their legal obligations—which are more substantial than any issues that may be subject to

3

individualized proof.  Moreover, a class action is a superior method for fairly and efficiently adjudicating the controversy and avoiding inconsistent outcomes.

4.      Accordingly, subject to the Final Approval Hearing referred to in this Order, the Court certifies the Settlement Class and appoints Madisyn Stauffer as Class Representative of the Settlement Class.

5.      Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints Kevin P. Green, Richard S. Cornfeld, Daniel S. Levy, and Thomas C. Horscroft of Goldenberg Heller & Antognoli, P.C., as Class Counsel.  The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and have and will fairly and adequately protect the interests of the Settlement Class.

6.      The Court has conducted a preliminary evaluation of the settlement set forth in the Settlement Agreement for fairness, adequacy, and reasonableness.  Based on this preliminary evaluation, the Court finds that the settlement is fair, reasonable and adequate, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2), and is in the best interests of the Settlement Class.  The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action against CenterEdge, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delays associated with continued litigation, trial, and/or appeal.  The Court also finds that the Settlement Agreement is the result of arm's-length negotiations between experienced class action attorneys familiar with the legal and factual issues of this case, who have diligently investigated and prosecuted this matter, and was facilitated and overseen by an experienced mediator, Hon. James Epstein (Ret.), a former trial court judge and former justice of the Illinois Appellate Court.  Therefore, the Court grants preliminary approval of the settlement.

**Notice and Administration**

7.      Pursuant to Federal Rule of Civil Procedure 23(e)(1)(B), the Court directs that notice of the Settlement Agreement shall be provided to the members of the Settlement Class as set forth herein.

8.      The Court hereby approves the appointment of Atticus Administration, LLC as the Settlement Administrator responsible for administering the Class Notice and the claims for relief submitted by Class Members in accordance with the terms of the Settlement Agreement. The Court also authorizes the Settlement Administrator to carry out such other responsibilities as are provided for in the Settlement Agreement or as may be agreed to by counsel for the Parties.

9.      The Court approves the proposed content and method for giving notice to the Settlement Class.  Counsel for the Parties are directed to modify such notices to reflect the dates set by this order prior to publication and dissemination.  The proposed method of dissemination of Notice set forth in the Settlement Agreement, is the best notice practicable under the circumstances, is a reasonable manner for notice, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including but not limited to the Due Process Clause of the United States Constitution, and is approved.  The Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, and their rights under the Settlement Agreement, including the right to object to or exclude themselves from the settlement.  Class Counsel and CenterEdge Counsel, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication. Therefore, the

Settlement Administrator is directed to send notice on or before [21 days after date of this order] (the "Settlement Notice Date") in accordance with the Settlement Agreement, as follows:

      a.    **Mail Notice.** Within twenty-one (21) days after the Preliminary Approval Date, the Settlement Administrator will send via U.S. mail, postage prepaid: (1) the No-Claim Class Mailed Notice to each individual identified on the No-Claim Class List; and (2) the Claims-Made Class Mailed Notice to each individual identified on the Claims-Made Class List. Prior to sending notice, the Settlement Administrator will process the address of each person identified in the Class List through the U.S. Postal Service's National Change of Address database (the "Address Database"). The notice will be mailed to the last known address reflected in the Class List Contact Information unless a different address is listed in the Address Database, in which case the notice will be mailed to the address listed in the Address Database. For up to thirty-five (35) days after the Settlement Notice Date, the Settlement Administrator will re-mail notice via standard U.S. Mail, postage prepaid, to any updated addresses to the extent that it received address change notifications from the U.S. Postal Service or pursuant to a request from a person on the Class List.

      b.    **Email Notice.** Within twenty-one (21) days after the Preliminary Approval Date, the Settlement Administrator will email: (1) the No-Claim Class Email Notice to each person on the No-Claim Class List whose email address is identified in the  Class List Contact Information; and (2) the Claims-Made Class Email Notice to person on the Claims-Made Class List whose email address is identified in the Class List Contact Information.

      c.    **Text Message Notice.** Within twenty-one (21) days after the Preliminary Approval Date, the Settlement Administrator will send: (1) the No-Claim Class Text Notice to each person on the No-Claim Class List whose phone number is identified in the Class List

6

Contact Information; and (2) the Claims-Made Class Text Notice to each person on the Claims-Made Class List whose phone number is identified in the Class List Contact Information.

        d.    **Follow-Up Notice.**  Forty-Five (45) days after Settlement Notice Date, the Settlement Administrator will: (1) email the Claims-Made Class Follow-Up Email Notice to each person on the Claims-Made Class List who has not yet returned a Claim Form and whose email address is identified in the Class List Contact Information ; and (2) send the Claims-Made Class Follow-Up Text Notice to each person on the Claims-Made Class List who has not yet returned a Claim Form and whose phone number is identified in the Class List Contact Information.

        e.    **Settlement Website**.  Within seven (7) days after the Preliminary Approval Date, the Settlement Administrator will create the Settlement Website (www.centeredgesettlement.com) that will include links to the Settlement Notice, the Settlement Agreement, the Claim Form, the Fee Application, Class Counsel's contact information, applicable deadlines, and orders of the Court pertaining to the settlement.  Class Counsel and CenterEdge's Counsel shall jointly approve any additional content in advance of posting on the Settlement Website.  Class Counsel shall provide to the Settlement Administrator, as soon as practicable after filing, Class Counsel's Fee Application and motion for payment of service awards to the Class Representative, together with supporting memorandum and papers, which the Settlement Administrator will post on the Settlement Website within 5 days of receipt from Class Counsel.  The Court finds that the posting of the Fee Application on the Settlement Website constitutes a reasonable manner of serving the motion pursuant to Rule 23(h).

      10.    No later than seven (7) days before the Final Approval Hearing (defined below), the Settlement Administrator shall provide the Court with a declaration showing that Notice was disseminated in accordance with this Order and the Settlement Agreement.

**Claims**

11.    The Court approves the Claim Form attached to the Settlement Agreement.  Any person on the Claims-Made Class List who qualifies for and wishes to receive the Award must submit to the Settlement Administrator a completed Claim Form on or before the close of the Claims Period.  A Claim Form is timely if it is postmarked or electronically submitted on or before the last day of the Claims Period.

12.    A properly completed Claim Form that is timely submitted is presumptively valid. The Settlement Administrator may contact any person to correct a defect in a submitted Claim Form for up to five (5) days after the Claims Period.

