# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into between plaintiff Madisyn Stauffer, (the "Class Representative" or "Plaintiff"), on behalf of herself and all members of the Settlement Class, as defined herein, and defendant Innovative Heights Fairview Heights, LLC ("Innovative Heights"). Each party to this Agreement shall be referred to as a "Party" and collectively as the "Parties."

## RECITALS

1.      Plaintiff filed the Action on April 29, 2019.

2.      Innovative Heights is a recreational facility/trampoline park located in Fairview Heights, Illinois.

3.      Plaintiff alleges that Innovative Heights utilized fingerprint scanners to collect fingerprints of its employees in conjunction with tasks such as clocking in and out of work or accessing the computer system.

4.      With respect to Innovative Heights, the Action asserts that Innovative Heights violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq. ("BIPA"), in connection with this scanning of employee fingerprints.

5.      On November 21, 2023, the Parties commenced mediation with Frank Neuner, an approved mediator under the Court's Mediation Plan, who has experience mediating numerous cases, including cases brought under BIPA.

6.      The Parties were unable to reach a resolution at the mediation on November 21, 2023; however, thereafter, they continued negotiations and on December 20, 2023, reached agreement on the material terms for a settlement. This Agreement embodies and finalizes that agreement.

7.      At all times, the negotiations leading to this Agreement have been adversarial, non-collusive, and at arm's length.

8.      Innovative Heights denies any wrongdoing; does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged against it in the Action; and denies that it has any liability whatsoever, but has agreed to this settlement because of the substantial risk and expense of litigation and the disruption to its business operations.

9.      Counsel for Plaintiff and the Settlement Class have conducted a thorough study and investigation of the law and facts relating to the claims that were asserted and that could have been asserted, as well as a thorough study and investigation of the scope and identity of the Settlement Class, and have concluded, taking into account the benefits of this settlement, as defined below, and the risks and delays of further litigation, that this settlement is fair and reasonable and in the best interests of the Settlement Class.

10.     The Parties wish to settle the Action, effect a compromise, and terminate the Action against Innovative Heights. As provided herein, the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Settlement Agreement, and subject to approval of the Court, all claims only against Innovative Heights in the Action shall be settled and compromised upon the terms and conditions contained herein.

<u>**AGREEMENT**</u>

**A.      DEFINITIONS**

In addition to the terms defined at various points within this Agreement, the following terms set forth in this Section have the following meanings throughout this Settlement Agreement:

**1.**      "**Innovative Heights**" or "**Defendant**" means Innovative Heights Fairview Heights, LLC.

2. "**Action**" or "**Litigation**" means *Stauffer v. Innovative Heights Fairview Heights, LLC,, et al.*, No. 3:20-cv-00046-MAB, currently pending in the United State District Court for the Southern District of Illinois.

3. "**Agreement**" or "**Settlement Agreement**" means this Settlement Agreement and all its attachments and exhibits.

4. "**Award**" means the per-person portion of the Net Settlement Fund distributed to each person in the Settlement Class, the amount of which is to be determined as set forth herein.

5. "**Class Counsel**" means Kevin P. Green, Richard S. Cornfeld, Daniel S. Levy, and Thomas C. Horscroft of Goldenberg, Heller, & Antognoli, P.C., who represent Plaintiff and the Settlement Class.

6. "**Court**" means the U.S. District Court for the Southern District of Illinois.

7. "**Days**" means, for a period expressed in "days," the number of calendar days identified in the period, excluding the day of the event that triggers the period, but including the last day of the period except when the last day is a Saturday, Sunday, or federal holiday, in which case the period runs until the end of the next day that is not a Saturday, Sunday, or federal holiday.

8. "**Defendant's Counsel**" means Glenn E. Davis and Charles N. Insler of Hepler Broom LLC, who represent Innovative Heights, or any subsequently identified counsel for Innovative Heights.

9. "**Effective Date**" means the date on which the Final Judgment becomes final. "Final" as applicable to the Final Judgment means:

      **(a)**    If no appeal is taken, at the expiration of the time period allowed for appeal; or

**(b)**     If any appeal is taken, on the date on which all appeals, including petitions for rehearing or reargument, petitions for review and petitions for certiorari or any other form of further review, have been finally disposed of in a manner resulting in affirmance of all the material provisions of the Final Order and Judgment.

10.     "**Email Notice**" means the email to be sent to each person on the Innovative Heights Class List for whom the Settlement Administrator has an email address pursuant to Section F hereof, as mutually agreed by the parties and approved by the Court in substantially the same form as Exhibit 5.

11.     "**Fee Application**" means Class Counsel's application to the Court for attorneys' fees and Rule 54 and 23 Costs, and the Service Award, which shall be filed within sixty (60) days after the Preliminary Approval Date.

12.     "**Fee Award**" means the Court's award of attorneys' fees, costs, and any Service Award pursuant to the Fee Application.

13.     "**Final Approval**" means the Court's entry of its Final Judgment granting final approval of this Agreement.

14.     "**Final Approval Hearing**" means the hearing before the Court for Final Approval as required by Federal Rule of Civil Procedure 23(e).

15.     "**Final Judgment**" means the Court's Final Order and Judgment that is substantially consistent with this Agreement in the form attached as Exhibit 2 hereto.  In the event that the Court issues separate orders addressing the matters constituting Final Approval, then Final Judgment includes all such orders.

16.     "**Innovative Heights Class**" means the 244 persons specifically identified in the Innovative Heights Class List who have been identified by name and contact information during discovery as having scanned one or more fingers into a computer system at Innovative Heights at any time from April 29, 2014, through the Preliminary Approval Date.  Excluded from the Innovative Heights Class are the Court and staff to whom this case is assigned, and any immediate family members of the Court or its staff.

17.     "**Innovative Heights Class List**" means the list of persons in the Innovative Heights Class, set forth in Exhibit 3 hereto, and as described in Section F.1 herein.

18.     "**Innovative Heights Class List Contact Information**" means the document(s) and/or data file(s) containing the addresses, and, if available, phone number and email addresses, of the persons on the Innovative Heights Class List.

19.     "**Mailed Notice**" means the document to be sent to each person on the Innovative Heights Class List for whom the Settlement Administrator has a postal address pursuant to Section F hereof, as mutually agreed by the parties and approved by the Court in substantially the same form as Exhibit 4.

20.     "**Net Settlement Fund**" means the Settlement Amount less the Fee Award, Service Award, Settlement Administration Expenses, and any taxes described in Section E.3.

21.     "**Objection Deadline**" means the date sixty (60) days after the Settlement Notice Date by which any Settlement Class member must file and serve a written statement objecting to this Agreement, to the Fee Application, or to any proposed Service Award to the Class Representative.  The Objection Deadline shall also be the deadline for a Settlement Class member to file a written notice of intention to appear and for any counsel intending to represent a Settlement Class member to file an entry of appearance.

22. "**Opt-Out Deadline**" means the date sixty (60) days after the Settlement Notice Date by which a Request for Exclusion must be postmarked.

23. "**Opt-Out List**" means the list created by the Settlement Administrator identifying all persons who have opted-out of the Agreement by submitting a timely and proper Request for Exclusion.

24. "**Plaintiff**" or "**Class Representative**" means Plaintiff Madisyn Stauffer.

25. "**Preliminary Approval**" means the Order entered by the Court granting Preliminary Approval of this Agreement, in substantially the same form as Exhibit 1 hereto.

26. "**Preliminary Approval Date**" means the date on which the Court enters its Order granting Preliminary Approval.

27. "**Released Parties**" means Innovative Heights Fairview Heights, LLC, and each and all of its predecessors, successors, parents, subsidiaries and related entities, and each and all of its present and former officers, directors, employees, attorneys, insurers, and each and all of its successors, heirs, and assigns, jointly and severally. Defendants Sky Zone Franchise Group, LLC and Pathfinder Software, LLC are not Released Parties under this Agreement.

28. "**Request for Exclusion**" means a request to be excluded from the Agreement, submitted in accordance with Section G hereof.

29. "**Service Award**" means the award to the Class Representative, to be determined by the Court, as a service payment for the time and resources she has put into representing the Settlement Class members.

30. "**Settlement Administration Expenses**" means all costs incurred in connection with services provided by the Settlement Administrator, or other parties, in connection with this

Agreement, including services required for notice and administration of the settlement, and all other services required to effectuate this Agreement.

