IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MADISYN STAUFFER, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 3:20-CV-00046-MAB |
| vs. | )<br>)<br>) |
| INNOVATIVE HEIGHTS FAIRVIEW HEIGHTS, LLC, ET AL., | )<br>)<br>) |
| Defendants. | )<br>) |

### PRELIMINARY APPROVAL ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on Plaintiff Madisyn Stauffer's Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement between Plaintiff and Defendant Pathfinder Software, LLC, d/b/a CenterEdge Software ("CenterEdge") (Doc. 183). The Court has reviewed the motion, all supporting documents, and the Settlement Agreement between Plaintiff and CenterEdge (the "Settlement Agreement") (Doc. 183-1, pp. 1-31), and hereby finds and ORDERS as follows:

1.  Unless defined herein, all capitalized terms in this Order shall have the same meanings as set forth in the Settlement Agreement (*see* Doc. 183-1 at pp. 4-10).

**Certification of the Settlement Class and Preliminary Approval of the Settlement**

2.  The Settlement Agreement includes the Settlement Class, which consists of two groups, defined as follows:

    A.  The 2,179 persons specifically identified in the No-Claim Class List

who have been identified by name and contact information during discovery as having scanned one or more fingers into a CenterEdge system in Illinois at any time from April 29, 2014, through the Preliminary Approval Date, March 20, 2024; and

B. All persons who are on the Claims-Made Class List and who, at any time from April 29, 2014, through the Preliminary Approval Date, March 20, 2024, scanned one or more fingers into a CenterEdge computer system at any of the following locations:

- Sky Zone in Aurora, IL
- Sky Zone in Joliet, IL
- Sky Zone in Elmhurst, IL

Excluded from the Settlement Class are the Court and staff to whom this case is assigned, any immediate family members of the Court or its staff, and any person who timely and properly opts out of the Settlement Agreement pursuant to the procedures set forth therein.[1]

3. This Court finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e)(1)(B)(ii) because the requirements for certification under Rule 23(a) and 23(b)(3) are satisfied. Namely:

a. Rule 23(a)(1) is satisfied, as the Class consists of over two-thousand

---

[1] The Settlement Class is sometimes referred to herein as the Class.

persons and is therefore so numerous that joinder of all members is impracticable.

      b.     Rule 23(a)(2) is satisfied, as there are numerous questions of law and fact arising from the nucleus of operative fact common to those Class members, including, among others: (i) whether CenterEdge was in possession of the Class' biometric identifiers and/or biometric information; (ii) whether CenterEdge collected, captured, purchased, received through trade, or otherwise obtained the Class' biometric identifiers or biometric information; (iii) whether CenterEdge had to, and whether it did, inform the Class in writing that a biometric identifier or biometric information was being collected or stored; (iv) whether CenterEdge had to, and whether it did inform the Class in writing of the specific purpose and length of term for which a biometric identifier or biometric information was being collected, stored, and used; (v) whether CenterEdge had to, and whether it did, receive written releases from the Class before capturing, collecting, purchasing, receiving through trade, or otherwise obtaining their biometric identifiers or biometric information; (vi) whether CenterEdge had to, and whether and when it did, develop, make available to the public, and comply with a written policy establishing a retention schedule and guidelines for permanently destroying biometric identifiers and/or biometric information; and (vii) whether any violations of BIPA by CenterEdge were negligent, reckless, or intentional.

      c.     Rule 23(a)(3) is satisfied because the claims of the proposed Class Representative typify those of the absent Class members, as each Class member scanned his/her finger into the CenterEdge system and was subject to the same

alleged misconduct in the same manner.

   d. Rule 23(a)(4) is satisfied because the proposed Class Representative will fairly and adequately protect the interests of the Class as a whole, and has done so thus far. The Class Representative's interests are aligned with, and not antagonistic to, those of the Class members in seeking to vindicate the privacy rights of the Class under BIPA. Further, the Class Representative has proceeded with counsel who have vigorously pursued this case and have fairly and adequately protected the interests of the Class.

   e. Rule 23(b)(3) is satisfied because the common questions of law of fact predominate over questions affecting individual members, as the common issues will be resolved through generalized and common proof—such as CenterEdge's policies and practices in light of their legal obligations—which are more substantial than any issues that may be subject to individualized proof. Moreover, a class action is a superior method for fairly and efficiently adjudicating the controversy and avoiding inconsistent outcomes.

