IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MADISYN STAUFFER, )<br>on behalf of herself and all others )<br>similarly situated, )<br>                                    )<br>            Plaintiff, )<br>                                    )<br>v. )<br>                                    )<br>INNOVATIVE HEIGHTS FAIRVIEW )<br>HEIGHTS, LLC, et al. )<br>                                    )<br>            Defendants. ) | Case No. 3:20-cv-00046-MAB |

### FINAL APPROVAL ORDER OF CLASS ACTION SETTLEMENT WITH INNOVATIVE HEIGHTS FAIRVIEW HEIGHTS, LLC

**BEATTY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Unopposed Motion for Final Approval of Settlement with Defendant Innovative Heights Fairview Heights, LLC ("Innovative Heights") (Doc. 214). The Court conducted a Rule 23 Final Approval Hearing on August 21, 2024. For the reasons stated herein and those stated on the record, the Court GRANTS the motion (Doc. 214).

The Settlement Agreement between Plaintiff Madisyn Stauffer, in both her individual and representative capacities (the "Class Representative") and Defendant Innovative Heights provides for the Settlement of the claims in this Action against Innovative Heights on behalf of the Class Representative and the Settlement Class Members, subject to approval by this Court of its terms and to the entry of this Final Approval Order and accompanying judgment.

Pursuant to an Order dated April 23, 2024, ("Preliminary Approval Order") (Doc. 207), the Court scheduled a hearing (the "Final Approval Hearing") to consider the approval of the Settlement Agreement and the Settlement reflected in it.

Innovative Heights denies any wrongdoing, fault, violation of law, or liability for damages of any sort, and asserts affirmative defenses to the claims alleged against it. Innovative Heights has agreed to the certification of the Settlement Class for settlement purposes only.

A Final Approval Hearing was held before this Court on August 21, 2024, to consider, among other things, whether the Settlement should be approved by this Court as fair, reasonable and adequate, whether Class Counsel's request for approval of attorneys' fees and expenses is reasonable and should be approved by this Court, and whether Class Representative's request for approval of a service payment is reasonable and should be approved by this Court.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2.  This Court has subject-matter jurisdiction to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties, including all Settlement Class Members.

3.  In this Court's Preliminary Approval Order (Doc. 207), the Court preliminarily approved the Settlement Agreement, and for settlement purposes, certified

the following Settlement Class after finding that it met the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), as follows:

    A.    The 244 persons specifically identified in the Innovative Heights Class List who have been identified by name and contact information during discovery as having scanned one or more fingers into a computer system at Innovative Heights at any time from April 29, 2014, through the Preliminary Approval Date, April 23, 2024.

           Excluded from the Settlement Class are the Court and staff to whom this case is assigned, any immediate family members of the Court or its staff, and any person who timely and properly opts out of the Settlement Agreement pursuant to the procedures set forth therein.[1]

4.    The Court now confirms final certification of the Settlement Class for purposes of entering this Final Approval Order, appointment of Plaintiff Madisyn Stauffer as Class Representative for the Settlement Class, and the appointment of Class Counsel as described in the Preliminary Approval Order.

5.    Notice to the Settlement Class has been provided pursuant to this Court's Preliminary Approval Order, and the Notice, which included Mailed Notice, Emailed Notice, Text Message Notice, and the creation of the Settlement Website, provided the best notice practicable under the circumstances, was a reasonable manner for notice, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including but not limited to the Due Process Clause of the United States Constitution.

---

[1] The Settlement Class is sometimes referred to herein as the Class.

6. The Court finds that the Settlement Agreement is the product of good faith arm's-length negotiations between experienced class action attorneys familiar with the legal and factual issues of this case, who have diligently investigated and prosecuted this matter, and was facilitated and overseen by an experienced mediator, Mr. Frank Neuner, and is supported by the Class Representative and Class Counsel. The Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

7. This Court, having considered the factors set forth in Federal Rule of Civil Procedure 23(e)(2) as well as the settlement approval factors set forth by the Seventh Circuit, approves the Settlement and all terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, adequate and in the best interest of the Settlement Class Members, in light of the complexity, expense, and duration of the litigation, the risks involved in maintaining the class action through trial and appeal, and the lack of any objections to the settlement by the Settlement Class. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims. The Court finds that the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and defenses available in the Action and the potential risks of alternatively pursuing litigation on the merits. The Parties dispute the validity of the claims in this Litigation, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, adequate and in the best interests of the Settlement Class Members. The relief negotiated by the Parties

includes substantial monetary relief for each Settlement Class Member. For these reasons, the Court finds that the uncertainties of continued litigation in both trial and appellate courts, as well as the tremendous expense associated with it, weigh in favor of approval of the Settlement Agreement.

8. No individuals requested exclusion from the Class. Further, no individuals objected to the Settlement.

9. Any member of the Settlement Class who did not timely file and serve an objection in writing to the Settlement Agreement or Fee Award in accordance with the procedures set forth in the Settlement Agreement is deemed to have waived any such objection by appeal, collateral attack, or otherwise.

10. The Settlement Agreement is hereby finally approved in all respects. The Parties to the Agreement and their counsel are directed to consummate and perform the Settlement Agreement by its terms.  The Settlement Administrator shall provide the Settlement Award to the Award Recipients according to the terms of the Settlement Agreement.

11. The claims against Defendant Innovative Heights are hereby dismissed, with prejudice, and without costs to any party.

12. Upon the Effective Date, the Class Representative and each Settlement Class Member, and their respective agents, heirs, executors, administrators, successors, assigns, guardians and representatives, fully and finally release, as of the Effective Date, the Released Parties from any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability whether liquidated or

unliquidated, whether known or unknown, that were or could have been asserted in the Action, or are based on or in any way related to Innovative Heights' conduct as alleged in the Action or arising in any way from Innovative Heights' collection, retention, storage, possession, disclosure, use, or destruction of fingerprints or data derived from fingerprints between April 29, 2014 and the Preliminary Approval Date, April 23, 2024. The scope of this release shall not extend to any claims against Pathfinder Software, LLC and/or Sky Zone Franchise Group, LLC.

13. The procedures set forth in Rule 23(h) regarding Class Counsel's Fee Application have been satisfied. The Court sets forth its findings of fact and conclusions of law regarding said motion in a separate order awarding attorneys' fees, costs, and a Service Award, which is incorporated herein by reference.

14. To the extent that any payment issued to a Settlement Class Member pursuant to the Settlement Agreement is returned and determined to be undeliverable under the terms described in the Settlement Agreement, such funds shall be paid to Land of Lincoln Legal Assistance Foundation, Inc. 8787 State Street, Suite 201, East St. Louis, Illinois pursuant to the terms described in the Settlement Agreement.

15. The Parties having so agreed, and good cause appearing, the Court finds pursuant to Rule 54(b) that there is no just reason for delay of enforcement or appeal of this Order, and the Clerk of Court is directed to enter judgment pursuant to Rule 54(b).

16. Without affecting the finality of the Court's Rule 54(b) judgment, this Court retains continuing jurisdiction for the purpose of enforcing the Settlement Agreement and this Order, and other matters related or ancillary to the foregoing.

**IT IS SO ORDERED.**

**DATED: August 22, 2024**

                                               <u>s/ Mark A. Beatty</u>
                                               **MARK A. BEATTY**
                                               **United States Magistrate Judge**