**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MADISYN STAUFFER,** | ) | |
| **on behalf of herself and all others** | ) | |
| **similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:20-cv-00046-MAB** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **INNOVATIVE HEIGHTS FAIRVIEW** | ) | |
| **HEIGHTS, LLC, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## FINAL APPROVAL ORDER OF CLASS ACTION SETTLEMENT WITH SKY ZONE FRANCHISE GROUP, LLC

**BEATTY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Unopposed Motion for Final Approval of Settlement with Defendant Sky Zone Franchise Group, LLC ("Sky Zone") (Doc. 215). The Court conducted a Rule 23 Final Approval Hearing on August 21, 2024. For the reasons stated herein and those stated on the record, the Court GRANTS the motion (Doc. 215).

The Settlement Agreement between Plaintiff Madisyn Stauffer, in both her individual and representative capacities (the "Class Representative") and Defendant Sky Zone provides for the Settlement of the claims in this Action against Sky Zone on behalf of the Class Representative and the Settlement Class Members, subject to approval by this Court of its terms and to the entry of this Final Approval Order and accompanying judgment.

Pursuant to an Order dated April 23, 2024, ("Preliminary Approval Order") (Doc. 208), the Court scheduled a hearing (the "Final Approval Hearing") to consider the approval of the Settlement Agreement and the Settlement reflected in it.

Sky Zone denies any wrongdoing, fault, violation of law, or liability for damages of any sort, and asserts affirmative defenses to the claims alleged against it. Sky Zone has agreed to the certification of the Settlement Class for settlement purposes only.

A Final Approval Hearing was held before this Court on August 21, 2024, to consider, among other things, whether the Settlement should be approved by this Court as fair, reasonable and adequate, whether Class Counsel's request for approval of attorneys' fees and expenses is reasonable and should be approved by this Court, and whether Class Representative's request for approval of a service payment is reasonable and should be approved by this Court.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2.      This Court has subject-matter jurisdiction to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties, including all Settlement Class Members.

3.      In this Court's Preliminary Approval Order (Doc. 208), the Court preliminarily approved the Settlement Agreement, and for settlement purposes, certified

the following Class after finding that it met the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), as follows:

    A.    The 511 persons specifically identified in the Sky Zone No-Claim Class List who have been identified by name and contact information during discovery of Sky Zone franchisees and whose franchisee-employers identified as having scanned one or more fingers into a computer system at a Sky Zone franchisee location in Illinois at any time from April 29, 2014, through the Preliminary Approval Date, April 23, 2024; and

    B.    All persons who are on the Claims-Made Class List and who, at any time from April 29, 2014, through the Preliminary Approval Date, April 23, 2024, scanned one or more fingers into a computer system at any of the following Sky Zone franchisee locations in Illinois:

- Sky Zone in Aurora, IL
- Sky Zone in Joliet, IL
- Sky Zone in Elmhurst, IL

    Excluded from the Settlement Class are the Court and staff to whom this case is assigned, any immediate family members of the Court or its staff, and any person who timely and properly opts out of the Settlement Agreement pursuant to the procedures set forth therein.

4.    The Court now confirms final certification of the following Settlement Class for purposes of entering this Final Approval Order, appointment of Plaintiff Madisyn Stauffer as Class Representative for the Settlement Class, and the appointment of Class Counsel as described in the Preliminary Approval Order:

    A.    The 511 persons specifically identified in the Sky Zone No-Claim Class List who have been identified by name and contact information during discovery of Sky Zone franchisees and whose franchisee-employers identified as having scanned one or more fingers into a computer system at a Sky Zone franchisee location in Illinois at any time from April 29,

2014, through the Preliminary Approval Date, April 23, 2024; and

B.    All persons who are on the Claims-Made Class List, as amended,[1] and who, at any time from April 29, 2014, through the Preliminary Approval Date, April 23, 2024, scanned one or more fingers into a computer system at any of the following Sky Zone franchisee locations in Illinois:

- Sky Zone in Aurora, IL
- Sky Zone in Joliet, IL
- Sky Zone in Elmhurst, IL

Excluded from the Settlement Class are the Court and staff to whom this case is assigned, any immediate family members of the Court or its staff, and any person who timely and properly opts out of the Settlement Agreement pursuant to the procedures set forth therein.[2]

5.    Notice to the Settlement Class has been provided pursuant to this Court's Preliminary Approval Order, and the Notice, which included Mailed Notice, Emailed Notice, Text Message Notice, Follow-Up Notice, and the creation of the Settlement Website, provided the best notice practicable under the circumstances, was a reasonable manner for notice, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including but not limited to the Due Process Clause of the United States Constitution.

6.    The Court finds that the Settlement Agreement is the product of good faith arm's-length negotiations between experienced class action attorneys familiar with the legal and factual issues of this case, who have diligently investigated and prosecuted this

---

[1] The Claims-Made List was amended to include 9 additional persons (*see* Doc. 222) (order granting amendment). *See also* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").