**Exclusions**

13.    Any person on the Class List may request to be excluded (or "opt out") from the Settlement Agreement.  A person who wishes to opt out of the Settlement Agreement must submit to the Settlement Administrator (by mail or email) a written Request for Exclusion, including the person's present name, address, telephone number, and email, a clear and unequivocal statement that the person wishes to be excluded from the Settlement Agreement, and the actual or digital signature of the person or, only in the case of a person who is deceased or incapacitated, the signature of the person's legally authorized representative.  To be timely and valid, the Request for Exclusion must be postmarked or emailed on or before [81 days after date of this order (or next business day thereafter)].  A Request for Exclusion shall apply only to the individual who submits the valid Request for Exclusion.  No Request for Exclusion may be made on behalf of a group of persons.  Any person who submits a Claim Form during the Claim Period shall be deemed to have waived his or her right to opt-out of the Settlement Agreement, regardless of whether the person has also submitted a Request for Exclusion.

8

14.     Any person who properly and timely submits a Requests for Exclusion shall not: (a) be bound by any orders or judgments entered in the Action relating to the Settlement Agreement; (b) be entitled to relief under, or be affected by, the Settlement Agreement; (c) gain any rights by virtue of the Settlement Agreement; or (d) be entitled to object to any aspect of the Settlement Agreement.

**Objections**

15.     Any Settlement Class Members who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to a Final Judgment being entered in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel, or to the requested service award to the Class Representative. To object, Settlement Class Members must sign and file a written objection with the Court and serve the objection on Class Counsel and CenterEdge's Counsel on or before [81 days after date of this order (or next business day thereafter)].

16.     The written statement of objection shall include: (i) the objector's name, address, telephone number, and email; (ii) a statement of each objection; (iii) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection.  If the objection is made through an attorney, the written objection must also include the identity of the Settlement Class Member represented by objector's counsel.  No objection may be made on behalf of a group of Settlement Class Members.

17.     Settlement Class Members, or their attorneys, intending to appear at the Final Approval Hearing must deliver to Class Counsel and CenterEdge's Counsel and have file-

9

marked by the Court, on or before the Objection Deadline, a Notice of Intention to Appear.  The

Notice of Intention to Appear must: (i) state how much time the Settlement Class Member

anticipates needing to present the objection; (ii) identify, by name, address, telephone number of

each proposed testifying witness; (iii) summarize in detail the anticipated testimony of all such

witnesses; (iv) identify all exhibits the Settlement Class Member intends to offer in support of

the objection; and (v) attach complete copies of all such exhibits.  Any Settlement Class Member

who does not timely file and serve a notice of intention to appear shall not be permitted to

appear, except for good cause shown.

18.     To be valid, objections must be filed with the Clerk of Court, 750 Missouri

Avenue, East St. Louis, IL 62201.  Any objections made by a Settlement Class Member who is

represented by counsel must be filed through the Court's CM/ECF system. Any objections by

Settlement Class Members representing themselves that are filed in paper form will be placed on

the docket by the Clerk of Court.

19.     Settlement Class Members who fail to file and serve timely written objections in

compliance with the requirements above shall be deemed to have waived any objections and

shall be foreclosed from making any objections (whether by appeal or otherwise) to the

Settlement Agreement, Fee Application, or any payment identified herein or awarded by the

Court.

20.     The procedures and requirements for filing objections in connection with the

Final Approval Hearing are intended to ensure the efficient administration of justice and the

orderly presentation of any Settlement Class Member's objection to the Settlement, in

accordance with the due process rights of all Settlement Class Members.

**Final Approval Hearing**

21.     On [at least 100 days after Motion for Preliminary Approval Filed per CAFA]

_____, at _____, this Court will hold a Final Approval Hearing on the fairness,

adequacy, and reasonableness of the Settlement Agreement and Fee Application, and to

determine whether Final Judgment approving the settlement and dismissing with prejudice all

claims asserted in the Litigation against CenterEdge should be entered.  The Final Approval

Hearing may be postponed, adjourned, or rescheduled by order of the Court, and the Settlement

Website shall be updated with any new Final Approval Hearing Date.  No further notice to the

Class Members is required.

**Supplemental Filing Deadlines**

22.     Class Counsel shall file their Fee Application within sixty (60) days after the date

of this Preliminary Approval Order.

23.     The Motion for Final Approval shall be filed after the Opt-Out/Objection

Deadline, and no later than fourteen (14) days prior to the Final Approval Hearing.

24.     If any deadline set forth in this Order falls on a Saturday, Sunday or federal

holiday, then such deadline shall extend to the next Court business day.

25.     Summary of Major Dates and Deadlines:

| | |
|---|---|
| Settlement Website goes live | _____, 2023 (7 days after the entry of this Order) |
| Settlement Notice Date | _____, 2023 (21 days after the entry of this Order) |
| Class Counsel's Fee Application Deadline | _____, 2023 (60 days after the entry of this Order) |
| Opt-Out Deadline | _____, 2023 (60 days after the Settlement Notice Date) |
| Objection/Notice of Intent to Appear Deadline | _____, 2023 (60 days after the Settlement Notice Date) |

11

| Deadline for Submission of Claims Form | _____ (75 days after Settlement Notice Date) |
|---|---|
| Motion for Final Approval | _____ (14 days prior to Final Approval Hearing) |
| Final Approval Hearing | _____, at ___. |

26.     Unless modified in this Order, the Court adopts and directs the parties to comply with all deadlines and obligations requiring action prior to the Final Approval Hearing set forth in the Settlement Agreement.  Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement that are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED:  _____, 2023

_____
Hon. Mark A. Beatty
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MADISYN STAUFFER, | ) | |
| on behalf of herself and all others similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 3:20-cv-00046-MAB |
| | ) | |
| v. | ) | |
| | ) | |
| INNOVATIVE HEIGHTS FAIRVIEW | ) | |
| HEIGHTS, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE AS TO DEFENDANT PATHFINDER SOFTWARE, LLC

The Settlement Agreement between Plaintiff Madisyn Stauffer, in both her individual and

representative capacities (the "Class Representative") and Defendant Pathfinder Software, LLC,

d/b/a CenterEdge Software ("CenterEdge"), provides for the Settlement of the claims in this

Action against CenterEdge on behalf of the Class Representative and the Settlement Class

Members, subject to approval by this Court of its terms and to the entry of this Final Judgment.

Pursuant to an Order dated _____, 2023, ("Preliminary Approval Order"),

the Court scheduled a hearing (the "Final Approval Hearing") to consider the approval of the

Settlement Agreement and the Settlement reflected in it.