31.     "**Settlement Administrator**" means Atticus Administration, LLC.  Class Counsel and Innovative Heights may, by agreement, substitute a different organization as Settlement Administrator, subject to approval by the Court if the Court has previously approved the Agreement preliminarily or finally.  Either Class Counsel or Innovative Heights may move the Court to substitute a different organization as Settlement Administrator, upon a showing that the responsibilities of Settlement Administrator have not been adequately executed by the Settlement Administrator.

32.     "**Settlement Amount**" means a common fund of Two Hundred Eighty-Five Thousand Dollars ($285,000.00), which shall be used to pay the: (i) Settlement Class; (ii) Fee Award; (iii) Service Award; (iv) Settlement Administration Expense; and (v) any taxes as described in Section E.3.

33.     "**Settlement Class**" means all persons in the Innovative Heights Class who do not timely and properly opt out of this Agreement pursuant to the procedures set forth herein.

34.     "**Settlement Escrow**" means an account established by the Settlement Administrator to hold the Settlement Amount paid by Innovative Heights under Section C hereof, and from which amounts due pursuant to this Agreement will be paid.

35.     "**Settlement Notice**" means collectively the settlement notices approved by the Court, including the Mailed Notice, the Email Notice, and the Text Notice.

36.     "**Settlement Notice Date**" means the date set by the Court by which the Settlement Administrator is to send the Settlement Notice pursuant to Section F.5(b)-(d) hereof.

37.     "**Settlement Website**" means the website created by the Settlement Administrator pursuant to Section F.5(a) hereof.

38.     "**Text Notice**" means the text message to be sent to each person on the Innovative Heights Class List for whom the Settlement Administrator has a phone number pursuant to Section F hereof, as mutually agreed by the parties and approved by the Court in substantially the same form as Exhibit 6.

B.     **THE SETTLEMENT CLASS AND PRELIMINARY APPROVAL**

1.     **Settlement Class Certification.**  For settlement purposes only, the Parties agree that the Court may certify the Settlement Class in this Action pursuant to Federal Rule of Civil Procedure 23(b)(3).  Plaintiff shall seek certification of the Settlement Class in connection with the motion for preliminary approval of this settlement.  Innovative Heights agrees not to contest certification of the Settlement Class but reserves its rights to contest any motion to certify a class for trial.

2.     **Preliminary Approval.**  As soon as practicable following the execution of this Agreement, Plaintiff shall move the Court for an order under Rule 23(e) substantially in the form of Exhibit 1 hereto:

(a)     preliminarily approving this Agreement;

(b)     certifying the Settlement Class;

(c)     approving the Parties' selection of the Settlement Administrator;

(d)     approving the Settlement Notice and notice plan described herein;

(e)     approving the Opt-Out Deadline and Objection Deadline; and

(f)     setting a Final Approval Hearing date.

A motion for Final Approval will be filed after the Opt-Out/Objection Deadline and at least fourteen (14) days prior to a Final Approval Hearing, or as otherwise directed by the Court.  In the

event that Final Approval is not achieved for whatever reason or the Effective Date does not otherwise occur, the Court's orders contemplated by this Section shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity for any purpose in the Action or otherwise. In the event that Final Approval is not achieved, the Parties shall meet and confer within seven (7) days of the Court's Order denying approval to engage in good faith efforts to address concerns raised by the Court. Within fourteen (14) days of this good-faith conference or such time as the Court may direct, the Parties shall file a revised version of this settlement agreement with the Court in an attempt to address the Court's concerns.

## C.     THE SETTLEMENT RELIEF

Innovative Heights agrees to pay the Settlement Amount of $285,000.00, which shall be used to pay the: (i) Settlement Class; (ii) Fee Award; (iii) Service Award; (iv) Settlement Administration Expenses; and (v) any taxes as described in Section E.3.   Members of the Innovative Heights Class will not be required to submit a Claim Form to receive an Award.  After the Opt-Out Deadline has expired, the Innovative Heights Class members who have not opted out will constitute the Settlement Class, each of whom receive a *pro rata* amount of the Net Settlement Fund.  Accordingly, there will be no unused portion of the Net Settlement Fund.  No portion of the Settlement Amount or Net Settlement Fund will revert to Innovative Heights unless this Agreement is terminated under the terms stated herein.

## D.     COURT APPOINTMENT AND RETENTION OF SETTLEMENT ADMINISTRATOR

The Parties agree to propose that the Court appoint Atticus Administration LLC as the Settlement Administrator.  The Settlement Administrator will facilitate the notice process by assisting the Parties and providing professional guidance in the implementation of the notice.  The Settlement Administrator shall administer: (a) the notice plan described herein and directed by the

Court; (b) the Opt-Out and Objection Process set forth herein; and (c) the receipt and distribution of all payments required by this Agreement pursuant to the schedules set forth herein, or as otherwise directed by the Court.

### E.    THE SETTLEMENT FUND

**1.    Consideration.**    In exchange for the mutual promises and covenants in this Agreement, including, without limitation, the Releases set forth in Section J, and the dismissal of the claims against Innovative Heights in the Action upon Final Approval, Innovative Heights agrees to pay the Settlement Amount into the Settlement Escrow.

**2.    Deposit into Settlement Escrow.** Within ten (10) days after the Preliminary Approval Date, Innovative Heights will deposit the Settlement Amount into the Settlement Escrow pursuant to the payment instructions of the Settlement Administrator.

**3.    Qualified Settlement Fund.**  The funds in the Settlement Escrow shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l at all times since creation of the Settlement Escrow.  All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Escrow or otherwise, including any taxes or tax detriments that may be imposed upon Innovative Heights, Defendant's Counsel, Plaintiff and/or Class Counsel with respect to income earned by the Settlement Escrow for any period during which the Settlement Escrow does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), shall be paid out of the Settlement Escrow.  Innovative Heights and Defendant's Counsel and Plaintiff and Class Counsel shall have no liability or responsibility for any of the Taxes.  The Settlement Escrow shall indemnify and hold Innovative Heights and Defendant's Counsel and Plaintiff and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

4.      **Use of Settlement Amount.**   The Settlement Amount shall be used for the following purposes:

(a)      Payments to the Settlement Class;

(b)      Payment of any Settlement Administration Expense;

(c)      Payment of the Court-ordered Fee Award;

(d)      Payment of all Taxes as set forth in Paragraph E.3; and

(e)      Payment of any other fees, costs and expenses not specifically enumerated in Subparagraphs (a) through (e) of this Paragraph, subject to approval of Class Counsel, Defendant's Counsel, and the Court.

5.      **No Reversion.**   No portion of the Settlement Amount shall revert to Innovative Heights, except where the Settlement Agreement is terminated as described herein. In no event shall Innovative Heights be required to pay more than the Settlement Amount in connection with this Settlement.

F.      **NOTICE**

1.      **Preparation of Innovative Heights Class List.**   The Parties acknowledge and agree that they have used best efforts to compile the Innovative Heights Class List and Innovative Heights Class List Contact Information in good faith based on documents and information produced in discovery.

2.      **Production of Class List Contact Information to Settlement Administrators.** Within five (5) days after Preliminary Approval, Class Counsel will provide the Settlement Administrator with the Innovative Heights Class List Contact Information. The Parties and the Settlement Administrator will agree that the Settlement Administrator will maintain the Innovative Heights Class List Contact Information in a confidential manner.

3.      **Forms of Notice.**   The form of the notices for the Innovative Heights Class are attached hereto as Exhibits 4-6, subject to Court modification and approval.

4.     **Methods of Notice.**

(a)     **Settlement Website.**  Within seven (7) days after the Preliminary Approval Date, the Settlement Administrator will create the Settlement Website (www.InnovativeHeightsBIPAsettlement.com), which will include links to the Settlement Notice, the Settlement Agreement, the Claim Form, the Fee Application, Class Counsel's contact information, applicable deadlines, and orders of the Court pertaining to the settlement.  Class Counsel and Defendant's Counsel shall jointly approve any additional content in advance of posting on the Settlement Website.

(b)     **Mailed Notice.** Within twenty-one (21) days after the Preliminary Approval Date, the Settlement Administrator will send via U.S. mail, postage prepaid, the Mailed Notice to each individual identified on the Innovative Heights Class List.  Prior to sending notice, the Settlement Administrator will process the address of each person identified in the Innovative Heights Class List through the U.S. Postal Service's National Change of Address database (the "Address Database").  The notice will be mailed to the last known address reflected in the Innovative Heights Class List Contact Information unless a different address is listed in the Address Database, in which case the notice will be mailed to the address listed in the Address Database.  For up to thirty-five (35) days after the Settlement Notice Date, the Settlement Administrator will re-mail notice via standard U.S. Mail, postage prepaid, to any updated addresses to the extent that it receives address change notifications from the U.S. Postal Service or pursuant to a request from a person on the Innovative Heights Class List.