  4. Accordingly, subject to the Final Approval Hearing referred to in this Order, the Court preliminarily certifies the Settlement Class and appoints Madisyn Stauffer as Class Representative of the Settlement Class.

  5. Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints Kevin P. Green, Richard S. Cornfeld, Daniel S. Levy, and Thomas C. Horscroft of Goldenberg Heller & Antognoli, P.C., as Class Counsel. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and have and

will fairly and adequately protect the interests of the Settlement Class.

6. The Court has conducted a preliminary evaluation of the settlement set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that the settlement is fair, reasonable and adequate, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2), and is in the best interests of the Settlement Class. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action against CenterEdge, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delays associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement is the result of arm's-length negotiations between experienced class action attorneys familiar with the legal and factual issues of this case, who have diligently investigated and prosecuted this matter, and was facilitated and overseen by an experienced mediator, Hon. James Epstein (Ret.), a former trial court judge and former justice of the Illinois Appellate Court. Therefore, the Court grants preliminary approval of the settlement.

**Notice and Administration**

7. Pursuant to Federal Rule of Civil Procedure 23(e)(1)(B), the Court directs that notice of the Settlement Agreement shall be provided to the members of the Settlement Class as set forth herein.

8. The Court hereby approves the appointment of Atticus Administration, LLC as the Settlement Administrator responsible for administering the Class Notice and the claims for relief submitted by Class Members in accordance with the terms of the

Settlement Agreement. The Court also authorizes the Settlement Administrator to carry out such other responsibilities as are provided for in the Settlement Agreement or as may be agreed to by counsel for the Parties.

9. The Court approves the proposed content and method for giving notice to the Settlement Class. Counsel for the Parties are directed to modify such notices to reflect the dates set by this order prior to publication and dissemination. The proposed method of dissemination of Notice set forth in the Settlement Agreement, is the best notice practicable under the circumstances, is a reasonable manner for notice, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including but not limited to the Due Process Clause of the United States Constitution, and is approved. The Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, and their rights under the Settlement Agreement, including the right to object to or exclude themselves from the settlement. Class Counsel and CenterEdge Counsel, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication. Therefore, the Settlement Administrator is directed to send notice on or before April 10, 2024 (the "Settlement Notice Date") in accordance with the Settlement Agreement, as follows:

    a. **Mail Notice.** Within twenty-one (21) days after the Preliminary Approval Date, the Settlement Administrator will send via U.S. mail, postage

prepaid: (1) the No-Claim Class Mailed Notice to each individual identified on the No-Claim Class List; and (2) the Claims-Made Class Mailed Notice to each individual identified on the Claims-Made Class List. Prior to sending notice, the Settlement Administrator will process the address of each person identified in the Class List through the U.S. Postal Service's National Change of Address database (the "Address Database"). The notice will be mailed to the last known address reflected in the Class List Contact Information unless a different address is listed in the Address Database, in which case the notice will be mailed to the address listed in the Address Database. For up to thirty-five (35) days after the Settlement Notice Date, the Settlement Administrator will re-mail notice via standard U.S. Mail, postage prepaid, to any updated addresses to the extent that it received address change notifications from the U.S. Postal Service or pursuant to a request from a person on the Class List.