[2] The Settlement Class is sometimes referred to herein as the Class.

matter, and was facilitated and overseen by an experienced mediator, Hon. James Epstein (Ret.), a former trial court judge and former justice of the Illinois Appellate Court, and is supported by the Class Representative and Class Counsel. The Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

7. This Court, having considered the factors set forth in Federal Rule of Civil Procedure 23(e)(2) as well as the settlement approval factors set forth by the Seventh Circuit, approves the Settlement and all terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, adequate and in the best interest of the Settlement Class Members, in light of the complexity, expense, and duration of the litigation, the risks involved in maintaining the class action through trial and appeal, and the lack of any objections to the settlement by the Settlement Class. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims. The Court finds that the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and defenses available in the Action and the potential risks of alternatively pursuing litigation on the merits. The Parties dispute the validity of the claims in this Litigation, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, adequate and in the best interests of the Settlement Class Members. The relief negotiated by the Parties includes substantial monetary relief for each Settlement Class Member. For these reasons, the Court finds that the uncertainties of continued litigation in both trial and appellate

courts, as well as the tremendous expense associated with it, weigh in favor of approval of the Settlement Agreement.

8.      No individuals requested exclusion from the Class. Further, no individuals objected to the Settlement.

9.      Any member of the Settlement Class who did not timely file and serve an objection in writing to the Settlement Agreement or Fee Award in accordance with the procedures set forth in the Settlement Agreement is deemed to have waived any such objection by appeal, collateral attack, or otherwise.

10.     The Settlement Agreement is hereby finally approved in all respects. The Parties to the Agreement and their counsel are directed to consummate and perform the Settlement Agreement by its terms. The Settlement Administrator shall provide the Settlement Award to the Award Recipients according to the terms of the Settlement Agreement.

11.     The claims against Defendant Sky Zone are hereby dismissed, with prejudice, and without costs to any party.

12.     Upon the Effective Date, the Class Representative and each Settlement Class Member, and their respective agents, heirs, executors, administrators, successors, assigns, guardians and representatives, fully and finally release, as of the Effective Date, the Released Parties from any and all claims for relief, liabilities, rights, demands, suits, petitions, demands in law or equity, matters, obligations, damages (including consequential damages), losses or costs, liquidated damages, statutory damages, attorneys' fees and costs, actions or causes of action, of every kind and description, or any

allegations of liability whether liquidated or unliquidated, whether known or unknown, fixed or contingent, accrued or not accrued, matured or not yet matured, asserted or unasserted, whether based on direct, successor, agency, or respondeat superior liability, whether suspected or unsuspected, including without limitation those related to unknown or unsuspected injuries as well as unknown or unsuspected consequences of known or suspected injuries that the Releasing Parties now own or hold, or have owned or held at any time prior to the Effective Date of this Agreement, that were or could have been asserted in the Action or the State Action, or are based on or in any way related to Sky Zone's or its franchisees' or its contracting parties' alleged conduct in the Action or the State Action, and arising in any way from Sky Zone's or its franchisees' or its contracting parties' alleged collection, storage, possession, disclosure, or use of fingerprints or related Biometric Information (as defined in BIPA) between April 29, 2014 and the Preliminary Approval Date, April 23, 2024. The scope of this release shall not extend to any claims against Innovative Heights Fairview Heights, LLC, and/or Pathfinder Software, LLC, except insofar as this does release Sky Zone as to any successor or derivative claim, or any other form of liability, based on claims against Innovative Heights Fairview Heights, LLC, any other Sky Zone franchisee, and/or Pathfinder Software, LLC.

13.    The procedures set forth in Rule 23(h) regarding Class Counsel's Fee Application have been satisfied. The Court sets forth its findings of fact and conclusions of law regarding said motion in a separate order awarding attorneys' fees, costs, and a Service Award, which is incorporated herein by reference.

14.     To the extent that any payment issued to a Settlement Class Member pursuant to the Settlement Agreement is returned and determined to be undeliverable under the terms described in the Settlement Agreement, such funds shall be paid to Land of Lincoln Legal Assistance Foundation, Inc. 8787 State Street, Suite 201, East St. Louis, Illinois pursuant to the terms described in the Settlement Agreement.

15.     The Parties having so agreed, and good cause appearing, the Court finds pursuant to Rule 54(b) that there is no just reason for delay of enforcement or appeal of this Order, and the Clerk of Court is directed to enter judgment pursuant to Rule 54(b).

16.     Without affecting the finality of the Court's Rule 54(b) judgment, this Court retains continuing jurisdiction for the purpose of enforcing the Settlement Agreement and this Order, and other matters related or ancillary to the foregoing.

**IT IS SO ORDERED.**

**DATED: August 22, 2024**

<u>s/ Mark A. Beatty</u>
**MARK A. BEATTY**
**United States Magistrate Judge**