CenterEdge denies any wrongdoing, fault, violation of law, or liability for damages of

any sort. CenterEdge has agreed to the certification of the Settlement Class for settlement

purposes only.

A Final Approval Hearing was held before this Court on _____, 20__, to

consider, among other things, whether the Settlement should be approved by this Court as fair,

reasonable and adequate, whether Class Counsel's request for approval of attorneys' fees and expenses is reasonable and should be approved by this Court, and whether Class Representative's request for approval of service payments is reasonable and should be approved by this Court.

**NOW THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2.      This Court has subject-matter jurisdiction to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties, including all Settlement Class Members

3.      In this Court's Preliminary Approval Order, the Court preliminarily approved the Settlement Agreement, and for settlement purposes, certified the following Settlement Class after finding that it met the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), as follows:

A.      The 2,177 persons specifically identified in the No-Claim Class List who have been identified by name and contact information during discovery as having scanned one or more fingers into a CenterEdge system in Illinois at any time from April 29, 2014, through the Preliminary Approval Date; and

B.      All persons who are on the Claims-Made Class List and who, at any time from April 29, 2014, through the Preliminary Approval Date, scanned one or more fingers into a CenterEdge system at any of the following locations:

- •      Sky Zone in Aurora, IL
- •      Sky Zone in Joliet, IL
- •      Sky Zone in Elmhurst, IL

Excluded from the Settlement Class are the Court and staff to whom this case is assigned, any immediate family members of the Court or its staff,

and any person who timely and properly opts out of the Settlement Agreement pursuant to the procedures set forth therein.[1]

4.      The Court now confirms final certification of the Settlement Class for purposes of entering this final judgment, appointment of Plaintiff Madisyn Stauffer as Class Representative for the Settlement Class, and the appointment of Class Counsel as described in the Preliminary Approval Order.

5.      Notice to the Settlement Class has been provided pursuant to this Court's Preliminary Approval Order, and the Notice, which included Mail Notice, Email Notice, Text Message Notice, Follow-Up Notice, and the creation of the Settlement Website, provided the best notice practicable under the circumstances, was a reasonable manner for notice, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including but not limited to the Due Process Clause of the United States Constitution.

6.      The Court finds that the appropriate government officials were properly and timely notified of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  As required by CAFA, more than ninety (90) days have elapsed between the date since notice was provided pursuant to CAFA and the Final Approval Hearing.

7.      The Court finds that the Settlement Agreement is the product of good faith arm's-length negotiations between experienced class action attorneys familiar with the legal and factual issues of this case, who have diligently investigated and prosecuted this matter, and was facilitated and overseen by an experienced mediator, Hon. James Epstein (Ret.), a former trial court judge and former justice of the Illinois Appellate Court, and is supported by the Class Representative and Class Counsel. The Class Representative and Class Counsel adequately

---

[1] The Settlement Class is sometimes referred to herein as the Class.

represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

8.      This Court, having considered the factors set forth in Federal Rule of Civil Procedure 23(e)(2) as well as the settlement approval factors set forth by the Seventh Circuit, approves the Settlement and all terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, adequate and in the best interest of the Settlement Class Members, in light of the complexity, expense, and duration of the litigation, the risks involved in maintaining the class action through trial and appeal, and the lack of any objections to the settlement by the Settlement Class. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims. The Court finds that the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and defenses available in the Action and the potential risks of alternatively pursuing litigation on the merits.  The Parties dispute the validity of the claims in this Litigation, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, adequate and in the best interests of the Settlement Class Members.  Beyond facing uncertainty regarding the resolution of those issues, were the Parties to continue to litigate there is also uncertainty relating to CenterEdge's ability, given its size and resources, to satisfy any potential judgment that might provide greater monetary relief to Settlement Class Members beyond what they are entitled to receive under the Settlement Agreement. The relief negotiated by the Parties includes substantial monetary relief for each Settlement Class Member.  For these reasons, the Court finds that the uncertainties of continued litigation in both trial and appellate courts, as well as the tremendous expense associated with it, weigh in favor of approval of the Settlement Agreement.

9.      For the reasons stated in paragraphs 7 and 8 above, the Court further finds that the settlement was entered into in good faith pursuant to 730 ILCS 100/ *et seq*, and, as such, all claims for contribution or indemnity against CenterEdge are hereby barred.

10.     [Address/identify opt-outs.]  Names [*or those identified on Exhibit __*] are hereby excluded from the Settlement Class.

11.     Any and all objections to the Settlement Agreement and the Fee Award have been considered and are hereby found to be without merit and are overruled.  Any member of the Settlement Class who did not timely file and serve an objection in writing to the Settlement Agreement or Fee Award in accordance with the procedures set forth in the Settlement Agreement is deemed to have waived any such objection by appeal, collateral attack, or otherwise.

12.     The Settlement Agreement is hereby finally approved in all respects. The Parties to the Agreement and their counsel are directed are directed to consummate and perform the Settlement Agreement by its terms.  The Settlement Administrator shall provide the Settlement Award to the Award Recipients according to the terms of the Settlement Agreement.

13.     The following injunctive relief, to which CenterEdge has consented, is hereby ORDERED:

To ensure to the best of its ability that no further alleged violations of BIPA occur, CenterEdge will do the following:

a.      Provide a software upgrade to all of its clients' locations in Illinois which both have an active license agreement with CenterEdge and whose servers are online and accessible to CenterEdge. Such software upgrade will prevent those locations from enrolling any new employees in the finger scanning device on the CenterEdge System.

      b.      Confirm the software upgrade was installed on the server of all of its clients' locations in Illinois which both have an active license agreement with CenterEdge and whose servers are online and accessible to CenterEdge.

      c.      For all of its clients' locations in Illinois which both have an active license agreement and whose servers are online and accessible to CenterEdge, other than the Sky Zone locations to the extent that there are any, once the software upgrade to prevent new fingerprint enrollments is in place as described above, CenterEdge will then overwrite any existing fingerprints in the clients' live database with dummy data. This would eliminate the actual fingerprint data, but would *not* eliminate the *indicator* of who in their database had a fingerprint stored. Overwriting this data would not impact existing database backups that the clients might have. CenterEdge would not be able to delete those backups or any fingerprint data that might exist in such backups. Nor will CenterEdge restrict the clients' ability to delete the actual or dummy (indicator) data in the database.

      d.      CenterEdge shall take no action referenced in subsection (c) above currently for any Sky Zone location as those locations are still potentially impacted by the remaining claims in the Action.

14.    The claims against Defendant CenterEdge are hereby dismissed, with prejudice, and without costs to any party. The claims against the other defendants in the Action remain pending.