(c)     **Email Notice.**  Within twenty-one (21) days after the Preliminary Approval Date, the Settlement Administrator will email the Email Notice to each person on the Innovative

Heights Class List whose email address is identified in the Innovative Heights Class List Contact Information.

(d)     **Text Message Notice.**  Within twenty-one (21) days after the Preliminary Approval Date, the Settlement Administrator will send the Text Notice to each person on the Innovative Heights Class List whose phone number is identified in the Innovative Heights Class List Contact Information.

## G.     OPT-OUT RIGHTS

1.     **Right to Opt Out of Agreement.**  An Innovative Heights Class member shall have the right to opt out of this Settlement Agreement on or before the Opt-Out Deadline by following the procedures set forth in this Section.  All persons who timely and properly opt out of the Settlement Agreement shall not: (1) be bound by any orders or judgments entered in this Action; (2) be entitled to relief under or be affected by this Settlement Agreement; (3) gain any rights or release any claims by virtue of this Settlement Agreement; or (4) be entitled to object to any aspect of this Settlement Agreement.  Except for those persons who have timely and properly opted out, all other Innovative Heights Class members will be members of the Settlement Class for all purposes under this Settlement Agreement.

2.     **Procedures for Opting Out.**  In order to exercise the opt-out right, the person must execute and submit (by mail or email) a written Request for Exclusion to the Settlement Administrator postmarked or emailed on or before the end of the Opt-Out Deadline.  A Request for Exclusion must include the person's present name, address, telephone number, and email address, a clear and unequivocal statement that the person wishes to be excluded from the Settlement Agreement, and the actual or digital signature of the person or, only in the case of a person who is deceased or incapacitated, the signature of the person's legally authorized representative.  A Request for Exclusion shall apply only to the individual who submits the valid

13

Request for Exclusion.  No Request for Exclusion may be made on behalf of a group of persons. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with copies of each completed Request for Exclusion within five (5) days of receipt.

3.    **Revocation of Request for Exclusion.**  Any person who timely submits a Request for Exclusion may, prior to the Opt-Out Deadline, submit to the Settlement Administrator a written revocation of the Request for Exclusion, such revocation to simply bear the person's name, address, signature, and a statement of the person revoking the prior Request for Exclusion.

4.    **Non-Solicitation of Opt-Outs.**  Neither Innovative Heights nor the Class Representative, nor their respective counsel will encourage any person to opt out of the Settlement Agreement.

5.    **List of Class Members Timely Electing to Opt Out.**  Within seven (7) days after the Opt-Out Deadline, the Settlement Administrator shall provide the Opt-Out List and a list of the Settlement Class to Class Counsel and Defendant's Counsel.

## H.    OBJECTIONS BY SETTLEMENT CLASS MEMBERS

1.    **Procedure for Objections.**  Only Innovative Heights Class members who do not timely submit a valid Request for Exclusion may object to the Settlement Agreement, Fee Application, or any payment identified herein or related to this Agreement.  Any Innovative Heights Class member who wishes to object must file a written objection with the Court and serve the objection on Class Counsel and Defendant's Counsel on or before the Objection Deadline.  To be valid, objections must be filed with the Clerk of Court, 750 Missouri Avenue, East St. Louis, IL 62201.  Any objections made by a Settlement Class member who is represented by counsel must be filed through the Court's CM/ECF system. Any objections by Settlement Class members representing themselves that are filed in paper form will be placed on the docket by the Clerk of Court.

2.      **Content of Objections.**  Written objections must include: (i) the objector's name, address, telephone number, and email and, if represented by counsel, the name, address, and telephone number of his or her counsel; (ii) a statement of each objection; (iii) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection; and (iv) the objector's handwritten signature.  No objection may be made on behalf of a group of Settlement Class members.

3.      **Waiver of Objection.**  Settlement Class members who fail to file and to serve timely written objections in the manner and by the deadline specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement, Fee Application, or any payment identified herein or awarded by the Court.

4.      **Notice of Appearance.**  Any Settlement Class member who files and serves a written objection satisfying the requirements of this Section may appear at the Final Approval Hearing, either in person or through personal counsel hired at the Settlement Class member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of the Settlement Agreement.  Settlement Class members, or their attorneys, intending to make an appearance at the Final Approval Hearing must deliver to Class Counsel and Defendant's Counsel and have file-marked by the Court, on or before the Objection Deadline, a Notice of Intention to Appear.  The Notice of Intention to Appear must: (i) state how much time the Settlement Class member anticipates needing to present the objection; (ii) identify, by name, address, telephone number all witnesses the Settlement Class member proposes to have testify; (iii) summarize in detail the

anticipated testimony of all such witnesses; (iv) identify all exhibits the Settlement Class member intends to offer in support of the objection; and (v) attach complete copies of all such exhibits.

     **5.**    **Non-Solicitation of Objections.**  Neither Innovative Heights nor the Class Representative, nor their respective counsel, will encourage any person to file an objection.

## I.    ALLOCATION AND DISTRIBUTION OF THE SETTLEMENT AMOUNT

    **1.**    **Net Settlement Fund.**

    **(a)**    **Amount.**  Each member of the Settlement Class shall receive a distribution in the amount of a *pro rata* share of the Net Settlement Fund.  Within thirty (30) days after the Court enters Final Approval, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel an accounting of the Settlement Escrow, a calculation of the Net Settlement Fund, and a calculation of the Award.

    **(b)**    **Timing.**  Within fourteen (14) days after the Effective Date, the Settlement Administrator will distribute the Net Settlement Fund to the Settlement Class.

    **(c)**    **Mailing of Settlement Awards.**  Payments will be made to the Settlement Class by loading the amount of the Award onto a prepaid plastic card (issued by Mastercard) that can be used like a debit card.  To access the money on the card, the recipient need only activate the card by dialing a phone number or visiting a website that will be provided on the card.  The prepaid cards will be mailed by the Settlement Administrator with a statement indicating that it is from a settlement of the Action.  The cards will be sent to the addresses that the Settlement Administrator identifies as valid Settlement Class member addresses.

    **(d)**    **Returned Cards.**  If any Settlement Class member's payment card is returned by the U.S. Postal Service as undeliverable, neither the Settlement Administrator, Innovative Heights, Defendant's Counsel, nor Class Counsel shall have any further obligations to the Settlement Class member, except that:

     **i.**   within 75 days after the Effective Date, for any card returned by the U.S. Postal Service bearing a forwarding address, the Settlement Administrator will mail the card to the forwarding address;

     **ii.**   within 75 days after the Effective Date, for any card returned by the U.S. Postal Service without a forwarding address, the Settlement Administrator will use publicly available databases as is practicable to update Settlement Class members' addresses and will cause the card to be re-mailed to such Settlement Class members as can be located;

     **iii.**   the Parties agree that all Settlement Class members waive and abandon any ownership interest in any returned and undeliverable cards or cards that are returned as undeliverable more than 75 days after the Effective Date, and further agree that no obligation has been generated or proven with respect to such returned or undeliverable cards.

    **(e)**  **Tax Treatment.** For income tax purposes, the Parties agree that, if required by law, settlement awards to the Settlement Class members shall be allocated as non-wage income and shall not be subject to required withholdings and deductions. If required by IRS regulations, the Settlement Administrator shall issue to each Settlement Class member an IRS Form 1099. Other than the reporting requirements herein, Settlement Class members shall be solely responsible for the reporting and payment of their share of any federal, state and/or local income or other taxes on payments received pursuant to this Settlement Agreement.

    **(f)**  **Distribution of Undeliverable Cards.** The Parties agree to request Court approval of a *cy pres* recipient of any prepaid cards that are returned and undeliverable (as set forth in I.1.d.i. and ii above) (the "Undeliverable Cards"). The Parties agree to propose Land of Lincoln Legal Assistance Foundation, Inc. 8787 State Street, Suite 201, East St. Louis, Illinois, as the *cy pres* recipient. On or before 100 days after the Effective Date, but no earlier than 76 days after the

Effective Date, the Settlement Administrator will deliver all the Undeliverable Cards to the *cy pres* recipient, with a cover letter indicating that it is a *cy pres* distribution from the settlement of the Action.