      b.    **Email Notice.** Within twenty-one (21) days after the Preliminary Approval Date, the Settlement Administrator will email: (1) the No-Claim Class Email Notice to each person on the No-Claim Class List whose email address is identified in the Class List Contact Information; and (2) the Claims-Made Class Email Notice to person on the Claims-Made Class List whose email address is identified in the Class List Contact Information.

      c.    **Text Message Notice.** Within twenty-one (21) days after the Preliminary Approval Date, the Settlement Administrator will send: (1) the No-Claim Class Text Notice to each person on the No-Claim Class List whose phone

number is identified in the Class List Contact Information; and (2) the Claims-Made Class Text Notice to each person on the Claims-Made Class List whose phone number is identified in the Class List Contact Information.

    d.    **Follow-Up Notice.** Forty-Five (45) days after Settlement Notice Date, the Settlement Administrator will: (1) email the Claims-Made Class Follow-Up Email Notice to each person on the Claims-Made Class List who has not yet returned a Claim Form and whose email address is identified in the Class List Contact Information ; and (2) send the Claims-Made Class Follow-Up Text Notice to each person on the Claims-Made Class List who has not yet returned a Claim Form and whose phone number is identified in the Class List Contact Information.

    e.    **Settlement Website.** Within seven (7) days after the Preliminary Approval Date, the Settlement Administrator will create the Settlement Website (www.centeredgesettlement.com) that will include links to the Settlement Notice, the Settlement Agreement, the Claim Form, the Fee Application, Class Counsel's contact information, applicable deadlines, and orders of the Court pertaining to the settlement. Class Counsel and CenterEdge's Counsel shall jointly approve any additional content in advance of posting on the Settlement Website. Class Counsel shall provide to the Settlement Administrator, as soon as practicable after filing, Class Counsel's Fee Application and motion for payment of service awards to the Class Representative, together with supporting memorandum and papers, which the Settlement Administrator will post on the Settlement Website within five (5) days of receipt from Class Counsel. The Court finds that the posting of the Fee

Application on the Settlement Website constitutes a reasonable manner of serving the motion pursuant to Rule 23(h).

10. No later than seven (7) days before the Final Approval Hearing (defined below), the Settlement Administrator shall provide the Court with a declaration showing that Notice was disseminated in accordance with this Order and the Settlement Agreement.

**Claims**

11. The Court approves the Claim Form attached to the Settlement Agreement. Any person on the Claims-Made Class List who qualifies for and wishes to receive the Award must submit to the Settlement Administrator a completed Claim Form on or before the close of the Claims Period. A Claim Form is timely if it is postmarked or electronically submitted on or before the last day of the Claims Period.

12. A properly completed Claim Form that is timely submitted is presumptively valid. The Settlement Administrator may contact any person to correct a defect in a submitted Claim Form for up to five (5) days after the Claims Period.

**Exclusions**

13. Any person on the Class List may request to be excluded (or "opt out") from the Settlement Agreement. A person who wishes to opt out of the Settlement Agreement must submit to the Settlement Administrator (by mail or email) a written Request for Exclusion, including the person's present name, address, telephone number, and email, a clear and unequivocal statement that the person wishes to be excluded from the Settlement Agreement, and the actual or digital signature of the person or, only in the

case of a person who is deceased or incapacitated, the signature of the person's legally authorized representative. To be timely and valid, the Request for Exclusion must be postmarked or emailed on or before June 10, 2024. A Request for Exclusion shall apply only to the individual who submits the valid Request for Exclusion. No Request for Exclusion may be made on behalf of a group of persons. Any person who submits a Claim Form during the Claim Period shall be deemed to have waived his or her right to opt-out of the Settlement Agreement, regardless of whether the person has also submitted a Request for Exclusion.

14. Any person who properly and timely submits a Request for Exclusion shall not: (a) be bound by any orders or judgments entered in the Action relating to the Settlement Agreement; (b) be entitled to relief under, or be affected by, the Settlement Agreement; (c) gain any rights by virtue of the Settlement Agreement; or (d) be entitled to object to any aspect of the Settlement Agreement.