15.    Upon the Effective Date, the Class Representative and each Settlement Class Member, and their respective agents, heirs, executors, administrators, successors, assigns, guardians and representatives, fully and finally release, as of the Effective Date, the Released Parties from any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability whether liquidated or unliquidated, whether known or unknown, that were or could have been asserted in the Action, or are based on or in any way related to CenterEdge's conduct as alleged in the Action, or arising in any way from CenterEdge's collection, storage, possession, disclosure, or use of fingerprints or data derived from fingerprints by CenterEdge between April 29, 2014 and the Preliminary Approval Date.

16.     The procedures set forth in Rule 23(h) regarding Class Counsel's Fee Application have been satisfied. The Court sets forth its findings of fact and conclusions of law regarding said motion in a separate order awarding attorneys' fees, costs, and a Service Award, which is incorporated herein by reference.

17.     To the extent that any payment issued to a Settlement Class Member pursuant to the Settlement Agreement is returned and determined to be undeliverable under the terms described in the Settlement Agreement, such funds shall be paid to Land of Lincoln Legal Assistance Foundation, Inc. 8787 State Street, Suite 201, East St. Louis, Illinois pursuant to the terms described in the Settlement Agreement.

18.     Without affecting the finality of this Final Judgment in any way, this Court retains continuing jurisdiction for the purpose of enforcing the Settlement Agreement and this Final Judgment, and other matters related or ancillary to the foregoing.

19.     The Parties having so agreed, and good cause appearing, the Court finds pursuant to Rule 54(b) that there is no just reason for delay of enforcement or appeal of this Order, and it is expressly directed that this Final Judgment and Order of Dismissal with Prejudice as to CenterEdge be, and hereby is, entered as a final and appealable order.

Entered this _____ day of _____.

**IT IS SO ORDERED.**

DATED: _____, 2023                    _____
                                                Hon. Mark A. Beatty
                                                UNITED STATES MAGISTRATE JUDGE

**EXHIBIT 3**

**FILED UNDER SEAL**

**EXHIBIT 4**

**FILED UNDER SEAL**

**EXHIBIT 5**

## NOTICE OF CLASS ACTION SETTLEMENT
*Stauffer v. Innovative Heights Fairview Heights, LLC, et al., Case No. 3:20-cv-00046-MAB (S.D. Ill.)*

| **1. Introduction** |
|---|

A federal court preliminarily approved a class action settlement between plaintiff and one defendant in the above-referenced lawsuit (the "Lawsuit"). The Court has approved this Notice to inform individuals who are included in the settlement of their rights. As described in more detail below, you may do one of the following:

| PARTICIPATE (NO ACTION REQUIRED) | You will receive a settlement payment. You will remain in the Class and be subject to the Settlement Agreement. |
|---|---|
| EXCLUDE YOURSELF | You will not receive a settlement payment. You will not remain in the Class and will not be subject to the Settlement Agreement. |
| OBJECT | You will remain a part of the Class and will receive any settlement payment that is approved by the Court if your objection is overruled. |

Before any money is paid, the Court will decide whether to grant final approval of the settlement.

| **2. What Is The Lawsuit About?** |
|---|

The Lawsuit is against multiple defendants asserting violations of the Illinois Biometric Information Privacy Act ("BIPA"). One of the defendants is Pathfinder Software, LLC doing business as CenterEdge Software ("CenterEdge"). CenterEdge supplies businesses in Illinois with point-of-sale system, each of which includes a fingerprint scanner and software that allows employees of CenterEdge customers to do things like clock in or out of work. The Lawsuit alleges CenterEdge violated BIPA by collecting and possessing fingerprint data from people who used a fingerprint to access CenterEdge systems in Illinois without providing the required disclosures and obtaining written consent. CenterEdge denies any violation of the law. The Court did not decide whether CenterEdge violated the law.

| **3. Who Is In The Settlement Class?** |
|---|

The Settlement Class consists of two groups of people. The first group consists of specific individuals who have been identified from information obtained in the Lawsuit as having scanned one or more fingers into a CenterEdge system in Illinois between April 29, 2014 and Preliminary Approval Date. People in the first group do not need to file a claim or take any action to receive their settlement payment.

The second group consists of all persons who, at any time from April 29, 2014, through Preliminary Approval Date, scanned one or more fingers into a CenterEdge system at any of the following Sky Zone Trampoline Park locations: Sky Zone in Elmhurst, IL; Sky Zone in Aurora, IL; or Sky Zone in Joliet, IL. People in the second group will need to file a claim to receive their settlement payment.

Settlement Class members in the first group who do not opt out and Settlement Class members in the second group who timely return a valid claim form are collectively referred to as "Settlement Class Participants."

You are in the first group and **will not need to file a claim or take any action to receive your settlement payment.**

| **4. What Does The Settlement Provide?** |
|---|

The settlement provides, among other things, for a total payment of $1,175,000 that CenterEdge has agreed to pay to settle the claims in the Lawsuit. Subject to Court approval, the gross settlement fund shall be reduced by the following: (1) an award of up to one third of the total settlement for Settlement Class Counsel's attorney fees (estimated to be $391,666) and litigation costs of up to $30,000; (2) a Service Award of $5,000 to Class Representative Madisyn Stauffer; and (3) the Settlement Administrator's costs estimated to be approximately $30,000. Following these reductions, the remaining amount shall be the net settlement fund, which shall be distributed equally to the Settlement Class Participants. No money from the settlement will be returned to CenterEdge.

The exact number of Settlement Class Participants, and the amount of money each Settlement Class Participant will receive will not be known until a later date. Settlement Class Counsel estimate that Settlement Class Participants will receive approximately $230 to $330 each.

**5.   What Are My Options?**

You have the choice of participating in the settlement (by **doing nothing**), **excluding yourself** from the settlement, or **objecting** to the settlement. Please review a list of your options below.

**a.   Participate (no action required).**   To participate in the settlement you do not need to take any action. If you have received this notice and do nothing, you will automatically receive money from the settlement if it is approved by the Court and be bound by all orders and judgments of the Court.

**b.   Exclude yourself from the settlement.** You may exclude yourself from the settlement by mailing or emailing the Settlement Administrator (contact information below) on or before **[DATE_____, 2023**. If you do this, you will NOT receive a settlement payment and will not be bound by the settlement. You must include your name, address, telephone number, email, a clear statement that you wish to be excluded, and your (or your authorized representative's) actual or digital signature. A request to exclude cannot be made on behalf of a group of persons.