2.      **Settlement Administration Expenses.**  The Settlement Amount will be utilized to pay the Settlement Administration Expenses.  The Parties, in consultation with the Settlement Administrator, estimate this amount to be approximately $11,000.00.  The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the Settlement Agreement. The Settlement Administrator will provide Class Counsel and Defendant's Counsel monthly invoices for all services rendered and may distribute from the Settlement Escrow the full amount of each invoice within seven (7) days after submitting such invoice if no objection is raised to the charges listed on the invoice.  Within seven (7) days after the Court enters Final Approval, the Settlement Administrator will provide Class Counsel and Defendant's Counsel its good faith estimate of all outstanding and future Settlement Administration Expenses, which shall be deemed conclusively established if no objection is raised within seven (7) days after receipt.  The estimated amount shall be deducted from the Settlement Amount in calculating the Net Settlement Fund. The Parties and the Settlement Administrator agree to work in good faith to timely resolve any disputes related to the Settlement Administrator's invoices and/or estimates, and shall seek judicial intervention only as a last resort.

3.      **Attorneys' Fees and Costs.**  Class Counsel will file its Fee Application no later than sixty (60) days after the Preliminary Approval Date.  The Fee Award will be paid from the Settlement Amount.  In the event the Court does not approve the award of attorney fees and litigation expenses requested by Class Counsel, or the Court awards an amount less than that

requested by Class Counsel, such decision shall not affect the validity and enforceability of the Settlement Agreement and shall not be a basis for rendering the entire Settlement Agreement null, void, or unenforceable.  The Parties agree that Class Counsel may file a supplement to the Fee Application up to seven days (7) before the Final Approval Hearing to provide the Court updated information and/or to address issues raised in an objection.  The Settlement Administrator will deliver the Court's Fee Award to Class Counsel within fourteen (14) days after the Effective Date.

4.      **Service Award.**  As part of its Fee Application, Class Counsel will seek the Court's approval of a "Service Award" for the Class Representative, to be paid from the Settlement Amount, for her time and effort spent conferring with Class Counsel, pursuing the Action in her own name, and recovering compensation on behalf of the Settlement Class.  In the event the Court does not approve the Service Award requested by Class Counsel, or the Court awards an amount less than that requested by Class Counsel, such decision shall not affect the validity and enforceability of the Settlement Agreement and shall not be a basis for rendering the entire Settlement Agreement null, void, or unenforceable.  Any Service Award shall be allocated as non-wage income and shall not be subject to required withholdings and deductions and shall be reported as non-wage income as required by law.  The Settlement Administrator will deliver the Court's Service Award to Class Counsel within fourteen (14) days after the Effective Date.

5.      **Accounting.**  In addition to the accounting described above, the Settlement Administrator will provide to Class Counsel and Defendant's Counsel an accounting of the Settlement Escrow 60, 100, and 120 days after the Effective Date, as well as on the date that the Settlement Administrator's services are concluded.

J.      **RELEASE**

For and in consideration of the Settlement Amount and other consideration, and the mutual promises contained in this Settlement Agreement, Plaintiff and all Settlement Class members, and

their respective agents, heirs, executors, administrators, successors, assigns, guardians and representatives, fully and finally release, as of the Effective Date, the Released Parties from any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability whether liquidated or unliquidated, whether known or unknown, that were or could have been asserted in the Action, or are based on or in any way related to Innovative Heights' conduct as alleged in the Action, and arising in any way from Innovative Heights' collection, retention, storage, possession, disclosure, use or destruction of fingerprints or data derived from fingerprints between April 29, 2014 and the Preliminary Approval Date.  The scope of this release shall not extend to any claims against Sky Zone Franchise Group, LLC, and/or Pathfinder Software, LLC.

## K.    NO ADMISSION

Innovative Heights denies liability for the claims asserted in this Action. Neither the Settlement documents nor any other item pertaining to the Settlement Agreement contemplated herein shall be offered in any other case or proceeding as evidence of any admission by Innovative Heights of any liability with respect to any claim for damages or other relief, or of any admission by Plaintiff that she would not have prevailed on liability on any of her claims. Any stipulation or admission by Innovative Heights or Plaintiff contained in any document pertaining to the Settlement Agreement is made for settlement purposes only. In the event this Agreement is not finally approved, nothing contained herein shall be construed as a waiver by Innovative Heights that class certification is not appropriate or is contrary to law in this Action or any other case or proceeding, or by Plaintiff that class certification is appropriate, in this case or any other case or proceeding.

**L.      DISMISSAL OF CLAIMS AGAINST INNOVATIVE HEIGHTS IN THE ACTION**

The Class Representative, on behalf of herself and the Settlement Class consents to the dismissal with prejudice of all claims against Innovative Heights asserted in the Action at the time of entry of the Final Judgment as set forth in the next sentence. The Parties hereby stipulate to the entry of the Final Judgment in a form substantially the same as Exhibit 2 following Final Approval of the Settlement Agreement by the Court.

**M.      ADDITIONAL MATTERS**

**1.      Notice to Parties or Counsel.**  Any communication, verification, or notice sent by any Party or their counsel in connection with this Settlement Agreement shall be effected by personal delivery, regular first class mail, email, and/or overnight courier as follows:

| **To Plaintiff:** | **To Innovative Heights:** |
|---|---|
| Madisyn Stauffer | Innovative Heights Fairview Heights, LLC |
| c/o Kevin P. Green | c/o Charles N. Insler |
| Richard S. Cornfeld | Hepler Broom LLC |
| Goldenberg Heller & Antognoli, P.C. | 701 Market Street, Suite 1400 |
| 2227 South State Route 157 | St. Louis, MO 63101 |
| Edwardsville, IL 62025 | cni@heplerbroom.com |
| kevin@ghalaw.com | |
| rick@ghalaw.com | |

**2.      CAFA Notice.**  Innovative Heights shall comply with all requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, relating to this Settlement Agreement.  No later than thirty (30) days prior to the Final Approval Hearing, Innovative Heights shall file with the Court a certification of date upon which CAFA notice was served on the appropriate federal and state officials.

**3.      Best Efforts.**  The Parties and their respective counsel agree that the terms of the Settlement Agreement are fair and reasonable and reflect a good-faith settlement of disputed claims.  The Parties and their respective counsel shall reasonably cooperate with each other and

use their best efforts to perform all of the terms of this Settlement Agreement and to effect its prompt consummation consistent with its terms.

4. **Termination of Agreement.**  This Settlement Agreement shall be deemed terminated if there is no Effective Date.

5. **Admissibility.**  The term sheet, this Settlement Agreement, any drafts of the term sheet or Settlement Agreement, or any other documents relating to the implementation of this Settlement Agreement or the term sheet, shall not be admissible or discoverable in this or another case, proceeding, or cause, except as otherwise provided herein to enforce the terms of this Settlement Agreement in this Action, or to effectuate the settlement.

6. **Entire Agreement.**  This Settlement Agreement sets forth the entire agreement between the Parties with respect to its subject matter and the Parties expressly acknowledge that no other agreements or understandings unexpressed in this Settlement Agreement exist between them relating to the subject matter hereof.

7. **Amendment.**  This Settlement Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives.

8. **Time Periods.**  The time periods and dates described in this Settlement Agreement with respect to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of Class Counsel and Defendant's Counsel.

9. **Binding Effect.**  This Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties and their successors and assigns.

**10.    Construction.**  This Settlement Agreement shall be deemed to have been drafted equally by Class Counsel and Defendant's Counsel and no rule of strict construction shall be applied against or in favor of any of the Parties.

**11.    Governing Law.**  This Settlement Agreement shall be governed by and interpreted according to the laws of the State of Illinois.

**12.    Counterparts.**  This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, and all of which shall be deemed a single agreement.  The Agreement may be executed by verified electronic signature, including via DocuSign.  For purposes of this Settlement Agreement, a facsimile copy shall constitute an original signature and shall have the same binding effect as an original.

**13.    Exhibits.**  The exhibits to this Settlement Agreement are:

> **Exhibit 1 –** Proposed Preliminary Approval Order
>
> **Exhibit 2 –** Proposed Final Judgment
>
> **Exhibit 3 –** Innovative Heights Class List
>
> **Exhibit 4 –** Mailed Notice
>
> **Exhibit 5 –** Email Notice
>
> **Exhibit 6 –** Text Notice

**N.    EXECUTION**

The undersigned, being duly authorized, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on that date upon which it has been executed by the last of all of the undersigned.