**Objections**

15. Any Settlement Class Members who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to a Final Judgment being entered in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel, or to the requested service award to the Class Representative. To object, Settlement Class Members must sign and file a written objection with the Court and serve the objection on Class Counsel and CenterEdge's Counsel on or before June 20, 2024.

16. The written statement of objection shall include: (i) the objector's name,

address, telephone number, and email; (ii) a statement of each objection; (iii) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection. If the objection is made through an attorney, the written objection must also include the identity of the Settlement Class Member represented by objector's counsel. No objection may be made on behalf of a group of Settlement Class Members.

17. Settlement Class Members, or their attorneys, intending to appear at the Final Approval Hearing must deliver to Class Counsel and CenterEdge's Counsel and have file-marked by the Court, on or before the Objection Deadline, a Notice of Intention to Appear. The Notice of Intention to Appear must: (i) state how much time the Settlement Class Member anticipates needing to present the objection; (ii) identify, by name, address, telephone number of each proposed testifying witness; (iii) summarize in detail the anticipated testimony of all such witnesses; (iv) identify all exhibits the Settlement Class Member intends to offer in support of the objection; and (v) attach complete copies of all such exhibits. Any Settlement Class Member who does not timely file and serve a notice of intention to appear shall not be permitted to appear, except for good cause shown.

18. To be valid, objections must be filed with the Clerk of Court, 750 Missouri Avenue, East St. Louis, IL 62201. Any objections made by a Settlement Class Member who is represented by counsel must be filed through the Court's CM/ECF system. Any objections by Settlement Class Members representing themselves that are filed in paper

form will be placed on the docket by the Clerk of Court.

19. Settlement Class Members who fail to file and serve timely written objections in compliance with the requirements above shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement, Fee Application, or any payment identified herein or awarded by the Court.

20. The procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Member's objection to the Settlement, in accordance with the due process rights of all Settlement Class Members.

### Final Approval Hearing

21. On August 21, 2024, at 10:00 a.m., this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and Fee Application, and to determine whether Final Judgment approving the settlement and dismissing with prejudice all claims asserted in the Litigation against CenterEdge should be entered. The Final Approval Hearing may be postponed, adjourned, or rescheduled by order of the Court, and the Settlement Website shall be updated with any new Final Approval Hearing Date. No further notice to the Class Members is required.

### Supplemental Filing Deadlines

22. Class Counsel shall file their Fee Application within sixty (60) days after the date of this Preliminary Approval Order.

23. The Motion for Final Approval shall be filed after the Opt-Out/Objection

Deadline, and no later than fourteen (14) days prior to the Final Approval Hearing.

24. If any deadline set forth in this Order falls on a Saturday, Sunday or federal holiday, then such deadline shall extend to the next Court business day.

25. Summary of Major Dates and Deadlines:

| Activity | Deadline |
|---|---|
| Settlement Website Goes Live | March 27, 2024 (7 days after the entry of this Order) |
| Settlement Notice Date | April 10, 2024 (21 days after the entry of this Order) |
| Class Counsel's Fee Application Deadline | May 20, 2024 (60 days after the entry of this Order) |
| Opt-Out Deadline | June 10, 2024 (60 days after the Settlement Notice Date) |
| Objection/Notice of Intent to Appear Deadline | June 10, 2024 (60 days after the Settlement Notice Date) |
| Deadline for Submission of Claims Form | June 24, 2024 (75 days after Settlement Notice Date) |
| Motion for Final Approval | August 7, 2024 (14 days prior to Final Approval Hearing) |
| Final Approval Hearing | August 21, 2024 at 10:00 a.m. |

26. Unless modified in this Order, the Court adopts and directs the parties to comply with all deadlines and obligations requiring action prior to the Final Approval Hearing set forth in the Settlement Agreement. Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement that are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

IT IS SO ORDERED.

DATED: March 20, 2024

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**