**c.   Object to the settlement.** You may object to the settlement on or before **[DATE_____, 2023.** If you want to object to the settlement, you must mail or email a written objection to the Settlement Administrator (contact information below), which includes your full name, address, telephone number, email, and the grounds for the objection. An objection cannot be made on behalf of a group of persons. If you exclude yourself from the settlement, you cannot file an objection.

Each choice has risks and consequences. Unless you exclude yourself, you are staying in the Settlement Class and agreeing to release CenterEdge as set forth in the Settlement Agreement if the Court approves the settlement. This means that you can't sue, continue to sue, or be part of any other lawsuit against CenterEdge about the legal issues related to this case. It also means that all of the Court's orders will apply to you and legally bind you.

**6.   Who Are The Attorneys For The Class And How Will They Be Paid?**

The Court has appointed the following Settlement Class Counsel to represent the Settlement Class in this settlement:

**GOLDENBERG HELLER & ANTOGNOLI, P.C.**
Kevin P. Green; Richard S. Cornfeld; Thomas C. Horscroft; Daniel S. Levy
2227 South State Route 157, Edwardsville, Illinois 62025

Settlement Class Counsel will request up to one-third of the total settlement amount as attorney fees, plus reimbursement of litigation costs, plus payment of a Service Award to Plaintiff and the Settlement Administrator's costs, as described in paragraph 4 above. Settlement Class Counsel's request for such amounts (the "Fee Petition") will be added to the settlement website after it is filed with the Court.

**7.   When Is The Final Approval Hearing?**

The Court will hold a hearing in this case on _____, 2023 at _____, to consider, among other things, whether to finally approve (1) the settlement; and (2) the Fee Petition. You may appear at the final approval hearing, but you are not required to do so.

**8.   Who Is The Settlement Administrator And Are There More Details About The Settlement?**

This notice summarizes the proposed settlement.  More details can be found in the Settlement Agreement and other documents that can be found on the Settlement Website: www.centeredgesettlement.com.  If you have questions concerning this notice that are not answered by the website you may also contact the Settlement Administrator at:

**CenterEdge Settlement**
**c/o Atticus Administration, LLC,**
**PO Box 64053**
**St. Paul, MN 55164**
**1-888-205-6166**
**centeredgesettlement@atticusadmin.com**

***NO INQUIRIES SHOULD BE DIRECTED TO THE CLERK OF THE COURT OR TO THE JUDGE***

**EXHIBIT 6**

<u>No-Claim Class Email Notice</u>

**From:** [ClassActionSettlement@ClaimsAdministratorDomain.com]
**To:**     JonQClassMember@domain.com
**Re:**     Legal Notice of Class Action Settlement – Finger Scan at Illinois Employer into CenterEdge System


You are receiving this notice because you have been identified as having scanned your fingerprint into a computer system at your past or present employer in Illinois. The computer system was provided by a company called Pathfinder Software, LLC, doing business as CenterEdge Software ("CenterEdge").

This notice informs you of a proposed settlement of a class action lawsuit against CenterEdge. The lawsuit is called *Stauffer v. Innovative Heights Fairview Heights, LLC, et al.*, Case No. 3:20-cv-00046-MAB (S.D. Ill.).  The lawsuit is against multiple defendants asserting violations of the Illinois Biometric Information Privacy Act ("BIPA"). One of the defendants is CenterEdge.

CenterEdge supplies businesses in Illinois with point-of-sale system, each of which includes a fingerprint scanner and software that allows employees of CenterEdge customers to do things like clock in or out of work. The lawsuit alleges CenterEdge violated BIPA by collecting and possessing fingerprint data from people who used a fingerprint to access CenterEdge systems in Illinois without providing the required disclosures and obtaining written consent.

The settlement resolves these claims against CenterEdge. CenterEdge denies any violation of the law. The Court did not decide whether CenterEdge violated the law.

**<u>Am I a Class Member?</u>**  The Settlement Class consists of two groups of people: (1) people who have already been identified by their employer as having scanned a fingerprint into a CenterEdge System in Illinois; and (2) people who scanned one or more fingers into the CenterEdge system at Sky Zone Trampoline Park located in Elmhurst, Aurora, or Joliet, Illinois.

Our records indicate that you are in the first group.  Because you have already been identified as having scanned your finger into a CenterEdge system, you are a member of the Settlement Class and entitled to the settlement payment.

**<u>What Do I Need to Do to Receive Payment?</u>**  Nothing.  You have already been identified as a person who scanned your finger into a CenterEdge system on at least one occasion during the relevant period (April 29, 2014 through Preliminary Approval Date).

Therefore, to participate in the settlement **you do not need to take any action**.

If you have received this notice and do nothing, you will automatically receive money from the settlement if it is approved by the Court.

You may contact the Settlement Administrator (contact information below) to provide your most current contact information to ensure delivery of the payment.

**What Do I Get?**

If you are a Settlement Class Member and you do not opt out of the settlement, and if the Court grants final approval of the settlement, you will receive money from the settlement and be bound by all orders and judgments of the Court.

The settlement provides, among other things, for a total payment of $1,175,000 that CenterEdge has agreed to pay to settle the claims in the Lawsuit. Subject to Court approval, the gross settlement fund shall be reduced by the following: (1) an award of up to one third of the total settlement for Settlement Class Counsel's attorney fees (estimated to be $391,666) and litigation costs of up to $30,000; (2) a Service Award of $5,000 to Class Representative Madisyn Stauffer; and (3) the Settlement Administrator's costs estimated to be approximately $30,000. Following these reductions, the remaining amount shall be the net settlement fund, which shall be distributed equally to the Settlement Class Participants. No money from the settlement will be returned to CenterEdge.

The amount of money each Settlement Class Participant will not be known until a later date. Settlement Class Counsel estimate that Settlement Class Participants will receive approximately $230 to $330 each.

**What are My Other Options?** If you do not want to be legally bound by the proposed settlement, you must exclude yourself by OPT OUT DATE. If you do not exclude yourself, you will release any claims you may have against CenterEdge and the settlement will be binding on you, as more fully described in the Settlement Agreement, available at the settlement website. If you are a Settlement Class Member and do not exclude yourself, you may object to the terms of the proposed settlement by OBJECTION DEADLINE. For more information about excluding yourself from, or objecting to, the proposed settlement, please visit www.centeredgesettlement.com.