[This portion of the page intentionally left blank]

| | |
|---|---|
| **MADISYN STAUFFER, Plaintiff/ Class Representative** | **INNOVATIVE HEIGHTS FAIRVIEW HEIGHTS, LLC, Defendant** |
| Madisyn Stauffer | By: _____ |
| 3/4/2024 | Title: _____ |
| Date: _____ | Date: _____ |
| **GOLDENBERG HELLER & ANTOGNOLI, P.C., Counsel for Plaintiff and the Settlement Class** | **Hepler Broom LLC, Counsel for Innovative Heights Fairview Heights, LLC** |
| By: _____<br>Kevin P. Green<br>Richard S. Cornfeld<br>Daniel S. Levy<br>Thomas C. Horscroft | By: _____<br>Charles N. Insler |
| Date: _3/4/2024_____ | Date: _____ |

| MADISYN STAUFFER, Plaintiff/ Class Representative | INNOVATIVE HEIGHTS FAIRVIEW HEIGHTS, LLC, Defendant |
|---|---|
| | By: _____ |
| _____ | Title: Member |
| Madisyn Stauffer | Date: 3/4/24 |
| Date: _____ | |
| | |
| GOLDENBERG HELLER & ANTOGNOLI, P.C., Counsel for Plaintiff and the Settlement Class | Hepler Broom LLC, Counsel for Innovative Heights Fairview Heights, LLC |
| By: _____ | By: _____ |
| Kevin P. Green | Charles N. Insler |
| Richard S. Cornfeld | |
| Daniel S. Levy | |
| Thomas C. Horscroft | |
| Date: _____ | Date: 3/4/2024 |

24

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MADISYN STAUFFER, | ) | |
| on behalf of herself and all others similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 3:20-cv-00046-MAB |
| | ) | |
| v. | ) | |
| | ) | |
| INNOVATIVE HEIGHTS FAIRVIEW | ) | |
| HEIGHTS, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

This matter having come before the Court on Plaintiff Madisyn Stauffer's Unopposed

Motion for Preliminary Approval of Proposed Class Action Settlement between Plaintiff and

Defendant Innovative Heights Fairview Heights, LLC ("Innovative Heights"), set forth in the

Settlement Agreement between Plaintiff and Innovative Heights (the "Settlement Agreement"),

and the Court having duly considered the papers and arguments of counsel, the Court hereby

finds and orders as follows:

1.      Unless defined herein, all capitalized terms in this Order shall have the same

meanings as set forth in the Settlement Agreement.

**Certification of the Settlement Class and Preliminary Approval of the Settlement**

2.      The Settlement Agreement includes the following Settlement Class:

> The 244 persons specifically identified in the Innovative Heights
> Class List who have been identified by name and contact
> information during discovery as having scanned one or more fingers
> into a computer system at Innovative Heights at any time from April
> 29, 2014, through the Preliminary Approval Date.

Excluded from the Settlement Class are the Court and staff to whom this
case is assigned, any immediate family members of the Court or its staff,

and any person who timely and properly opts out of the Settlement Agreement pursuant to the procedures set forth therein.[1]

3.      This Court finds that the Court will likely be able to certify the Settlement Class for purposes of judgment on the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e)(1)(B)(ii) because the requirements for certification under Rule 23(a) and 23(b)(3) are satisfied.  Namely:

a.      Rule 23(a)(1) is satisfied, as the Class is so numerous that joinder of all members is impracticable.

b.      Rule 23(a)(2) is satisfied, as there are numerous questions of law and fact arising from the nucleus of operative fact common to those Class members, including, among others: (i) whether Innovative Heights collected, captured, purchased, received through trade, or otherwise obtained the Class' biometric identifiers or biometric information; (iii) whether Innovative Heights had to, and whether it did, inform the Class in writing that a biometric identifier or biometric information was being collected or stored; (iv) whether Innovative Heights had to, and whether it did inform the Class in writing of the specific purpose and length of term for which a biometric identifier or biometric information was being collected, stored, and used; (v) whether Innovative Heights had to, and whether it did, receive written releases from the Class before capturing, collecting, purchasing, receiving through trade, or otherwise obtaining their biometric identifiers or biometric information; and (vi) whether any violations of BIPA by Innovative Heights were negligent, reckless, or intentional.

---

[1] The Settlement Class is sometimes referred to herein as the Class.

c.      Rule 23(a)(3) is satisfied because the claims of the proposed Class Representative typify those of the absent Class members, as each Class member scanned his/her finger and was subject to the same alleged misconduct in the same manner.

d.      Rule 23(a)(4) is satisfied because the proposed Class Representative will fairly and adequately protect the interests of the Class as a whole, and has done so thus far.  The Class Representative's interests are aligned with, and not antagonistic to, those of the Class members in seeking to vindicate the privacy rights of the Class under BIPA.  Further, the Class Representative has proceeded with counsel who have vigorously pursued this case and have fairly and adequately protected the interests of the Class.

e.      Rule 23(b)(3) is satisfied because the common questions of law of fact predominate over questions affecting individual members, as the common issues will be resolved through generalized and common proof—such as Innovative Heights' policies and practices in light of its legal obligations—which are more substantial than any issues that may be subject to individualized proof.  Moreover, a class action is a superior method for fairly and efficiently adjudicating the controversy and avoiding inconsistent outcomes.

4.      Accordingly, subject to the Final Approval Hearing referred to in this Order, the Court certifies the Settlement Class and appoints Madisyn Stauffer as Class Representative of the Settlement Class.

5.      Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints Kevin P. Green, Richard S. Cornfeld, Daniel S. Levy, and Thomas C. Horscroft of Goldenberg Heller & Antognoli, P.C., as Class Counsel.  The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and have and will fairly and adequately protect the interests of the Settlement Class.

6.      The Court has conducted a preliminary evaluation of the settlement set forth in the Settlement Agreement for fairness, adequacy, and reasonableness.  Based on this preliminary evaluation, the Court finds that the settlement is fair, reasonable and adequate, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2), and is in the best interests of the Settlement Class.  The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action against Innovative Heights, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delays associated with continued litigation, trial, and/or appeal.  The Court also finds that the Settlement Agreement is the result of arm's-length negotiations between experienced class action attorneys familiar with the legal and factual issues of this case, who have diligently investigated and prosecuted this matter, and was facilitated and overseen by an experienced mediator, Frank Neuner.  Therefore, the Court grants preliminary approval of the settlement.

### Notice and Administration

7.      Pursuant to Federal Rule of Civil Procedure 23(e)(1)(B), the Court directs that notice of the Settlement Agreement shall be provided to the members of the Settlement Class as set forth herein.

8.      The Court hereby approves the appointment of Atticus Administration, LLC as the Settlement Administrator responsible for administering the Class Notice and settlement payments in accordance with the terms of the Settlement Agreement.  The Court also authorizes the Settlement Administrator to carry out such other responsibilities as are provided for in the Settlement Agreement or as may be agreed to by counsel for the Parties.

9.      The Court approves the proposed content and method for giving notice to the Settlement Class.  Counsel for the Parties are directed to modify such notices to reflect the dates

set by this order prior to publication and dissemination.  The proposed method of dissemination

of Notice set forth in the Settlement Agreement, is the best notice practicable under the

circumstances, is a reasonable manner for notice, and constitutes valid, due, and sufficient notice

to the Settlement Class in full compliance with the requirements of applicable law, including but

not limited to the Due Process Clause of the United States Constitution, and is approved.  The

Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise

members of the Settlement Class of the pendency of this Action, the terms of the Settlement

Agreement, and their rights under the Settlement Agreement, including the right to object to or

exclude themselves from the settlement.  Class Counsel and Innovative Heights Counsel, by

agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to

update those documents for purposes of accuracy or formatting for publication.  Therefore, the

Settlement Administrator is directed to send notice on or before [21 days after date of this order]

(the "Settlement Notice Date") in accordance with the Settlement Agreement, as follows:

      a.     **Mail Notice.**  Within twenty-one (21) days after the Preliminary Approval

Date, the Settlement Administrator will send via U.S. mail, postage prepaid the Mailed Notice to

each individual identified on the Innovative Heights Class List.  Prior to sending notice, the

Settlement Administrator will process the address of each person identified in the Class List

through the U.S. Postal Service's National Change of Address database (the "Address

Database").  The notice will be mailed to the last known address reflected in the Innovative

Heights Class List Contact Information unless a different address is listed in the Address

Database, in which case the notice will be mailed to the address listed in the Address Database.