**Who Represents Me?** The Court has appointed the following Settlement Class Counsel to represent the Settlement Class in this settlement:

GOLDENBERG HELLER & ANTOGNOLI, P.C.
Kevin P. Green; Richard S. Cornfeld; Thomas C. Horscroft; Daniel S. Levy
2227 South State Route 157, Edwardsville, Illinois 62025

**When Will the Court Consider the Proposed Settlement?** The Court will hold a Hearing on FINAL APPROVAL HEARING DATE to consider whether to approve the proposed settlement and request for attorneys' fees, expenses and service award to the Class Representative. You may appear at the hearing, either by appearing yourself or through an attorney hired by you, but you don't have to.

**How Do I Get More Information?**   This notice summarizes the proposed settlement.  More details can be found in the Settlement Agreement and other documents that can be found on the Settlement Website: www.centeredgesettlement.com.  If you have questions concerning this notice that are not answered by the website you may also contact the Settlement Administrator at:

**CenterEdge Settlement**
**c/o Atticus Administration, LLC,**
**PO Box 64053**
**St. Paul, MN 55164**
**1-888-205-6166**
**centeredgesettlement@atticusadmin.com**

**EXHIBIT 7**

**No-Claim Class Text Notice**

This is to notify you that you are part of a class action settlement involving the scanning of your fingerprint at your place of employment in Illinois. To learn more, visit www.centeredgesettlement.com.

**EXHIBIT 8**

**QR Code**

**NOTICE OF CLASS ACTION SETTLEMENT**

*Stauffer v. Innovative Heights Fairview Heights, LLC, et al., Case No. 3:20-cv-00046-MAB (S.D. Ill.)*

---

| 1. | **Introduction** |
|---|---|

A federal court preliminarily approved a class action settlement between plaintiff and one defendant in the above-referenced lawsuit (the "Lawsuit"). The Court approved this Notice to inform individuals who are included in the settlement of their rights.

As described below, **YOU MUST FILE A CLAIM BY _____, 2023 TO RECEIVE A SETTLEMENT PAYMENT**. Before any money is paid, the Court will decide whether to grant final approval of the settlement.

| 2. | **What Is The Lawsuit About?** |
|---|---|

The Lawsuit is against multiple defendants asserting violations of the Illinois Biometric Information Privacy Act ("BIPA"). One of the defendants is Pathfinder Software, LLC doing business as CenterEdge Software ("CenterEdge"). CenterEdge supplies businesses in Illinois with point-of-sale system, each of which includes a fingerprint scanner and software that allows employees of CenterEdge customers to do things like clock in or out of work. The Lawsuit alleges CenterEdge violated BIPA by collecting and possessing fingerprint data from people who used a fingerprint to access CenterEdge systems in Illinois without providing the required disclosures and obtaining written consent. CenterEdge denies any violation of the law. The Court did not decide whether CenterEdge violated the law.

| 3. | **Who Is In The Settlement Class?** |
|---|---|

The Settlement Class consists of two groups of people. The first group consists of specific individuals who have been identified from information obtained in the Lawsuit as having scanned one or more fingers into a CenterEdge system in Illinois between April 29, 2014 and Preliminary Approval Date. People in the first group do not need to file a claim or take any action to receive their settlement payment.

The second group consists of all persons who, at any time from April 29, 2014, through Preliminary Approval Date, scanned one or more fingers into a CenterEdge system at any of the following Sky Zone Trampoline Park locations: Sky Zone in Elmhurst, IL; Sky Zone in Aurora, IL; or Sky Zone in Joliet, IL. People in the second group will need to file a claim to receive their settlement payment.

Settlement Class members in the first group who do not opt out and Settlement Class members in the second group who timely return a valid claim form are collectively referred to as "Settlement Class Participants."

Our records indicate you may be in the second group and, if so, you will **NEED TO FILE A CLAIM TO RECEIVE A SETTLEMENT PAYMENT ON OR BEFORE _____, 2023**.

| 4. | **What Does The Settlement Provide?** |
|---|---|

The settlement provides, among other things, for a total payment of $1,175,000 that CenterEdge has agreed to pay to settle the claims in the Lawsuit. Subject to Court approval, the gross settlement fund shall be reduced by the following: (1) an award of up to one third of the total settlement for Settlement Class Counsel's attorney fees (estimated to be $391,666) and litigation costs of up to $30,000; (2) a Service Award of $5,000 to Class Representative Madisyn Stauffer; and (3) the Settlement Administrator's costs estimated to be approximately $30,000. Following these reductions, the remaining amount shall be the net settlement fund, which shall be distributed equally to the Settlement Class Participants. No money from the settlement will be returned to CenterEdge.

The exact number of Settlement Class Participants, and the amount of money each Settlement Class Participant will receive will not be known until a later date. Settlement Class Counsel estimate that Settlement Class Participants will receive approximately $230 to $330 each.

| 5. | **What Are My Options?** |
|---|---|

You have the choice of participating in the settlement (by **filing a claim** or **doing nothing**), **excluding yourself** from the settlement, or **objecting** to the settlement. Please review a list of your options below.

**a.  File Claim to receive settlement payment.** To receive a settlement payment, *you must complete and submit online, or postmark and mail for return, a claim form on or before* _____*, 2023*. You may return the paper claim form accompanying this Notice. Or you may complete and submit a claim form online by scanning the QR code at the top of page 1 of this notice, or by visiting the settlement website: www.centeredgesettlement.com. If you are a Settlement Class Member and you timely return a completed claim form, and if the Court grants final approval of the settlement, you will receive money from the settlement and be bound by all orders and judgments of the Court.

**b.  Do Nothing.** You may choose to do nothing. If you do nothing, you will receive no money from the settlement, but you will still be bound by all orders and judgments of the Court. You will not be able to file or continue a lawsuit against CenterEdge regarding any legal claims released in this settlement.

**c.  Exclude yourself from the settlement.** You may exclude yourself from the settlement by mailing or emailing the Settlement Administrator (contact information below) on or before **[DATE_____, 2023**. If you do this, you will NOT receive a settlement payment and will not be bound by the settlement. You must include your name, address, telephone number, email, a clear statement that you wish to be excluded, and your (or your authorized representative's) actual or digital signature. A request to exclude cannot be made on behalf of a group of persons.

**d.  Object to the settlement.** If you are a Settlement Class member, you may object to the settlement on or before **[DATE_____, 2023.** If you want to object to the settlement, you must mail or email a written objection to the Settlement Administrator (contact information below), which includes your full name, address, telephone number, email, and the grounds for the objection. An objection cannot be made on behalf of a group of persons. If you exclude yourself from the settlement, you cannot file an objection.