For up to thirty-five (35) days after the Settlement Notice Date, the Settlement Administrator

will re-mail notice via standard U.S. Mail, postage prepaid, to any updated addresses to the

extent that it received address change notifications from the U.S. Postal Service or pursuant to a request from a person on the Innovative Heights Class List.

        b.     **Email Notice.**  Within twenty-one (21) days after the Preliminary Approval Date, the Settlement Administrator will email the Email Notice to each person on the Innovative Heights Class List whose email address is identified in the Innovative Heights Class List Contact Information.

        c.     **Text Message Notice.**  Within twenty-one (21) days after the Preliminary Approval Date, the Settlement Administrator will send the Text Notice to each person on the Innovative Heights Class List whose phone number is identified in the Innovative Heights Class List Contact Information.

        d.     **Settlement Website**.  Within seven (7) days after the Preliminary Approval Date, the Settlement Administrator will create the Settlement Website ([www.InnovativeHeightsBIPAsettlement.com](www.InnovativeHeightsBIPAsettlement.com)) that will include links to the Settlement Notice, the Settlement Agreement, the Claim Form, the Fee Application, Class Counsel's contact information, applicable deadlines, and orders of the Court pertaining to the settlement.  Class Counsel and Innovative Heights' Counsel shall jointly approve any additional content in advance of posting on the Settlement Website.  Class Counsel shall provide to the Settlement Administrator, as soon as practicable after filing, Class Counsel's Fee Application and motion for payment of service awards to the Class Representative, together with supporting memorandum and papers, which the Settlement Administrator will post on the Settlement Website within 5 days of receipt from Class Counsel.  The Court finds that the posting of the Fee Application on the Settlement Website constitutes a reasonable manner of serving the motion pursuant to Rule 23(h).

10.     No later than seven (7) days before the Final Approval Hearing (defined below), the Settlement Administrator shall provide the Court with a declaration showing that Notice was disseminated in accordance with this Order and the Settlement Agreement.

**Exclusions**

11.     Any person on the Innovative Heights Class List may request to be excluded (or "opt out") from the Settlement Agreement.  A person who wishes to opt out of the Settlement Agreement must submit to the Settlement Administrator (by mail or email) a written Request for Exclusion, including the person's present name, address, telephone number, and email, a clear and unequivocal statement that the person wishes to be excluded from the Settlement Agreement, and the actual or digital signature of the person or, only in the case of a person who is deceased or incapacitated, the signature of the person's legally authorized representative.  To be timely and valid, the Request for Exclusion must be postmarked or emailed on or before [81 days after date of this order (or next business day thereafter)].  A Request for Exclusion shall apply only to the individual who submits the valid Request for Exclusion.  No Request for Exclusion may be made on behalf of a group of persons.

12.     Any person who properly and timely submits a Requests for Exclusion shall not: (a) be bound by any orders or judgments entered in the Action relating to the Settlement Agreement; (b) be entitled to relief under, or be affected by, the Settlement Agreement; (c) gain any rights by virtue of the Settlement Agreement; or (d) be entitled to object to any aspect of the Settlement Agreement.

**Objections**

13.     Any Settlement Class members who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to a

Final Judgment being entered in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel, or to the requested service award to the Class Representative. To object, Settlement Class members must sign and file a written objection with the Court and serve the objection on Class Counsel and Innovative Heights' Counsel on or before [81 days after date of this order (or next business day thereafter)].

14.     The written statement of objection shall include: (i) the objector's name, address, telephone number, and email and, if represented by counsel, the name, address, and telephone number of his or her counsel; (ii) a statement of each objection; (iii) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection; and (iv) the objector's handwritten signature.  If the objection is made through an attorney, the written objection must also include the identity of the Settlement Class member represented by objector's counsel.  No objection may be made on behalf of a group of Settlement Class members.

15.     Settlement Class members, or their attorneys, intending to appear at the Final Approval Hearing must deliver to Class Counsel and Innovative Heights' Counsel and have file-marked by the Court, on or before the Objection Deadline, a Notice of Intention to Appear.  The Notice of Intention to Appear must: (i) state how much time the Settlement Class member anticipates needing to present the objection; (ii) identify, by name, address, telephone number of each proposed testifying witness; (iii) summarize in detail the anticipated testimony of all such witnesses; (iv) identify all exhibits the Settlement Class member intends to offer in support of the objection; and (v) attach complete copies of all such exhibits.  Any Settlement Class member

who does not timely file and serve a notice of intention to appear shall not be permitted to appear, except for good cause shown.

16. To be valid, objections must be filed with the Clerk of Court, 750 Missouri Avenue, East St. Louis, IL 62201. Any objections made by a Settlement Class member who is represented by counsel must be filed through the Court's CM/ECF system. Any objections by Settlement Class members representing themselves that are filed in paper form will be placed on the docket by the Clerk of Court.

17. Settlement Class members who fail to file and serve timely written objections in compliance with the requirements above shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement, Fee Application, or any payment identified herein or awarded by the Court.

18. The procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class member's objection to the Settlement, in accordance with the due process rights of all Settlement Class Members.

**Final Approval Hearing**

19. On [at least 100 days after Motion for Preliminary Approval Filed per CAFA] _____, at _____, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and Fee Application, and to determine whether Final Judgment approving the settlement and dismissing with prejudice all claims asserted in the Litigation against Innovative Heights should be entered. The Final Approval Hearing may be postponed, adjourned, or rescheduled by order of the Court, and the

Settlement Website shall be updated with any new Final Approval Hearing Date.  No further notice to the Class is required.

### Supplemental Filing Deadlines

20.      Class Counsel shall file their Fee Application within sixty (60) days after the date of this Preliminary Approval Order.

21.      The Motion for Final Approval shall be filed after the Opt-Out/Objection Deadline, and no later than fourteen (14) days prior to the Final Approval Hearing.

22.      If any deadline set forth in this Order falls on a Saturday, Sunday or federal holiday, then such deadline shall extend to the next Court business day.

23.      Summary of Major Dates and Deadlines:

| | |
|---|---|
| Settlement Website goes live | _____, 2024<br>(7 days after the entry of this Order) |
| Settlement Notice Date | _____, 2024<br>(21 days after the entry of this Order) |
| Class Counsel's Fee Application Deadline | _____, 2024<br>(60 days after the entry of this Order) |
| Opt-Out Deadline | _____, 2024<br>(60 days after the Settlement Notice Date) |
| Objection/Notice of Intent to Appear Deadline | _____, 2024<br>(60 days after the Settlement Notice Date) |
| Motion for Final Approval | _____<br>(14 days prior to Final Approval Hearing) |
| Final Approval Hearing | _____, at ___. |

24.     Unless modified in this Order, the Court adopts and directs the parties to comply with all deadlines and obligations requiring action prior to the Final Approval Hearing set forth in the Settlement Agreement.  Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement that are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: _____, 2024

_____
Hon. Mark A. Beatty
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MADISYN STAUFFER, | ) | |
| on behalf of herself and all others similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 3:20-cv-00046-MAB |
| | ) | |
| v. | ) | |
| | ) | |
| INNOVATIVE HEIGHTS FAIRVIEW | ) | |
| HEIGHTS, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE AS TO DEFENDANT INNOVATIVE HEIGHTS FAIRVIEW HEIGHTS, LLC**

The Settlement Agreement between Plaintiff Madisyn Stauffer, in both her individual and representative capacities (the "Class Representative") and Defendant Innovative Heights Fairview Heights, LLC ("Innovative Heights") provides for the Settlement of the claims in this Action against Innovative Heights on behalf of the Class Representative and the Settlement Class Members, subject to approval by this Court of its terms and to the entry of this Final Judgment.

Pursuant to an Order dated _____, 2024, ("Preliminary Approval Order"), the Court scheduled a hearing (the "Final Approval Hearing") to consider the approval of the Settlement Agreement and the Settlement reflected in it.

Innovative Heights denies any wrongdoing, fault, violation of law, or liability for damages of any sort. Innovative Heights has agreed to the certification of the Settlement Class for settlement purposes only.

A Final Approval Hearing was held before this Court on _____, 20__, to consider, among other things, whether the Settlement should be approved by this Court as fair,

reasonable and adequate, whether Class Counsel's request for approval of attorneys' fees and expenses is reasonable and should be approved by this Court, and whether Class Representative's request for approval of service payments is reasonable and should be approved by this Court.

**NOW THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2.      This Court has subject-matter jurisdiction to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties, including all Settlement Class Members

3.      In this Court's Preliminary Approval Order, the Court preliminarily approved the Settlement Agreement, and for settlement purposes, certified the following Settlement Class after finding that it met the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), as follows:

> The 244 persons specifically identified in the Innovative Heights Class List who have been identified by name and contact information during discovery as having scanned one or more fingers into a computer system at Innovative Heights at any time from April 29, 2014, through the Preliminary Approval Date.
>
> Excluded from the Settlement Class are the Court and staff to whom this case is assigned, any immediate family members of the Court or its staff, and any person who is identified below as having   timely and properly opted out of the Settlement Agreement pursuant to the procedures set forth therein.[1]

---

[1] The Settlement Class is sometimes referred to herein as the Class.