Each choice has risks and consequences. Unless you exclude yourself, you are staying in the Settlement Class and agreeing to release CenterEdge as set forth in the Settlement Agreement if the Court approves the settlement. This means that you can't sue, continue to sue, or be part of any other lawsuit against CenterEdge about the legal issues related to this case. It also means that all of the Court's orders will apply to you and legally bind you.

| **6.   Who Are The Attorneys For The Class And How Will They Be Paid?** |
|---|

The Court has appointed the following Settlement Class Counsel to represent the Settlement Class in this settlement:

**GOLDENBERG HELLER & ANTOGNOLI, P.C.**
Kevin P. Green; Richard S. Cornfeld; Thomas C. Horscroft; Daniel S. Levy
2227 South State Route 157, Edwardsville, Illinois 62025

Settlement Class Counsel will request up to one-third of the total settlement amount as attorney fees, plus reimbursement of litigation costs, plus payment of a Service Award to Plaintiff and the Settlement Administrator's costs, as described in paragraph 4 above. Settlement Class Counsel's request for such amounts (the "Fee Petition") will be added to the settlement website after it is filed with the Court.

| **7.   When Is The Final Approval Hearing?** |
|---|

The Court will hold a hearing in this case on _____, **2023 at** _____, to consider, among other things, whether to finally approve (1) the settlement; and (2) the Fee Petition. You may appear at the final approval hearing, but you are not required to do so.

| **8.   Who Is The Settlement Administrator And Are There More Details About The Settlement?** |
|---|

This notice summarizes the proposed settlement.  More details can be found in the Settlement Agreement and other documents that can be found on the Settlement Website: www.centeredgesettlement.com.  If you have questions concerning this notice that are not answered by the website you may also contact the Settlement Administrator at:

**CenterEdge Settlement**
**c/o Atticus Administration, LLC,**
**PO Box 64053**
**St. Paul, MN 55164**
**1-888-205-6166**
centeredgesettlement@atticusadmin.com

***\*\*\*NO INQUIRIES SHOULD BE DIRECTED TO THE CLERK OF THE COURT OR TO THE JUDGE\*\*\****

## CLAIM FORM

You have been identified as having worked at a Sky Zone Trampoline Park in Elmhurst, Aurora, or Joliet, Illinois during the relevant time in this lawsuit. You are eligible for compensation in this settlement if you scanned a fingerprint at one of the Sky Zone locations above at any time between April 29, 2014—Preliminary Approval Date.

If you scanned a fingerprint during that period, please complete this form and return by mail or email to the address below. You may also find and submit this claim form online at www.centeredgesettlement.com.

> Return By Mail To:   **CenterEdge Settlement**
> **c/o Atticus Administration, LLC**
> **PO Box 64053**
> **St. Paul, MN 55164**
>
> Return By Email To:  **centeredgesettlement@atticusadmin.com**

**The deadline to return this form is _____.** Your claim form will be timely if it is postmarked or electronically submitted on or before this date.

| |
|---|
| *I hereby request my portion of the settlement.* |
| **Contact Information** |
| Name: _____<br><br>Address: _____<br><br>_____<br><br>Phone number or email address: _____ |
| **Certification and Signature** |
| I certify that, on at least one occasion between April 29, 2014 and Preliminary Approval Date, I scanned a fingerprint at a Sky Zone Trampoline Park in Elmhurst, Aurora, or Joliet, Illinois.  I certify that the information provided in the claim form is true and accurate to the best of my knowledge.<br><br>Signature: _____<br><br>Date:  _____ |

***If you do not submit a claim form by the deadline, you will not receive the settlement payment.***

**EXHIBIT 9**

Claims-Made Class Email Notice

**From:** [ClassActionSettlement@ClaimsAdministratorDomain.com]
**To:**    JonQClassMember@domain.com
**Re:**    Legal Notice of Class Action Settlement – Finger Scan at Illinois Sky Zone in Elmhurst, Aurora, or Joliet

You are receiving this notice because you have been identified as having worked at Sky Zone Trampoline Park in Elmurst, Aurora, or Joliet, Illinois.  During your employment, you may have scanned one or more of your finger(s) into a computer system located at the Sky Zone facility where you work.  The computer system was provided by a company called Pathfinder Software, LLC, doing business as CenterEdge Software ("CenterEdge").

This notice informs you of a proposed settlement of a class action lawsuit against CenterEdge. The lawsuit is called *Stauffer v. Innovative Heights Fairview Heights, LLC, et al.*, Case No. 3:20-cv-00046-MAB (S.D. Ill.).  The lawsuit is against multiple defendants asserting violations of the Illinois Biometric Information Privacy Act ("BIPA"). One of the defendants is CenterEdge.

CenterEdge supplies businesses in Illinois with point-of-sale system, each of which includes a fingerprint scanner and software that allows employees of CenterEdge customers to do things like clock in or out of work. The lawsuit alleges CenterEdge violated BIPA by collecting and possessing fingerprint data from people who used a fingerprint to access CenterEdge systems in Illinois without providing the required disclosures and obtaining written consent.

The settlement resolves these claims against CenterEdge. CenterEdge denies any violation of the law. The Court did not decide whether CenterEdge violated the law.

**Am I a Class Member?**  The Settlement Class consists of two groups of people: (1) people who have already been identified by their employer as having scanned a fingerprint into a CenterEdge System in Illinois; and (2) people who scanned one or more fingers into the CenterEdge system at Sky Zone Trampoline Park located in Elmhurst, Aurora, or Joliet, Illinois.

Our records indicate that you may be in the second group and may be a member of the settlement class.  This is because you have been identified as working at one of the Sky Zone locations listed above using a CenterEdge system during the relevant period and may have scanned your fingerprint into a CenterEdge system.

If you scanned your fingerprint at the Sky Zone location at any time from April 29, 2014 through Preliminary Approval Date, you are a member of the Settlement Class and entitled to the settlement payment.

**What Do I Need to Do to Receive Payment?**

If you scanned your fingerprint at the Sky Zone location at any time from April 29, 2014 through Preliminary Approval Date, you **need to submit a claim form to receive a settlement payment**.

In the Claim Form, you will verify that you scanned your fingerprint during the relevant period. **You must complete and submit the claim form** *online, or postmark and mail for return, a claim form on or before* **_____, 2023.**

**If you do not submit a Claim Form by the deadline, you will not receive the settlement payment.**

You may print and return the claim form accompanying this Notice. Or you may complete and submit a claim form online by visiting the settlement website: www.centeredgesettlement.com. You may also reach the claim form online by scanning this QR Code:



## What Do I Get?

If you are a Settlement Class Member and you timely return a completed claim form, and if the Court grants final approval of the settlement, you will receive money from the settlement and be bound by all orders and judgments of the Court.