4.     The Court now confirms final certification of the Settlement Class for purposes of entering this final judgment, appointment of Plaintiff Madisyn Stauffer as Class Representative for the Settlement Class, and the appointment of Class Counsel as described in the Preliminary Approval Order.

5.     Notice to the Settlement Class has been provided pursuant to this Court's Preliminary Approval Order, and the Notice, which included Mail Notice, Email Notice, Text Message Notice, and the creation of the Settlement Website, provided the best notice practicable under the circumstances, was a reasonable manner for notice, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including but not limited to the Due Process Clause of the United States Constitution.

6.     The Court finds that the appropriate government officials were properly and timely notified of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  As required by CAFA, more than ninety (90) days have elapsed between the date since notice was provided pursuant to CAFA and the Final Approval Hearing.

7.     The Court finds that the Settlement Agreement is the product of good faith arm's-length negotiations between experienced class action attorneys familiar with the legal and factual issues of this case, who have diligently investigated and prosecuted this matter, and was facilitated and overseen by an experienced mediator, Frank Neuner, and is supported by the Class Representative and Class Counsel. The Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

8.     This Court, having considered the factors set forth in Federal Rule of Civil Procedure 23(e)(2) as well as the settlement approval factors set forth by the Seventh Circuit,

approves the Settlement and all terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, adequate and in the best interest of the Settlement Class Members, in light of the complexity, expense, and duration of the litigation, the risks involved in maintaining the class action through trial and appeal, and the lack of any objections to the settlement by the Settlement Class. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims. The Court finds that the consideration to be paid to Settlement Class members is reasonable, considering the facts and circumstances of the claims and defenses available in the Action and the potential risks of alternatively pursuing litigation on the merits.  The Parties dispute the validity of the claims in this Litigation, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, adequate and in the best interests of the Settlement Class Members.  The relief negotiated by the Parties includes substantial monetary relief for each Settlement Class member.  For these reasons, the Court finds that the uncertainties of continued litigation in both trial and appellate courts, as well as the tremendous expense associated with it, weigh in favor of approval of the Settlement Agreement.

9. [Names] [*or* those identified on Exhibit __] are hereby excluded from the Settlement Class after submitting timely and valid Requests for Exclusion.

10. Any and all objections to the Settlement Agreement and the Fee Award have been considered and are hereby found to be without merit and are overruled. [*or* No objections to the Settlement Agreement were filed.]  Any member of the Settlement Class who did not timely file and serve an objection in writing to the Settlement Agreement or Fee Award in accordance with the procedures set forth in the Settlement Agreement is deemed to have waived any such objection by appeal, collateral attack, or otherwise.

11.     The Settlement Agreement is hereby finally approved in all respects. The Parties to the Agreement and their counsel are directed to consummate and perform the Settlement Agreement by its terms.  The Settlement Administrator shall provide the Settlement Award to the Award Recipients according to the terms of the Settlement Agreement.

12.     The claims against Defendant Innovative Heights are hereby dismissed, with prejudice, and without costs to any party except as set forth in the Court's Order on Class Counsel's Fee Application.  The claims against the other defendants in the Action remain pending.

13.     Upon the Effective Date, the Class Representative and each Settlement Class member, and their respective agents, heirs, executors, administrators, successors, assigns, guardians and representatives, fully and finally release, as of the Effective Date, the Released Parties from any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability whether liquidated or unliquidated, whether known or unknown, that were or could have been asserted in the Action, or are based on or in any way related to Innovative Heights' conduct as alleged in the Action, and arising in any way from Innovative Heights' collection, storage, possession, disclosure, or use of fingerprints or data derived from fingerprints between April 29, 2014 and the Preliminary Approval Date.

14.     The procedures set forth in Rule 23(h) regarding Class Counsel's Fee Application have been satisfied.  The Court sets forth its findings of fact and conclusions of law regarding said motion in a separate order awarding attorneys' fees, costs, and a Service Award, which is incorporated herein by reference.

15.     To the extent that any payment issued to a Settlement Class member pursuant to the Settlement Agreement is returned and determined to be undeliverable under the terms

described in the Settlement Agreement, the Court approves the *cy pres* award of such funds to be paid to Land of Lincoln Legal Assistance Foundation, Inc. 8787 State Street, Suite 201, East St. Louis, Illinois pursuant to the terms described in the Settlement Agreement.

16.     Without affecting the finality of this Final Judgment in any way, this Court retains continuing jurisdiction for the purpose of enforcing the Settlement Agreement and this Final Judgment, and other matters related or ancillary to the foregoing.

17.     The Parties having so agreed, and good cause appearing, the Court finds pursuant to Rule 54(b) that there is no just reason for delay of enforcement or appeal of this Order, and it is expressly directed that this Final Judgment and Order of Dismissal with Prejudice as to Innovative Heights be, and hereby is, entered as a final and appealable order.

Entered this _____ day of _____.

**IT IS SO ORDERED.**

DATED:  _____, 2024          _____
                                                                    Hon. Mark A. Beatty
                                                                    UNITED STATES MAGISTRATE JUDGE

6

**EXHIBIT 3**

**FILED UNDER SEAL**

**EXHIBIT 4**

## NOTICE OF CLASS ACTION SETTLEMENT
*Stauffer v. Innovative Heights Fairview Heights, LLC, et al., Case No. 3:20-cv-00046-MAB (S.D. Ill.)*

| 1. Introduction |
|---|

A federal court preliminarily approved a class action settlement between plaintiff and one defendant, Innovative Heights Fairview Heights, LLC ("Innovative Heights"), in the above-referenced lawsuit (the "Lawsuit"). The Court approved this Notice to inform individuals included in the settlement of their rights. As described in more detail below, you may do one of the following:

| PARTICIPATE (NO ACTION REQUIRED) | You will receive a settlement payment. You will remain in the Class and be subject to the Settlement Agreement. |
|---|---|
| EXCLUDE YOURSELF | You will not receive a settlement payment. You will not remain in the Class and will not be subject to the Settlement Agreement. |
| OBJECT | You will remain a part of the Class and will receive any settlement payment that is approved by the Court if your objection is overruled. |

Before any money is paid, the Court will decide whether to grant final approval of the settlement. *Note: You may receive notice about a related settlement in this lawsuit involving different parties: Pathfinder Software, LLC and Sky Zone Franchise Group, LLC. This notice and settlement is different from and in addition to any settlement funds available from these other parties.*

| 2. What Is The Lawsuit About? |
|---|

The Lawsuit is against multiple defendants asserting violations of the Illinois Biometric Information Privacy Act ("BIPA"). One of the defendants is Innovative Heights. Innovative Heights is a recreational facility/trampoline park in Fairview Heights, Illinois. Plaintiff alleges that Innovative Heights violated BIPA in connection with the use of fingerprint scanners to collect fingerprints of its employees in conjunction with tasks such as clocking in and out of work or accessing the computer system. Innovative Heights denies any violation of the law. The Court did not decide whether Innovative Heights violated the law.

| 3. Who Is In The Settlement Class? |
|---|

The Settlement Class consists of individuals who have been identified as employees of Innovative Heights who scanned one or more fingers into a computer system at Innovative Heights at any time between April 29, 2014 and Preliminary Approval Date. Our records indicate you were an employee of Innovative Heights and a member of the Settlement Class entitled to the settlement payment. You do not need to file a claim or take any action to receive a settlement payment.

| 4. What Does The Settlement Provide? |
|---|

The settlement provides, among other things, for a total payment of $285,000 that Innovative Heights has agreed to pay to settle the claims in the Lawsuit. Subject to Court approval, the gross settlement fund shall be reduced to cover litigation costs, Settlement Administrator's costs, and a Service Award to Class Representative Madisyn Stauffer, and by an award of up to one third of the total settlement for Settlement Class Counsel's attorney fees. Following these reductions, the remaining amount shall be the net settlement fund, which shall be distributed equally to the Settlement Class members. No money from the settlement will be returned to Innovative Heights.

The exact amount of money each Settlement Class member will receive will not be known until a later date. Settlement Class Counsel estimates that Settlement Class members will receive approximately $650 each. Please consult your tax advisor regarding the tax consequences and obligations related to the payment.

### 5.   What Are My Options?

You have the choice of participating in the settlement (by **doing nothing**), **excluding yourself** from the settlement, or **objecting** to the settlement. Please review a list of your options below.

**a.   Participate (no action required).**  To participate in the settlement you do not need to take any action. If you have received this notice and do nothing, you will automatically receive money from the settlement if it is approved by the Court and be bound by all orders and judgments of the Court.