The settlement provides, among other things, for a total payment of $1,175,000 that CenterEdge has agreed to pay to settle the claims in the Lawsuit. Subject to Court approval, the gross settlement fund shall be reduced by the following: (1) an award of up to one third of the total settlement for Settlement Class Counsel's attorney fees (estimated to be $391,666) and litigation costs of up to $30,000; (2) a Service Award of $5,000 to Class Representative Madisyn Stauffer; and (3) the Settlement Administrator's costs estimated to be approximately $30,000. Following these reductions, the remaining amount shall be the net settlement fund, which shall be distributed equally to the Settlement Class Participants.  No money from the settlement will be returned to CenterEdge.

The amount of money each Settlement Class Participant will not be known until a later date. Settlement Class Counsel estimate that Settlement Class Participants will receive approximately $230 to $330 each.

## What are My Other Options? If you do not want to be legally bound by the proposed settlement, you must exclude yourself by OPT OUT DATE.  If you do not exclude yourself, you will release any claims you may have against CenterEdge and the settlement will be binding on you, as more fully described in the Settlement Agreement, available at the settlement website.  If you are a Settlement Class Member and do not exclude yourself, you may object to the terms of the proposed settlement by OBJECTION DEADLINE.  For more information about excluding

yourself from, or objecting to, the proposed settlement, please visit
www.centeredgesettlement.com.

**Who Represents Me?**  The Court has appointed the following Settlement Class Counsel to
represent the Settlement Class in this settlement:

GOLDENBERG HELLER & ANTOGNOLI, P.C.
Kevin P. Green; Richard S. Cornfeld; Thomas C. Horscroft; Daniel S. Levy
2227 South State Route 157, Edwardsville, Illinois 62025

**When Will the Court Consider the Proposed Settlement?** The Court will hold a Hearing on
FINAL APPROVAL HEARING DATE to consider whether to approve the proposed settlement
and request for attorneys' fees, expenses and service award to the Class Representative.  You
may appear at the hearing, either by appearing yourself or through an attorney hired by you, but
you don't have to.

**How Do I Get More Information?**  This notice summarizes the proposed settlement.  More
details can be found in the Settlement Agreement and other documents that can be found on the
Settlement Website: www.centeredgesettlement.com.  If you have questions concerning this
notice that are not answered by the website you may also contact the Settlement Administrator
at:

**CenterEdge Settlement**
**c/o Atticus Administration, LLC,**
**PO Box 64053**
**St. Paul, MN 55164**
**1-888-205-6166**
**centeredgesettlement@atticusadmin.com**

**CLAIM FORM**

**EXHIBIT 10**

**Claims-Made Class Follow-Up Email Notice**

**From:** [ClassActionSettlement@ClaimsAdministratorDomain.com]
**To:**    JonQClassMember@domain.com
**Re:**    Reminder: Deadline to Submit Claim in Finger Scan Lawsuit Settlement

You previously received an email about the settlement of a class action lawsuit that claims Pathfinder Software, LLC doing business as CenterEdge Software violated Illinois law by allegedly collecting fingerprint scan data without written notice from people working at, among other places, Sky Zone Trampoline Parks in Elmurst, Aurora, or Joliet, Illinois.

As noted in the prior email, you have been identified as working at one of these Sky Zone locations during the relevant period and may have scanned your fingerprint into a CenterEdge system.  If you scanned your fingerprint at the Sky Zone location at any time from April 29, 2014 through Preliminary Approval Date, you are a member of the Settlement Class and entitled to the settlement payment.

If you are a Settlement Class Member, the deadline for you to return a Claim Form and request a settlement payment is [CLAIM DATE].

**If you do not submit a Claim Form by the deadline, you will not receive the settlement payment.**

You may complete and submit a claim form online by visiting the settlement website: www.centeredgesettlement.com.  Click on "_____." You may also reach the claim form online by scanning this QR Code:



If you have questions concerning this notice that are not answered by the website you may also contact the Settlement Administrator at:

**CenterEdge Settlement**
**c/o Atticus Administration, LLC,**
**PO Box 64053**
**St. Paul, MN 55164**
**1-888-205-6166**
centeredgesettlement@atticusadmin.com

**EXHIBIT 11**

**Claims-Made Class Text Notice**

You may be entitled to payment in a class action settlement if you scanned your finger(s) to access a computer at least once during your employment at Sky Zone Trampoline Park in Elmhurst, Aurora, or Joliet, Illinois. If you qualify, you must submit a claim form by <mark>DATE</mark> to receive compensation. To learn more and submit a claim form, visit www.centeredgesettlement.com.

**Claims-Made Class Follow-Up Text Notice**

You were previously notified that you may qualify for payment in a class action settlement if you scanned your finger(s) to access a computer at least once during your employment at Sky Zone Trampoline Park in Elmhurst, Aurora, or Joliet, Illinois. The deadline to file a claim is approaching. To request payment, you must submit a claim form by <mark>DATE</mark> to receive compensation. To learn more and submit a claim form, visit www.centeredgesettlement.com.

**EXHIBIT 12**

## CLAIM FORM

You have been identified as having worked at a Sky Zone Trampoline Park in Elmhurst, Aurora, or Joliet, Illinois during the relevant time in this lawsuit. You are eligible for compensation in this settlement if you scanned a fingerprint at one of the Sky Zone locations above at any time between April 29, 2014—Preliminary Approval Date.

If you scanned a fingerprint during that period, please complete this form and return by mail or email to the address below. You may also find and submit this claim form online at www.centeredgesettlement.com.

Return By Mail To:  **CenterEdge Settlement**
**c/o Atticus Administration, LLC**
**PO Box 64053**
**St. Paul, MN 55164**

Return By Email To:  **centeredgesettlement@atticusadmin.com**

**The deadline to return this form is _____.** Your claim form will be timely if it is postmarked or electronically submitted on or before this date.

| |
|---|
| *I hereby request my portion of the settlement.* |
| **Contact Information** |
| Name: _____ |
| Address: _____ |
| _____ |
| Phone number or email address: _____ |
| **Certification and Signature** |
| I certify that, on at least one occasion between April 29, 2014 and Preliminary Approval Date, I scanned a fingerprint at a Sky Zone Trampoline Park in Elmhurst, Aurora, or Joliet, Illinois. I certify that the information provided in the claim form is true and accurate to the best of my knowledge. |
| Signature: _____ |
| Date: _____ |

***If you do not submit a claim form by the deadline, you will not receive the settlement payment.***