**b.   Exclude yourself from the settlement.** You may exclude yourself from the settlement by mailing or emailing the Settlement Administrator (contact information below) on or before **DATE____, 2024**. If you do this, you will NOT receive a settlement payment and will not be bound by the settlement. You must include your name, address, telephone number, email, a clear statement that you wish to be excluded, and your (or your authorized representative's) actual or digital signature. A request to exclude cannot be made on behalf of a group of persons.

**c.   Object to the settlement.**  You may object to the settlement on or before **DATE____, 2024.** If you want to object to the settlement, you must mail or email a written objection to the Settlement Administrator (contact information below), which includes your full name, address, telephone number, email, and the grounds for the objection. An objection cannot be made on behalf of a group of persons. If you exclude yourself from the settlement, you cannot file an objection.

Each choice has risks and consequences. Unless you exclude yourself, you are staying in the Settlement Class and agreeing to release Innovative Heights as set forth in the Settlement Agreement if the Court approves the settlement. This means that you can't sue, continue to sue, or be part of any other lawsuit against Innovative Heights about the legal issues related to this case. It also means that all of the Court's orders will apply to you and legally bind you.

### 6.   Who Are The Attorneys For The Class And How Will They Be Paid?

The Court has appointed the following Settlement Class Counsel to represent the Settlement Class in this settlement:

**GOLDENBERG HELLER & ANTOGNOLI, P.C.**
Kevin P. Green; Richard S. Cornfeld; Thomas C. Horscroft; Daniel S. Levy
2227 South State Route 157, Edwardsville, Illinois 62025

Settlement Class Counsel will request up to one-third of the total settlement amount as attorney fees, plus reimbursement of litigation costs and payment of a Service Award to Plaintiff and the Settlement Administrator's costs. The request for such amounts (the "Fee Petition") will be added to the settlement website after it is filed and is subject to Court approval.

### 7.   When Is The Final Approval Hearing?

The Court will hold a hearing in this case on **_____, 2024 at _____,** to consider whether to finally approve (1) the settlement; and (2) the Fee Petition. You may appear at the final approval hearing, but you are not required to do so.

### 8.   Who Is The Settlement Administrator And Are There More Details About The Settlement?

This notice summarizes the proposed settlement.  More details can be found in the Settlement Agreement and other documents that can be found on the Settlement Website: www.InnovativeHeightsBIPAsettlement.com.  If you have questions about this notice that are not answered by the website you may also contact the Settlement Administrator at:

**Innovative Heights BIPA Settlement c/o Atticus Administration, LLC,**
**PO Box 64053, St. Paul, MN 55164**
**1-888-205-6166 | InnovativeHeightsBIPAsettlement@atticusadmin.com**

***NO INQUIRIES SHOULD BE DIRECTED TO THE CLERK OF THE COURT OR TO THE JUDGE***

**EXHIBIT 5**

Email Notice

**From:** [ClassActionSettlement@ClaimsAdministratorDomain.com]
**To:**     JonQClassMember@domain.com
**Re:**     Legal Notice of Class Action Settlement – Finger Scan at Innovative Heights Fairview Heights, LLC (Sky Zone)

You are receiving this notice because you have been identified as having scanned your fingerprint into a computer system as part of your past or present employment with Innovative Heights Fairview Heights, LLC ("Innovative Heights"), a Sky Zone trampoline park in Fairview Heights, Illinois.

This notice informs you of a proposed settlement of a class action lawsuit against Innovative Heights.  The lawsuit is called *Stauffer v. Innovative Heights Fairview Heights, LLC, et al.*, Case No. 3:20-cv-00046-MAB (S.D. Ill.).  The lawsuit is against multiple defendants asserting violations of the Illinois Biometric Information Privacy Act ("BIPA"). One of the defendants is Innovative Heights.  *Please note: You may have received notice about a related settlement in this lawsuit involving different parties: Pathfinder Software, LLC and Sky Zone Franchise Group, LLC.  This notice and settlement is different from and in addition to any settlement funds available from these other parties.*

Innovative Heights is a recreational facility/trampoline park in Fairview Heights, Illinois. Plaintiff alleges that Innovative Heights utilized fingerprint scanners to collect fingerprints of its employees in conjunction with tasks such as clocking in and out of work or accessing the computer system. The lawsuit alleges Innovative Heights violated BIPA in connection with this scanning of fingerprints.

The settlement resolves these claims against Innovative Heights. Innovative Heights denies any violation of the law. The Court did not decide whether Innovative Heights violated the law.

**Am I a Class Member?**  The Settlement Class consists of individuals who have been identified as employees of Innovative Heights who scanned one or more fingers into a computer system at Innovative Heights at any time between April 29, 2014 and Insert Preliminary Approval Date. Our records indicate you were an employee of Innovative Heights and a member of the Settlement Class entitled to the settlement payment.

**What Do I Need to Do to Receive Payment?**  Nothing.  You have already been identified as a member of the proposed Settlement Class.  Therefore, to participate in the settlement **you do not need to take any action**.

If you have received this notice and do nothing, you will automatically receive money from the settlement if it is approved by the Court.

You may contact the Settlement Administrator (contact information below) to provide your most current contact information to ensure delivery of the payment.

**What Do I Get?**

If you do not opt out of the settlement, and if the Court grants final approval of the settlement, you will receive money from the settlement and be bound by all orders and judgments of the Court.

The settlement provides, among other things, for a total payment of $285,000 that Innovative Heights has agreed to pay to settle the claims in the Lawsuit. Subject to Court approval, the gross settlement fund shall be reduced to cover litigation costs, Settlement Administrator's costs, and a Service Award to Class Representative Madisyn Stauffer, and by an award of up to one third of the total settlement for Settlement Class Counsel's attorney fees. Following these reductions, the remaining amount shall be the net settlement fund, which shall be distributed equally to the Settlement Class members. No money from the settlement will be returned to Innovative Heights.

The exact amount of money each Settlement Class member will receive will not be known until a later date. Settlement Class Counsel estimates that Settlement Class members will receive approximately $650 each. Please consult your tax advisor regarding the tax consequences and obligations related to the payment.

**What are My Other Options?** If you do not want to be legally bound by the proposed settlement, you must exclude yourself by OPT OUT DATE.  If you exclude yourself, you will not receive any payment from the settlement.  If you do not exclude yourself, you will release any claims you may have against Innovative Heights about the legal issues related to this case and the settlement will be binding on you, as more fully described in the Settlement Agreement, available at the settlement website.  If you do not exclude yourself, you may object to the terms of the proposed settlement by OBJECTION DEADLINE.  For more information about excluding yourself from, or objecting to, the proposed settlement, please visit www.Innovative HeightsBIPAsettlement.com.

**Who Represents Me?**  The Court has appointed the following Settlement Class Counsel to represent the Settlement Class in this settlement:

GOLDENBERG HELLER & ANTOGNOLI, P.C.
Kevin P. Green; Richard S. Cornfeld; Thomas C. Horscroft; Daniel S. Levy
2227 South State Route 157, Edwardsville, Illinois 62025

Settlement Class Counsel will request up to one-third of the total settlement amount as attorney fees, plus reimbursement of litigation costs and payment of a Service Award to Plaintiff and the Settlement Administrator's costs. The request for such amounts will be added to the settlement website after it is filed with the Court and is subject to Court approval.

**When Will the Court Consider the Proposed Settlement?** The Court will hold a Hearing on FINAL APPROVAL HEARING DATE to consider whether to approve the proposed settlement and request for attorneys' fees, expenses, and service award to the Class Representative.  You

may appear at the hearing, either by appearing yourself or through an attorney hired by you, but you don't have to.

**How Do I Get More Information?**  This notice summarizes the proposed settlement.  More details can be found in the Settlement Agreement and other documents on the Settlement Website: www.InnovativeHeightsBIPAsettlement.com.  If you have questions concerning this notice that are not answered by the website you may also contact the Settlement Administrator at:

**Innovative Heights BIPA Settlement**
**c/o Atticus Administration, LLC,**
**PO Box 64053**
**St. Paul, MN 55164**
**1-888-205-6166**
**InnovativeHeightsBIPAsettlement@atticusadmin.com**

**EXHIBIT 6**

**Text Notice**

This is to notify you that you are part of a class action settlement involving the scanning of your fingerprint during your employment with Innovative Heights Fairview Heights, LLC a Sky Zone trampoline park in Fairview Heights, Illinois. To learn more, visit www.InnovativeHeightsBIPAsettlement.com.